Eric D. Miller, Bar No. 218416
EMiller@perkinscoie.com
Michael A. Sussmann, D.C. Bar No. 433100
*(pro hac vice)*
MSussmann@perkinscoie.com
James G. Snell, Bar No. 170370
JSnell@perkinscoie.com
Hayley L. Berlin, D.C. Bar No. 1011549
*(pro hac vice)*
HBerlin@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Plaintiff,
Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TWITTER, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC H. HOLDER, JR., Attorney General of the United States,<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE,<br><br>JAMES COMEY, Director of the Federal Bureau of Investigation, and<br><br>THE FEDERAL BUREAU OF INVESTIGATION<br><br>　　　　　　Defendants. | Case No.  14-CV-4480-YGR<br><br>**FEDERAL RULE OF CIVIL PROCEDURE 26(f) JOINT REPORT AND JOINT CASE MANAGEMENT STATEMENT**<br><br>Initial Case Management Conference<br>January 26, 2015 at 2:00 p.m.<br><br>Hon. Yvonne Gonzalez Rogers |

Pursuant to Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, Plaintiff Twitter, Inc. and Defendants Eric H. Holder, Jr., the United States Department of Justice, James

-1-

1  Comey, and the Federal Bureau of Investigation hereby submit this Joint Report and Proposed
2  Order.

## I. JURISDICTION AND SERVICE

Plaintiff asserts that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, and that this Court is authorized to provide declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and make determinations regarding the Administrative Procedure Act, 5 U.S.C. § 551, et seq.  Defendants have filed a Partial Motion to Dismiss which, *inter alia*, asserts that the Court lacks subject matter jurisdiction over plaintiff's claims concerning a January 27, 2014 letter from Deputy Attorney General James M. Cole to five Internet companies (not including Twitter) in connection with claims brought by those companies in the Foreign Intelligence Surveillance Court ("FISC"), including plaintiff's Administrative Procedure Act claim.  Defendants have also asserted that under principles of comity the Court should decline to exercise jurisdiction over plaintiff's Declaratory Judgment Act claims concerning FISA and orders of the FISC or FISA directives.

The defendants have been served with the Summons and Complaint.

## II. FACTS

**Plaintiff Twitter's Statement of Facts:**  The U.S. government engages in extensive but incomplete speech about the scope of its national security surveillance activities as they pertain to U.S. communications providers, while at the same time prohibiting service providers such as Twitter from providing their own informed perspective as potential recipients of various national security-related requests, including whether they have *not* received any or certain national security-related requests.

Twitter seeks to lawfully publish information contained in a draft Transparency Report submitted to the Defendants on or about April 1, 2014.  Five months after its submission, on September 9, 2014, Defendants informed Twitter that "information contained in the [transparency] report is classified and cannot be publicly released" because it does not comply with Defendants' framework for reporting data about government requests under the Foreign Intelligence Surveillance Act ("FISA") and the National Security Letter statutes. (This framework was set

1  forth in a January 27, 2014 letter from Deputy Attorney General James M. Cole to five Internet
2  companies (not including Twitter) in settlement of prior claims brought by those companies (the
3  "DAG Letter").) While Defendants' September 9, 2014 letter informed Plaintiff that its draft
4  Transparency Report contained classified information that could not be publicly released,
5  Defendants refused Plaintiff's request to tell it *which* information could not be publicly released.
6  Plaintiff filed its Complaint on October 7, 2014.[1]

7  The Defendants' position forces Twitter either to engage in speech that has been
8  preapproved by government officials or else refrain from speaking altogether. Defendants
9  provided no authority for their ability to establish the preapproved disclosure formats or to
10 impose those speech restrictions on other service providers that were not party to the lawsuit or
11 settlement. Twitter's ability to respond to government statements about national security
12 surveillance activities and to discuss the actual surveillance of Twitter users is being
13 unconstitutionally restricted by statutes that prohibit and even criminalize a service provider's
14 disclosure of the number of national security letters ("NSLs") and court orders issued pursuant to
15 FISA that it has received, if any. In fact, the U.S. government has taken the position that service
16 providers like Twitter are even prohibited from saying that they have received zero national
17 security requests, or zero of a particular type of national security request.

