1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          NORTHERN DISTRICT OF CALIFORNIA

8

9    **TWITTER, INC.**,                          Case No.  14-cv-04480-YGR

                    Plaintiff,
10                                               **ORDER GRANTING REQUEST TO CONTINUE
                                                 HEARING RE: EFFECT OF USA FREEDOM
11        v.                                     ACT; DIRECTING THE FILING OF
                                                 SUPPLEMENTAL BRIEFING**
12   **ERIC H. HOLDER, *ET AL.*,**
                                                 (Dkt. No. 80)
                    Defendants.
13

14        On June 3, 2015, Defendants Loretta Lynch, *et al.*, ("the Government") filed a "Notice

15   Regarding Enactment of USA FREEDOM Act of 2015."  (Dkt. No. 67.)  On June 9, 2015,

16   Plaintiff Twitter, Inc. ("Twitter") filed its own Notice regarding the new legislation.  (Dkt. No.

17   68.)  The Court thereafter ordered the parties to file supplemental briefing on the effect of the

18   legislation on both the Government's pending partial motion to dismiss and on the complaint

19   generally, and the parties did so.  (*See* Dkt. Nos. 69, 74, 75, 76, 77.)

20        Also, on August 28, 2015, the Government filed a Notice of Recent Authority (Dkt. No.

21   78), attaching a decision of the Ninth Circuit which vacated judgments in several cases pending

22   before it (*In re: National Security Letter* cases, Ninth Circuit Court of Appeal Nos. 13-15957, 13-

23   16731, 13-16732), and remanded to the district court for further consideration "in light of the

24   significant changes to"  18 U.S.C. sections 2709 and 3511 effected by the Uniting and

25   Strengthening America by Fulfilling Rights and Ensuring Effective Discipline Over Monitoring

26   Act of 2015, Pub. L. No. 114-23, 129 Stat. 268 (2015) ("the USA FREEDOM Act" or "the

27   USAFA").

28        The Court set this matter for a hearing for September 22, 2015, regarding the effect of the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    USAFA on the pending motion to dismiss, as well as on the continued viability of Twitter's

2    complaint generally.  The parties submitted a stipulated request to move that hearing to **October**

3    **13, 2015,** which the Court **GRANTS**.  (Dkt. No. 80.)

4            However, in the interim, the Court further **ORDERS** that the parties provide a written

5    response (not to exceed 15 pages) to the questions below by **September 28, 2015**.  Of primary

6    concern to the Court is whether the USAFA has changed the FISA and NSL-related provisions

7    that were challenged by Twitter in its complaint (*i.e.*, 18 U.S.C. §§ 2709 and 3511) such that the

8    entire action is now moot.  "[T]he Supreme Court and [the Ninth Circuit] have repeatedly held that

9    a case is moot when the challenged statute is repealed, expires, or is amended to remove the

10   challenged language." *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166 (9th Cir.

11   2011) ("Don't Ask, Don't Tell" statute repealed during pendency of appeal of Constitutional

12   challenge); *see also Princeton Univ. v. Schmidt*, 455 U.S. 100, 101, 103 (1982) (per curiam) (First

13   Amendment challenge to prior set of university regulations governing on-campus speech by

14   members of the public was mooted when the university substantially amended those regulations to

15   create a more permissive scheme).  Similarly, when subsequent legislation or rulemaking

16   supersedes challenged regulations or rules, the challenge is moot.  *NRDC v. U.S. Nuclear*

17   *Regulatory Comm'n*, 680 F.2d 810, 813-14 & n.8 (D.C. Cir. 1982) (challenge to interim rule for

18   failure to abide by notice and comment requirements mooted by issuance of final rule with notice

19   and comment); *Bullfrog Films, Inc. v. Wick*, 959 F.2d 778, 780 (9th Cir. 1992) (appeal moot where

20   interim regulations found unconstitutional by the district court have been supplanted by the new

21   legislation).  It appears to the Court that at least some of the issues raised in Twitter's complaint

22   no longer present justiciable questions.  The parties shall, therefore, address the following

23   questions in their supplemental briefing:

24           1.  If the Court finds that the DAG letter is superceded by Section 603 of the USAFA,

25   (newly codified at 50 U.S.C. section 1874), does this moot Twitter's as-applied challenge to

26   section 2709(c)?  The Court notes that Twitter has characterized its as-applied challenge to section

27   2709(c) as being based on the Government's interpretation of the section and "application of the

28   same to Twitter via the DAG Letter." (Dkt. No. 66, Exh. A.)

2.  Is a facial challenge to section 2709(c) completely mooted by amendments that: (*i*) deleted and replaced 2709(c); (*ii*) revised section 2709(b); and (*iii*) added 2709(d), such that the provisions now require the government to provide notice of a right to judicial review in order for any nondisclosure provision to apply?  Relatedly, would the as-applied challenge mooted to the same degree as the facial challenge, or does the mootness analysis differ for the two?

3.  If the Court finds that the claims in Twitter's complaint are mooted by the USAFA, should a dismissal be with leave to amend, or would any further challenge to the new and amended provisions have to be made in a new lawsuit?

4.  What effect, if any, does the Ninth Circuit's order vacating and remanding for further consideration the *In re: National Security Letter* cases have on the pending motion and the complaint generally?

This Order terminates Docket No. 80.

**IT IS SO ORDERED.**

Dated:  September 11, 2015

_____
**YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE**