Eric D. Miller, Bar No. 218416
EMiller@perkinscoie.com
Michael A. Sussmann, D.C. Bar No. 433100
(*pro hac vice*)
MSussmann@perkinscoie.com
James G. Snell, Bar No. 173070
JSnell@perkinscoie.com
Hayley L. Berlin, D.C. Bar No. 1011549
(*pro hac vice*)
HBerlin@perkinscoie.com
Amanda L. Andrade, D.C. Bar No. 1010948
(*pro hac vice*)
AAndrade@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Tel: 650-838-4300
Fax: 650-838-4350

Attorneys for Plaintiff
Twitter, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TWITTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. 14-cv-04480-YGR <br><br> **TWITTER'S RESPONSE TO COURT'S FOUR QUESTIONS ON EFFECT OF RECENT LEGISLATION** <br><br> Hearing scheduled for Oct. 13, 2015 |

## A.  INTRODUCTION

Following the passage of the USA FREEDOM Act, Pub. L. No. 114-23, 129 Stat. 268 ("USAFA"), the parties in this case filed notices of the statute with this Court. (Dkt. Nos. 67, 68). The Court directed supplemental briefing on "the effect of [the USAFA], both as to the pending partial motion to dismiss and as to the ultimate claims for relief in Plaintiff's

1  Complaint" (Dkt. No. 69 at 2), and the parties filed simultaneous opening supplemental briefs on
2  July 17, 2015 (Dkt. Nos. 74, 75) and simultaneous reply supplemental briefs on August 7, 2015
3  (Dkt. Nos. 76, 77).
4        On August 28, 2015, in an unrelated legal action, the United States Court of Appeals for
5  the Ninth Circuit unsealed its decision vacating and remanding to the district court a challenge to
6  the judicial review procedures for contesting nondisclosure orders in national security letters
7  ("NSLs").  Order, *In re Nat'l Sec. Letter*, Nos. 13-15957, 13-16731, 13-16732 (9th Cir. Aug. 24,
8  2015) ("Order, *In re NSL*").  The Ninth Circuit's order directs that, "[i]n light of the significant
9  changes to the statutes" following passage of the USAFA, the district court should consider the
10 plaintiffs' challenges in the first instance.  *Id.* at 2.  The Government filed a notice with the Court
11 regarding the decision also on August 28, 2015 (Dkt. No. 78), and on September 11, 2015, the
12 Court directed the parties to submit further briefing on four questions, which we address in turn.

### B.  ARGUMENT

      For the reasons set forth in Twitter's Opening Supplemental Brief on Effect of Recent Legislation (Dkt. No. 75) and Twitter's Reply Supplemental Brief on Effect of Recent Legislation (Dkt. No. 76), the DAG Letter was not superseded by the USAFA and none of its claims are rendered moot by passage of the USAFA.  Twitter appreciates the opportunity for further briefing in this matter, and responds to the Court's current questions below, without concession as to the points made in its prior pleadings.

> **Question 1:  If the Court finds that the DAG letter is superseded by Section 603 of the USAFA, (newly codified at 50 U.S.C. section 1874), does this moot Twitter's as-applied challenge to section 2709(c)?**

      If the Court finds that the DAG letter is superseded by section 603 of the USAFA, that finding would not moot Twitter's as-applied challenge to 18 U.S.C. § 2709(c).  Twitter's challenge is based on Defendants' prior restraint on and prohibition of Twitter's speech under § 2709(c).  Specifically, Twitter's complaint alleges that the nondisclosure provisions of § 2709(c) are unconstitutional as applied to Twitter because "Defendants' interpretation of the nondisclosure provision of 18 U.S.C. § 2709(c), *and* their application of the same to Twitter via

the DAG Letter, is an unconstitutional prior restraint, content-based restriction, and viewpoint discrimination." (Dkt. No. 1 ¶ 47 (emphasis added)).

Twitter's as-applied challenge is not dependent on the DAG Letter. Before the USAFA was enacted, Defendants relied on the DAG Letter as one of the bases for prohibiting Twitter's speech, but they also relied on § 2709(c) directly. S*ee* Dkt. No. 1, Ex. 5 (Letter from James A. Baker, Gen. Counsel, FBI, U.S. Dep't of Justice, to Michael Sussmann (Sept. 9, 2014)).

