BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
BRIAN STRETCH
Acting United States Attorney
ANTHONY J. COPPOLINO
Deputy Branch Director
STEVEN Y. BRESSLER
Senior Trial Counsel
JULIA A. BERMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
  P.O. Box 883
  Washington, D.C.  20044
  Telephone:  (202) 305-0167
  Facsimile:  (202) 616-8470
  Email:  Steven.Bressler@usdoj.gov

Attorneys for Defendants the Attorney General, *et al.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TWITTER, INC., | Case No. 14-cv-4480 |
| Plaintiff, | **DEFENDANTS' SUPPLEMENTAL BRIEF IN RESPONSE TO THE COURT'S ORDER** |
| v. | |
| LORETTA E. LYNCH, United States Attorney General, *et al.*, | Date:   October 13, 2015 |
| Defendants. | Time:  2:00pm |
| | Courtroom 1, Fourth Floor |
| | Oakland U.S. Courthouse |
| | Hon. Yvonne Gonzalez Rogers |

**INTRODUCTION**

The USA FREEDOM Act[1] superseded the permissive framework for the lawful disclosure of information concerning national security legal process that was described in the

---

[1] The USA FREEDOM Act of 2015, Pub. L. No. 114-23, 129 Stat. 268 ("the USA FREEDOM Act" or "the Act"), *codified in part at* 50 U.S.C. § 1874.

January 27, 2014 Letter from then-Deputy Attorney General James M. Cole to the General Counsels of Facebook, *et al.* ("DAG Letter"), Compl. Exh. 1 at 3, because the Act expressly permits more information to be disclosed.  The Act also repealed and/or amended relevant portions of the statutes governing issuance and judicial review of National Security Letters ("NSLs") by the Federal Bureau of Investigation, 18 U.S.C. §§ 2709 & 3511.  And the Act amended another law, the Foreign Intelligence Surveillance Act ("FISA"), such that FISA's nondisclosure provisions must now be construed in light of the USA FREEDOM Act's permissive disclosure framework, codified at 50 U.S.C. § 1874.

As explained in the Government's July 17 supplemental filing (ECF No. 74), plaintiff's challenge to the DAG Letter is therefore now moot, whether couched as an Administrative Procedure Act claim against the letter itself or some other claim that the letter improperly applied any underlying law to plaintiff.  Likewise, plaintiff's facial First Amendment challenges to prior versions of FISA or the NSL statutes are now moot, because those statutes are no longer in force. In light of these facts and established principles of law, the Government respectfully submits its answers to the numbered questions in the Court's Order of September 11, 2015 (ECF No. 81) as follows.

**1.     If the Court finds that the DAG letter is superseded by Section 603 of the USAFA, (newly codified at 50 U.S.C. section 1874), does this moot Twitter's as-applied challenge to section 2709(c)?  The Court notes that Twitter has characterized its as-applied challenge to section 2709(c) as being based on the Government's interpretation of the section and "application of the same to Twitter via the DAG Letter." (Dkt. No. 66, Exh. A.)**

Plaintiff Twitter's as-applied challenge to 18 U.S.C. § 2709(c), as pled in its Complaint, alleges that statute injures Twitter only through operation of the DAG Letter.  Even if the DAG letter had any such effect, it has now been superseded by law, 50 U.S.C. § 1874, and thus can have no prospective effect on Twitter. Twitter's claim against § 2709(c) is therefore moot.

As the Court notes, plaintiff's only as-applied allegations concerning § 2709 flow directly from plaintiff's allegations with respect to the DAG Letter.[2]  *E.g.*, Dkt. No. 66, Exh. A; Compl.