18 These restrictions constitute an unconstitutional prior restraint and content-based
19 restriction on, and government viewpoint discrimination against, Twitter's right to speak about
20 information of national and global public concern. Twitter is entitled under the First Amendment
21 to respond to its users' concerns and to the statements of U.S. government officials by providing
22 more complete information about the limited scope of U.S. government surveillance of Twitter
23 user accounts—including what types of legal process have not been received by Twitter—and the
24 DAG Letter is not a lawful means by which Defendants can seek to enforce their unconstitutional
25 speech restrictions.

---

[1] Subsequent to Plaintiff filing its Complaint, on November 17, 2014, Defendants informed plaintiff which portions of the draft Transparency Report cannot lawfully be published and provided Plaintiff and the Court with a redacted, unclassified copy of the draft Report.

-3-

**Defendants' Statement of Facts:** Pursuing and disrupting terrorist plots and foreign intelligence operations often require the Federal Bureau of Investigation ("FBI") to seek information relating to the use of electronic communications, including from electronic communication service providers. Congress has authorized the FBI to collect such information with a variety of legal tools, including through various authorities under FISA and pursuant to FISC supervision, as well as NSLs. Because the targets of national security investigations and others who seek to harm the United States likely will take countermeasures to avoid detection, secrecy is often essential to effective counterterrorism and counterintelligence investigations. The Government therefore protects the confidentiality of information concerning national security legal process, including pursuant to statutory requirements and judicial orders issued by the FISC. Specifically, a FISA order or directive may impose nondisclosure obligations on particular electronic communication service providers. Likewise, the existence of a request for information by NSL is typically subject to a nondisclosure requirement pursuant to the NSL statute.

On January 27, 2014, the Director of National Intelligence ("DNI") declassified certain aggregate data concerning national security legal process so that recipients of such process could reveal aggregate data, not with specific numbers but in ranges, about the orders and other process they had received. The DNI declassified that information to increase transparency by allowing companies like plaintiff to report publicly information about national security legal process in a manner that mitigates harm to national security. The DAG Letter described to the general counsels of five other companies the types of information that an electronic communication service provider can disclose pursuant to the DNI's declassification. That letter does not purport to classify any previously unclassified information, but rather provides guidance for reporting aggregate data regarding national security legal process received by a particular company consistent with the DNI's declassification decision.

Plaintiff sought review of a draft "Transparency Report" containing specific details regarding any national security legal process received by plaintiff during, *inter alia*, the second half of 2013. That draft Transparency Report revealed specific detail that went well beyond the DNI's declassification, as described in the DAG Letter. Following further discussions between

defendants and plaintiff, the FBI's General Counsel informed counsel for plaintiff, by letter dated September 9, 2014, that the draft Transparency Report contains information that is properly classified and, therefore, cannot lawfully be publicly disclosed. On November 17, 2014, defendants informed plaintiff which portions of the draft Transparency Report cannot lawfully be published and provided plaintiff and the Court with a redacted, unclassified copy of the draft Report.

**III.     LEGAL ISSUES:**

Based on the claims asserted in Twitter's Complaint, and the issues raised in the currently pending motion to dismiss,

**Plaintiff claims that the principal disputed legal issues in this action are:**

- Whether the DAG Letter and the requirements it imposes violates the Administrative Procedure Act ("APA");
- Whether the nondisclosure and judicial review provisions of 18 U.S.C. § 2709(c) are facially unconstitutional under the First Amendment, including for at least the following reasons: the nondisclosure orders authorized by § 2709(c) are not narrowly tailored to serve a compelling governmental interest because they apply to the fact of receiving an NSL and are unlimited in duration; and because the judicial review procedures place the burden of seeking to modify or set aside a nondisclosure order on the recipient of an NSL, do not guarantee that nondisclosure orders imposed prior to judicial review are limited to a specified brief period, do not guarantee expeditious review of a request to modify or set aside a nondisclosure order, and require the reviewing court to apply a level of deference that conflicts with strict scrutiny;
- Whether the nondisclosure provisions of 18 U.S.C. § 2709(c) are unconstitutional as applied to Twitter, including because Defendants' interpretation of the nondisclosure provision of 18 U.S.C. § 2709(c), and their application of the same to Twitter via the DAG Letter, is an unconstitutional prior restraint, content-based

restriction, and viewpoint discrimination in violation of Twitter's right to speak about truthful matters of public concern.;