Following the passage of the USAFA, Defendants' have an expanded list of bases for prohibiting Twitter's speech—including the USAFA—but they continue to rely on the nondisclosure provisions of § 2709(c) as a basis for prohibiting Twitter from speaking. Indeed, as Defendants continue to rely on the positions they have taken throughout this litigation, they continue to maintain that Twitter may not publish the draft Transparency Report that it has sought to publish since April 2014.

While Defendants now may be using the USAFA *in place of the DAG Letter* to support their determination that Twitter cannot disclose information about its receipt of NSLs it may have or will in the future receive, there remains an actual controversy about § 2709(c) as applied to the facts of this case. Twitter still wants to say more than it is being allowed to say, and Defendants' application of § 2709(c) is at least part of the reason it cannot say what it wants to say. Significantly, Defendants have not suggested that § 2709(c) no longer prohibits the speech in which Twitter wishes to engage. Section 2709(c) will therefore continue to have an effect on Twitter even if the Court determines that the USAFA has superseded the DAG Letter. Twitter's as-applied challenge to the statute continues to present a live controversy.

> **Question 2**: Is a facial challenge to section 2709(c) completely mooted by amendments that: (i) deleted and replaced 2709(c); (ii) revised section 2709(b); and (iii) added 2709(d), such that the provisions now require the government to provide notice of a right to judicial review in order for any nondisclosure provision to apply? Relatedly, would the as-applied challenge [be] mooted to the same degree as the facial challenge, or does the mootness analysis differ for the two?

The amendments to § 2709 did not moot Twitter's challenges to that provision. The Supreme Court has held that "[a] case becomes moot only when it is impossible for a court to grant "'any effectual relief whatever' to the prevailing party.'" *Knox v. Serv. Ems. Int'l Union*,

132 S. Ct. 2277, 2287 (2012)(quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). As Twitter explained in its reply supplemental brief, a challenge to a statute is not mooted simply because the offending statutory provision is reshuffled and reworded without remedying the constitutional injury. "[I]f that were the rule, a defendant could moot a case by repealing the challenged statute and replacing it with one that differs only in some insignificant respect." *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 662 (1993). Instead, both the Supreme Court and the Ninth Circuit "have repeatedly held that a case is moot when the challenged statute is repealed, expires, or *is amended to remove the challenged language*." *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166 (9th Cir. 2011) (emphasis added). Although the USAFA amended portions of § 2709, it did *not* remove the prohibitions Twitter has challenged in this suit. In its complaint, Twitter raised both a facial and an as-applied First Amendment challenge to § 2709(c), both of which remain legally cognizable after passage of the USAFA.

**A.  The USAFA's Amendments to § 2709 Do Not Affect Twitter's Claims.**

The USAFA altered three subsections of § 2709. Only one of those changes, however, is relevant to this case. Section 503(a) of the USAFA amended § 2709 by adding subsection (d), which states in relevant part that an NSL "shall include notice of the availability of judicial review." 18 U.S.C. § 2709(d)(2). This provision represents a substantive, yet minor, change to the legal regime for NSL nondisclosure provisions. And that change in law does not represent any meaningful change in practice. As the Government informed the Ninth Circuit, the Government has been following "reciprocal notice" procedures for NSL nondisclosure requirements since 2009. Government's Supplemental Brief, *In re Nat'l Sec. Letter*, No. 13-15957, 13-16731, 13-16732, slip op. at 2 (9th Cir. July 6, 2015) ("Gov't's Supp. Br., *In re NSL*").

The other changes to § 2709 have even less of an effect on this case. First, section § 501(a) of the USAFA revised § 2709(b) by "striking 'may' and inserting 'may, using a term that specifically identifies a person, entity, telephone number, or account as the basis for a request.'" To Twitter's knowledge, the Government does not contend that this provision has any

Case No. 14-cv-04480-YGR                -4-                RESPONSE TO QUESTIONS ON EFFECT
                                                                                          OF RECENT LEGISLATION

1  bearing on the allegations in Twitter's complaint.  In its July 17, 2015 Supplemental Brief, the
2  Government explained in a footnote that the provision was intended to prohibit the use of NSLs
3  without the use of a specific selection term.  (Dkt. No. 74, at 6 n.4).  The provision thereby
4  changes the requirements Defendants must meet in seeking NSLs in the first instance, but it has
5  no bearing on any accompanying nondisclosure provisions.  Thus, this statutory change is
6  irrelevant to the legal challenge at issue.