---

[2] If plaintiff had received an NSL and is subject to a nondisclosure requirement pursuant to § 2709(c), any allegations concerning that NSL need to be made under seal.  *See* 18 U.S.C. § 3511(d).  For purposes of evaluating the sufficiency of the as-applied allegations in plaintiff's

¶¶ 45, 47.  Thus, assuming *arguendo* that plaintiff ever stated a cognizable, as-applied claim against § 2709(c), plaintiff's as-applied allegations concerned only the DAG Letter, and it has not alleged any injury-in-fact resulting from application of § 2709(c) absent the DAG Letter.  *See Washington Envt'l Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013) (concrete, non-speculative injury-in-fact is a core requirement of Article III standing).  Plaintiff's as-applied claim concerning § 2709(c) must therefore be dismissed if the court finds that the DAG letter has been superseded.  *Cf. Princeton Univ. v. Schmidt*, 455 U.S. 100, 101, 103 (1982) (per curiam) (challenge to prior set of university regulations governing on-campus speech by members of the public mooted when the university substantially amended those regulations to create a more permissive scheme); *Bullfrog Films v. Wick*, 959 F.2d 778, 780-91 (9th Cir. 1992) ("Because the legislation has supplanted [the challenged] parts of the regulations, we dismiss the appeal on these issues as moot."); *Stratman v. Leisnoi*, 545 F.3d 1161, 1172 (9th Cir. 2008) (in public lands case, holding "the subsequent action of Congress makes the propriety of the underlying decision irrelevant, *even if* the underlying decision might have transgressed the intent of Congress."); *NRDC v. U.S. Nuclear Regulatory Comm'n*, 680 F.2d 810, 813-14 & n.8 (D.C. Cir. 1982) (challenge to interim rule for failure to abide by notice and comment requirements mooted by issuance of final rule with notice and comment).

     2.    **Is a facial challenge to section 2709(c) completely mooted by amendments that: (*i*) deleted and replaced 2709(c); (*ii*) revised section 2709(b); and (*iii*) added 2709(d), such that the provisions now require the government to provide notice of a right to judicial review in order for any nondisclosure provision to apply?  Relatedly, would the as-applied challenge mooted to the same degree as the facial challenge, or does the mootness analysis differ for the two?**

Plaintiff's facial challenge to the pre-USA FREEDOM Act version of § 2709(c) is completely mooted by the USA FREEDOM Act's changes to § 2709, as delineated by the Court in its question.

---

Complaint, however, it is important to note that plaintiff has not alleged that it ever received an NSL pursuant to § 2709 (or otherwise), has not raised allegations concerning any particular NSL or NSLs, and has not alleged that it is subject to any nondisclosure requirement under § 2709(c).  Rather, plaintiff has only alleged that the DAG Letter applies to Twitter.  *See* Compl. ¶¶ 45, 47.

It appears that plaintiff has attempted to state a claim that the prior § 2709 was facially unconstitutional as overbroad. *See* Compl. ¶¶ 46, 48. This First Amendment overbreadth claim is moot because the statute plaintiff challenged is no longer in force, and has been replaced by the post-USA FREEDOM Act version of § 2709, including new § 2709(b), (c), & (d).

"The First Amendment doctrine of substantial overbreadth is an exception to the general rule that a person to whom a statute may be constitutionally applied cannot challenge the statute on the ground that it may be unconstitutionally applied to others." *Massachusetts v. Oakes*, 491 U.S. 576, 581 (1989). However, the rule is limited, and "overbreadth analysis is inappropriate if the statute being challenged has been amended or repealed." *Id*. at 582.

The version of § 2709(c) that plaintiff challenged is no longer in effect, and so plaintiff's facial claim is moot. *See Log Cabin Republicans v. United States*, 658 F.3d 1162, 1166 (9th Cir. 2011) ("a case is moot when the challenged statute is repealed, expires, or is amended to remove the challenged language."); *accord* Order, ECF No. 81, at 2;. Plainly, the prior, no-longer-effective § 2709 that plaintiff challenged will not chill anyone's future First Amendment rights, and so there is no reason to permit an overbreadth challenge to the superseded statute. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1031-32 (9th Cir. 2006) (amendments to city ordinances had rendered facial challenges to those ordinances moot); *Stephenson v. Davenport Comty. Sch. Dist*., 110 F.3d 1303, 1312 (8th Cir. 1997) (facial overbreadth challenge to school district's regulation prohibiting gang symbols moot where district amended regulation).