- Whether the FISA statute, the Espionage Act, and other nondisclosure authorities prohibit service providers like Twitter from disclosing aggregate information about the number of FISA orders they receive; and

- Whether the FISA secrecy provisions are unconstitutional as applied to Twitter, including because Defendants' interpretation of the FISA secrecy provisions and their application with respect to Twitter is an unconstitutional prior restraint content-based restriction, and viewpoint discrimination in violation of Twitter's right to speak about truthful matters of public concern.

**Defendants assert that plaintiff's claims challenging FISA and any FISC orders and directives issued pursuant to FISA, and the NSL statutes, facially and as applied, may raise any or all of the following legal issues:**

- Whether plaintiff has established that it has Article III standing to bring an APA claim as to the DAG Letter, since the DAG Letter does not restrict plaintiff's speech in any way, but is permissive, advisory guidance based on restrictions that stem from statutory law such as FISA, applicable orders and directives issued through the FISC, and from nondisclosure agreements executed by Twitter;

- Whether plaintiff's FISA-based claims should be heard by the FISC as a matter of comity and orderly judicial administration;

- Whether the information plaintiff seeks to publish is properly classified national security information pursuant to Executive Order 13,526;

- Whether plaintiff may lawfully publish properly classified information;

- Whether plaintiff may lawfully publish information, if any, subject to nondisclosure orders or directives issued pursuant to FISA;

- Whether FISC orders or FISA directives, if any, are properly interpreted to prohibit the disclosure of aggregate data concerning FISC orders or FISA directives received, if any;

-6-

- Whether 18 U.S.C. § 2709(c) is properly interpreted to prohibit disclosure of aggregate data concerning NSLs received, if any; and,
- Whether nondisclosure agreements, if any, executed by Twitter lawfully prohibit plaintiff from disclosing classified information.

No counter-claims have been filed in this lawsuit.

## IV. MOTIONS

The parties stipulated to a briefing schedule for Defendants' Motion to Dismiss the Complaint, and the Court entered an Order adopting the schedule as follows:

- January 9, 2015: Defendants' Motion to Dismiss the Complaint
- February 6, 2015: Plaintiff's Opposition to the Motion to Dismiss
- February 20, 2015: Defendants' Reply in Support of their Motion to Dismiss
- March 10, 2015: Hearing on Defendants' Motion to Dismiss

**Plaintiff's Anticipated Motion:** Following discovery, Plaintiff anticipates filing a motion for summary judgment (partial or otherwise) on at least the following three issues:

- Imposition of the requirements set forth in the DAG Letter on Twitter violate the Administrative Procedure Act;
- Prohibitions on Twitter reporting receipt of *zero* aggregate NSLs or FISA orders, or reporting receipt of *zero* of a particular kind of national security process, is unconstitutional under the First Amendment; and
- Whether the nondisclosure provisions of 18 U.S.C. § 2709(c), FISA secrecy provisions and other government-imposed nondisclosure obligations are unconstitutional as applied to Twitter, where the Government refused to identify to Twitter which parts of the Transparency Report it contends could be lawfully published until after the filing of this Complaint.

**Defendants' Anticipated Motion:** Defendants anticipate seeking this Court's leave to file a Motion for Summary Judgment as to any claims that remain after the Court rules on defendants' Motion to Dismiss and before any discovery. Such a motion for summary judgment would explain that, to the extent plaintiff's claims that it should be permitted to publish classified