7  Second, section 502(a) of the USAFA replaced the text of § 2709(c) ("Prohibition of
8  certain disclosure"), which *does* address nondisclosure provisions for NSLs.  But while this
9  amendment substantially reworded § 2709(c), the substance of the subsection remains virtually
10 unchanged.  Indeed, the Government conceded before the Ninth Circuit that "[a]s revised by the
11 [USAFA], § 2709(c) now expressly requires the government to provide the NSL recipient with
12 notice of the right to judicial review in order for the prohibition on disclosure to apply, thus
13 further codifying *Doe*'s reciprocal notice procedure.  *Id.* § 2709(c)(1)(A).  *Apart from this*
14 *change, the new terms of § 2709(c) impose largely the same substantive requirements as former*
15 *§ 2709(c)*."  Gov't's Supp. Br., *In re NSL*, slip op. at 5 (emphasis added).  In this case as well,
16 Defendants made virtually no argument regarding the scope of changes to § 2709(c) in its July
17 17, 2015 Supplemental Brief.[1]

18 **B. The Changes to Section 2709 Do Not Moot This Case.**

19 Twitter's facial challenge to § 2709(c) alleged as follows:

20 The nondisclosure and judicial review provisions of 18 U.S.C. § 2709(c) are facially
   unconstitutional under the First Amendment, including for at least the following reasons:
21 the nondisclosure orders authorized by § 2709(c) constitute a prior restraint and content-
   based restriction on speech in violation of Twitter's First Amendment right to speak
22 about truthful matters of public concern (e.g., the existence of and numbers of NSLs
   received); the nondisclosure orders authorized by § 2709(c) are not narrowly tailored to
23 serve a compelling governmental interest, including because they apply not only to the
   content of the request but to the fact of receiving an NSL and additionally are unlimited
24 in duration; and the NSL nondisclosure provisions are facially unconstitutional because
   the judicial review procedures do not meet procedural safeguards required by the First
25 Amendment because they place the burden of seeking to modify or set aside a

26 ───────────────
       [1] In their Supplemental Brief, defendants noted only that § 2709(c) incorporates
27 the requirement in subsection (d), insofar as subsection (c) "now expressly requires the
   Government to provide the NSL recipient with notice of the right to judicial review in
28 order for the prohibition on disclosure to apply."  (Dkt. No. 74, at 8).

| Case No. 14-cv-04480-YGR | -5- | RESPONSE TO QUESTIONS ON EFFECT OF RECENT LEGISLATION |
|---|---|---|

> nondisclosure order on the recipient of an NSL, do not guarantee that nondisclosure orders imposed prior to judicial review are limited to a specified brief period, do not guarantee expeditious review of a request to modify or set aside a nondisclosure order, and require the reviewing court to apply a level of deference that conflicts with strict scrutiny.

(Dkt. No. 1, ¶ 46). All of these allegations remain true following passage of the USAFA. The Government may still issue nondisclosure orders accompanying NSLs, which continue to be prior restraints and content-based restrictions on the speech of NSL recipients. These nondisclosure orders are not narrowly tailored to serve a compelling governmental interest because, following passage of the USAFA, they continue to apply to the mere fact of receiving an NSL and they continue to be unlimited in duration.

In their supplemental briefing, the parties addressed at greater length the effect of the statutory amendments to 18 U.S.C. § 3511 on Twitter's claims regarding the judicial review procedures for NSL nondisclosure orders. Twitter continues to allege that the changes to those provisions likewise do not materially change the availability and effect of the prior restraint that Defendants have placed on Twitter's speech.