At a minimum, plaintiff would need to raise a new facial claim against § 2709(c) as amended. The government respectfully submits that such a claim would be meritless in any event, but it is not before the Court today.

Plaintiff's as-applied challenge to § 2709(c) is subject to a different analysis. If plaintiff could allege that the prior version of § 2709(c) caused it ongoing injury, that claim would not require overbreadth analysis to adjudicate. However, it would likely be moot and meritless nonetheless because the new procedural requirements of § 2709 identified by the Court would apply following the date of enactment. *Landgraf v. USI Film Products*, 511 U.S. 244, 273, 275

(1994).  The Court would therefore be required to analyze plaintiff's as-applied claims under the statute as it exists now—not as it existed before.  Furthermore, as noted above, plaintiff's as-applied challenge to § 2709(c) is stated *only* through alleged operation of the plainly mooted DAG Letter.  *See* Compl. ¶ 47 (raising allegations concerning "Defendants' interpretation . . . and their application of [§ 2709(c)] to Twitter [only] *via the DAG Letter*" (emphasis added)).  The as-applied claim concerning § 2709(c) is thus moot because plaintiff's entire claim concerning the DAG Letter is moot.

    3.    **If the Court finds that the claims in Twitter's complaint are mooted by the USAFA, should a dismissal be with leave to amend, or would any further challenge to the new and amended provisions have to be made in a new lawsuit?**

Fed. R. Civ. P. 15(a) advises that leave to amend a complaint generally "shall be freely given when justice so requires."  *See also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The Supreme Court and the Ninth Circuit have enunciated factors for courts to consider in determining whether to allow amendment of a complaint, including prejudice to the opposing party and, perhaps most relevant here, futility of amendment.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Eminence Capital*, 316 F.3d at 1052; *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990).

Plaintiff could not restate its current claims against superseded statutes or a superseded letter; they would remain moot, and should be dismissed with prejudice.  To the extent plaintiff has standing and could state a claim against the *new* statutes as enacted or amended by the USA FREEDOM Act, or regarding some other dispute, the Government respectfully submits that plaintiff should seek to do so either through an amended complaint or through a new civil action.  Without knowing what claim plaintiff may attempt to state, however, the Government respectfully reserves its right to oppose an attempt to amend the current Complaint.

Should plaintiff be granted leave to file, and file, an amended complaint, the Government respectfully requests, and reserves its right to seek by Administrative Motion or Stipulation, that it be given 60 days to respond.  *Cf*. Fed. R. Civ. P. 12 (a)(2) (permitting the United States 60 days after service on the United States Attorney to respond to new official capacity complaints).

4. **What effect, if any, does the Ninth Circuit's order vacating and remanding for further consideration the *In re: National Security Letter* cases have on the pending motion and the complaint generally?**

The Ninth Circuit's order vacating and remanding for further consideration the *In re: National Security Letter* cases previously on appeal, in light of the USA FREEDOM Act's amendments to the statutory scheme governing issuance and judicial review of NSLs, has no direct effect on this case. Of course, the appellate panel's action constitutes a clear recognition that any First Amendment claims respecting 18 U.S.C. §§ 2709 and 3511 must be considered in light of the USA FREEDOM Act's amendments to these statutes. Dismissal of the pending appeals also renders moot the government's prior suggestion that judicial economy and conservation of resources would support this Court awaiting definitive action by the Ninth Circuit before considering the constitutionality of 18 U.S.C. §§ 2709 and 3511. As explained above, however, the amendments to those statutes, themselves, similarly moot plaintiff's challenges to the prior versions of those provisions, whether on their face or as allegedly applied via the DAG Letter.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in defendants' prior Supplemental Briefs, the USA FREEDOM Act moots plaintiff's challenge to the DAG Letter; moots plaintiff's as-applied and facial challenges; and, moreover, reinforces the lawfulness of the statutes challenged by plaintiff, as they exist today.

Dated: September 28, 2015           Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General


 */s/ Steven Y. Bressler*
By:   STEVEN Y. BRESSLER
      JULIA A. BERMAN
      Attorneys
      U.S. Department of Justice
      Civil Division

      *Attorneys for Defendants*