-7-
Federal Rule of Civil Procedure 26(f) Joint Report and
Joint Case Management Statement

information in its Report remain, the proper course for proceeding would be for the Court to first determine, based on submissions by the Government, whether the information at issue is properly classified by the Executive Branch, because there is no First Amendment right to publish classified information. *See, e.g., Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003); *Snepp v. United States*, 444 U.S. 507, 510 n.3 (1980) (per curiam). In connection with this process, the Court should consider, solely on an *ex parte* basis, any classified affidavits the Government may submit in support of its classification determinations and position. *See Stillman*, 319 F.3d at 548–49. (in cases challenging agency determinations that information cannot be published because it is classified, "*in camera* review of affidavits, followed if necessary by further judicial inquiry, will be the norm" with the "appropriate degree of deference" given to the Executive Branch concerning its classification decisions) (quoting *McGehee v. Casey*, 718 F.2d 1137, 1149 (D.C. Cir. 1983); *Cf.* 18 U.S.C. § 3511(e) (the statute providing for review of National Security Letter nondisclosure requirements and permitting the Government to submit information *ex parte* for *in camera* review). If the Court finds that the information at issue here is properly classified based on review of the Government's submission, such review would be dispositive of any claim seeking to publish such information, and no discovery would be necessary or appropriate for resolution of this case.

## V.     AMENDMENT OF PLEADINGS:

The parties do not presently anticipate that any additional parties will be joined or that further amendments to the pleadings will be necessary, but they reserve the right to make any such amendments. Defendants note that a new Attorney General would be substituted as defendant for Eric H. Holder, Jr. upon confirmation and swearing in pursuant to Federal Rule of Civil Procedure 25(d).

## VI.     EVIDENCE PRESERVATION

Each party represents that it has instituted reasonable document retention procedures so as to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

**VII.   DISCLOSURES**

The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on January 5, 2015.

Plaintiff believes that initial disclosures are appropriate and it will make such disclosures as and when the Court deems appropriate.

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the defendants object that initial disclosures are not appropriate in this action or at this time both because the scope of the claims to be addressed will be shaped by the Court's resolution of the currently-pending partial motion to dismiss, and because any remaining claims should be resolved following the procedure described in Section IV above.

**VIII.   DISCOVERY**

   **A.   Discovery to Date**

No discovery has yet been taken by the parties. The parties have agreed to stay discovery until the Court has ruled on defendants' motion to dismiss.

Plaintiff believes that discovery is necessary to resolve this case and important, including because of the novelty of the DAG Letter and the inconsistent approach that Defendants have taken in enforcing it.

For the reasons set forth in Section IV above, defendants believe that discovery is neither necessary nor appropriate in this case. Neither party concedes its respective position by agreeing to this stay of discovery.

   **B.   Preservation of Evidence**

Each party represents that it has instituted reasonable document retention procedures so as to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

   **C.   Protective order**

If and when necessary and appropriate, the parties will address the scope of a protective order to govern this action.

**D. Privilege and Privilege Logs**

If and when necessary, the parties will address issues relating to privilege and privilege logs.

## IX. CLASS ACTIONS

This is not a class action.

## X. RELATED CASES

There are no related cases pending before this Court or any other United States District Court or regional Circuit Court of Appeals. Defendants assert that any proceedings before the Foreign Intelligence Surveillance Court that have resulted in or involved any orders or directives to Twitter to produce information to the Government, or to refrain from publicly disclosing information, are related to this action, if there are such proceedings.

## XI. RELIEF:

Twitter seeks a declaratory judgment that:

    i. The draft Transparency Report that Twitter submitted to the FBI may be lawfully published in its entirety or, alternatively, certain identified portions may be lawfully published;

    ii. Imposition of the requirements set forth in the DAG Letter on Twitter violate the Administrative Procedure Act;

    iii. The nondisclosure provisions of 18 U.S.C. § 2709 and the review mechanisms of 18 U.S.C. § 3511 are facially unconstitutional under the First Amendment;

    iv. The nondisclosure provisions of 18 U.S.C. § 2709 are unconstitutional under the First Amendment as applied to Twitter;

    v. The review mechanisms established under 18 U.S.C. § 3511 are facially unconstitutional because they violate separation of powers principles;

    vi. The FISA secrecy provisions are facially unconstitutional under the First Amendment;

    vii. The FISA secrecy provisions are unconstitutional under the First Amendment as applied to Twitter;

      viii.    The DAG Letter's prohibition on reporting receipt of zero of a particular kind of national security process is unconstitutional under the First Amendment;

      ix.    The DAG Letter's prohibition on reporting receipt of zero aggregate NSLs or FISA orders is unconstitutional under the First Amendment; and

      x.    The DAG Letter's restrictions on reporting ranges of national security process received are unconstitutional under the First Amendment.