Twitter's as-applied challenge to § 2709(c) alleged as follows:

> The nondisclosure provisions of 18 U.S.C. § 2709(c) are also unconstitutional as applied to Twitter, including because Defendants' interpretation of the nondisclosure provision of 18 U.S.C. § 2709(c), and their application of the same to Twitter via the DAG Letter, is an unconstitutional prior restraint, content-based restriction, and viewpoint discrimination in violation of Twitter's right to speak about truthful matters of public concern. This prohibition on Twitter's speech is not narrowly tailored to serve a compelling governmental interest, and no such interest exists that justifies prohibiting Twitter from disclosing its receipt (or non-receipt) of an NSL or the unlimited duration or scope of the prohibition.

(Dkt. No. 1, ¶ 47). Twitter's as-applied challenge to § 2709(c) remains equally strong following passage of the USAFA. As discussed above, the Government has continued to apply the nondisclosure requirements of § 2709(c) to Twitter following disavowal of the DAG Letter. Furthermore, the only relevant change in § 2709 is the requirement that the Government provide notice to NSL recipients of the opportunity for judicial review. Because the Government has followed this practice since 2009, Twitter's as-applied challenge is completely unaffected by this statutory change.

1    Even if the Court considers the notice provision of § 2709(d) significant to some of
2  Twitter's claims against § 2709(c), the change to that provision certainly does not moot all of the
3  claims. Twitter's complaint alleged that 18 U.S.C. § 2709(c) unconstitutionally restricts its
4  speech in several ways, including because it is a prior restraint on speech and a content-based
5  restriction on speech and because the prohibitions are not narrowly tailored and the statute places
6  the burden of seeking to modify or set aside a nondisclosure order on the recipient of an NSL.
7  (Dkt. No. 1, ¶¶ 46, 47). If, due to passage of the USAFA, § 2709(c) now unconstitutionally
8  restricts Twitter's speech in fewer ways but, nonetheless is still a prior restraint and content-
9  based restriction on speech, and the prohibitions are still not narrowly tailored, Twitter's
10 challenge to the constitutionality of § 2709(c) remains valid and should not be dismissed. In that
11 respect, Twitter's challenge is analogous to a complaint under the Resource Conservation and
12 Recovery Act, 42 U.S.C. § 6972(a)(1)(B), seeking injunctive relief against a company that is
13 dumping toxic chemicals A, B, C, and D onto the plaintiff's land. If the defendant responds to
14 the complaint with proof that it no longer dumps chemicals A and B—but it continues to dump
15 chemicals C and D—the complaint would not be dismissed as moot. Instead, the plaintiff's
16 claim of imminent and substantial endangerment to the environment would remain intact, even if
17 the plaintiff had fewer grounds on which to base its claim. Similarly, if the USAFA reduces the
18 number of ways in which § 2709 unconstitutionally restricts Twitter's speech, so long as at least
19 one way remains, Twitter continues to state a claim upon which relief can be granted with
20 respect to § 2709.

21  **Question 3: If the Court finds that the claims in Twitter's complaint are mooted by the USAFA, should a dismissal be with leave to amend, or would any further**
22  **challenge to the new and amended provisions have to be made in a new lawsuit?**

23  If the Court determines that the USAFA has mooted one or more of the claims in
24 Twitter's complaint, the Court should dismiss those claims with leave to amend under Federal
25 Rule of Civil Procedure 15(a)(2). Further challenge to Defendants' actions under the statutes
26 cited in Twitter's complaint need not be made in a new lawsuit.
27  Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice
28 so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has held that the policy of freely

1    granting leave to amend should be applied with "extreme liberality."  *DCD Programs, Ltd. v.
2    Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (court making clear that motion to make amendment
3    "is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be
4    able to state a claim") (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).  That
5    is especially so here because there would be little meaningful difference between an amended
6    complaint in this action and a new complaint filed in a separate action.  The interests of judicial
7    economy therefore favor dismissal without prejudice.