Defendants deny that plaintiff is entitled to the foregoing relief or to any relief in this action.

## XII. SETTLEMENT AND ADR:

The parties discussed Alternative Dispute Resolution during the Rule 26(f) conference. The defendants do not believe that ADR would be appropriate at this time, given the nature of the claims raised and the relief sought by plaintiff. The parties have filed their ADR Certifications.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to a Magistrate Judge for all purposes. Defendants filed a Declination to Proceed Before a Magistrate Judge on October 17, 2014 [Dkt. 16].

## XIV. OTHER REFERENCES

The parties do not presently believe that the case is suitable for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties are not presently aware of any particular issues to be narrowed.

## XVI. EXPEDITED TRIAL PROCEDURE

**Twitter:**

Pursuant to Federal Rule of Civil Procedure 57, "The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar." Twitter contends that this case is appropriate for advancement.

**Defendants:**

Defendants maintain that the case should be resolved through its dispositive motion, and, subsequently, through the procedures described above at Section IV, and that a trial is not appropriate in a case concerning whether certain information is properly classified.

## XVII. SCHEDULING

The parties agree that it is premature to schedule additional deadlines before the Court has resolved the defendants' currently-pending partial motion to dismiss.

## XVIII. TRIAL:

Twitter estimates that a trial, if necessary, will take 3 days.  Defendants contend that the case should be resolved on their partial motion to dismiss, and then through the procedures described above at Section IV, and that a trial is not appropriate in a case concerning whether certain information is properly classified.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:

Twitter has filed its "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-16 [Dkt. 2].  Twitter is a publicly-traded corporation and no publicly-traded entity owns 10% or more of its stock.  Twitter reported no parties of interest.

Defendants are exempt from the requirement to file such a statement under Civil Local Rule 3-16(a).

Agreed to and submitted by:

DATED:  January 20, 2015

**PERKINS COIE LLP**

By: /s/ Michael A. Sussmann
Eric D. Miller, Bar No. 218416
EMiller@perkinscoie.com
Michael A. Sussmann, D.C. Bar No. 433100 (*pro hac vice*)
MSussmann@perkinscoie.com
James G. Snell, Bar No. 173070
JSnell@perkinscoie.com
Hayley L. Berlin, D.C. Bar No. 1011549 (*pro hac vice*)
HBerlin@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:  650.838.4300
Facsimile:  650.838.4350

Attorneys for Plaintiff,
Twitter, Inc.

-13-

DATED: January 20, 2015
By:

JOYCE R. BRANDA
Acting Assistant Attorney General

MELINDA HAAG
United States Attorney

ANTHONY J. COPPOLINO
Deputy Branch Director

 */s/ Julia Alexandra Berman*
Steven Yale Bressler, D.C. Bar No. 482492
Julia Alexandra Berman, C.A. Bar No. 241415
Julia.berman@usdoj.gov
UNITED STATES DEPARTMENT OF JUSTICE, CIVIL DIVISION
FEDERAL PROGRAMS BRANCH
20 Massachusetts Ave., NW
Washington, DC 20530

Telephone: 202.616.8480
Facsimile: 202.616.8470

Attorneys for Defendants

| | |
|---|---|
| 1 | **[PROPOSED] CASE MANAGEMENT ORDER** |
| 2 | The above JOINT REPORT ON THE CONFERENCE OF THE PARTIES PURSUANT |
| 3 | TO FED. R. CIV. P. 26(F) AND CIV. L.R. 16-9 is approved as the Case Management Order for |
| 4 | this case.  All parties shall comply with its provisions. |
| 5 | |
| 6 | IT IS SO ORDERED. |
| 7 | Dated:  _____ |
|   | HON. YVONNE GONZALEZ ROGERS |
| 8 | United States District Judge |

-15-