8        Leave to amend would also be appropriate because, if any of Twitter's claims are moot,
9    the mooting event was a change in the law, not any action on the part of Twitter.  *See In re Apple
10   iPhone 3G Prods. Liab. Litig.*, No. C 09-02045 JW, 2010 WL 9517400, at *2-3 (N.D. Cal. Dec.
11   9, 2010) (permitting leave to amend for change in law).  The enactment of the USAFA in June
12   2015 is an event for which Twitter was not responsible and that Twitter could not have
13   reasonably predicted at the time it filed its complaint in October 2014.  Twitter should not be
14   prejudiced because the law was changed eight months after it filed its complaint.  Instead,
15   Twitter should be permitted to file an amended complaint.  If Defendants choose to file a motion
16   to dismiss, the Court will then be able to consider whether Twitter has stated a claim under the
17   new law.

**Question 4:  What effect, if any, does the Ninth Circuit's order vacating and remanding for further consideration the In re: National Security Letter cases have on the pending motion and the complaint generally?**

21   The Ninth Circuit's order of August 24, 2015 has one effect on Defendants' pending
22   Partial Motion to Dismiss: it moots Defendants' request that the Court stay consideration of
23   Twitter's NSL-related claims until after the Court of Appeals rules.  (*See* Dkt. No. 28 at 20).
24   Now that the Ninth Circuit has ruled, there no longer is an NSL-related issue before that court.
25   The Court is now on the same footing as the district court in *In re National Security Letter*, in
26   that both courts are considering challenges to 18 U.S.C. § 2709, and neither is expecting relevant

guidance from the Ninth Circuit at this time.  Because there is no need for the Court to await further guidance, litigation on NSL issues in the Court can proceed.

The Ninth Circuit's order in *In re National Security Letter* is relevant to the complaint more generally because it shows that Twitter's underlying NSL-related claims are not moot.  The order states, in relevant part:

> In light of the significant changes to the statutes, we conclude that a remand to the district court is appropriate so the district court may address the recipients' challenges to the revised statutes.
>
> We therefore VACATE the district court's judgments in cases 13-15957, 13-16731, and 13-16732. We REMAND to the district court for further proceedings in each of these cases.

Order, *In re NSL*, slip op. at 2-3 (citations omitted).

That order demonstrates that even though the Ninth Circuit recognized the "significant changes" USAFA had made to 18 U.S.C. §§ 2709 and 3511, it did *not* believe that the USAFA had mooted challenges to those statutes.  Instead, it remanded the case "so the district court may *address the recipients' challenges* to the revised statutes," which language appears to contemplate consideration of those challenges on the merits.  Order, *In re NSL*, slip op. at 2 (emphasis added).  Certainly the order contains nothing to suggest that the USAFA might have mooted the plaintiffs' challenges, in which case the Court would have remanded with instructions to consider dismissing the case as moot.

Consistent with the Ninth Circuit's order, the Court should proceed to consider the merits of Twitter's challenges.

## C.  CONCLUSION

In response to the Court's questions, Twitter responds that (1) even if the USAFA superseded the DAG Letter, Twitter's as-applied challenge to § 2709(c) is not moot because Twitter suffers an ongoing injury from Defendants' application of that statutory provision to Twitter; (2) the statutory amendments to § 2709 do not moot Twitter's facial or as-applied

1 challenges because they make only minimal substantive changes to the law and do not affect the
2 allegations in Twitter's complaint; (3) if the Court finds that Twitter's claims are moot, the
3 proper course would be dismissal with leave to amend so that Twitter can continue to challenge
4 its ongoing injury under the new statutory framework; and (4) the Ninth Circuit's decision in *In
5 re National Security Letter* moots Defendants' argument that this case should be stayed pending
6 a decision from the Ninth Circuit on the merits, and otherwise favors a decision from the Court.

DATED: September 28, 2015

*Respectfully Submitted*,

By: /s/ Michael A. Sussmann
   Michael A. Sussmann
   MSussmann@perkinscoie.com
   Eric D. Miller, Bar No. 218416
   EMiller@perkinscoie.com
   James G. Snell, Bar No. 173070
   JSnell@perkinscoie.com
   Hayley L. Berlin
   HBerlin@perkinscoie.com
   Amanda L. Andrade
   AAndrade@perkinscoie.com
   PERKINS COIE LLP
   3150 Porter Drive
   Palo Alto, CA 94304-1212
   Tel: 650-838-4300
   Fax: 650-838-4350

*Attorneys for Plaintiff Twitter, Inc.*