UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TWITTER, INC.**,<br>　　　　Plaintiff,<br>　　v.<br>**ERIC H. HOLDER, ET AL.**,<br>　　　　Defendants. | Case No. 14-cv-04480-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Re: Dkt. No. 94 |

　　　　On November 13, 2015, Plaintiff Twitter, Inc. filed its Amended Complaint (Dkt. No. 88, "AC") following this Court's Order of October 14, 2015, directing that Twitter amend the complaint in light of the enactment of the USA FREEDOM Act of 2015. (Dkt. No. 85.) Defendants Loretta Lynch, *et al.* ("the Government") again move to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and for prudential reasons.

　　　　The Amended Complaint alleges that the Government has precluded Twitter from publishing a "Transparency Report" containing certain data about aggregate numbers of legal process it has received, if any, including requests pursuant to the Foreign Intelligence Surveillance Act ("FISA") and National Security Letters ("NSLs"). Twitter alleges that the non-disclosure provisions in the FISA are unconstitutional on its face because precluding disclosure indefinitely violates the First Amendment. Twitter further alleges that, to the extent the Government is basing its prohibition on publication of Twitter's draft Transparency Report on FISA's non-disclosure provisions, and would seek to prosecute Twitter under the Espionage Act for publication of the Transparency Report, those statutes violate the First Amendment as applied to Twitter.

　　　　In its motion to dismiss the Amended Complaint (Dkt. No. 94), the Government seeks dismissal of Twitter's claims on the grounds that: (1) the First Amendment claims should be dismissed in the interests of comity in favor of the FISA court taking jurisdiction over such claims; (2) Twitter has no standing to bring the Espionage Act claim; and (3) all three claims fail to allege a cognizable theory because they are based upon a prohibition on publishing information

1  that Twitter acknowledges is classified and Twitter has not challenged that classification decision.

2  Having carefully considered the papers submitted and the pleadings in this action,[1] and for
3  the reasons set forth below, the Court hereby **GRANTS IN PART AND DENIES IN PART** the
4  Government's Partial Motion to Dismiss the Amended Complaint. The motion to dismiss on
5  grounds of comity in favor of jurisdiction with the Foreign Intelligence Surveillance Court
6  ("FISC") and to dismiss for lack of standing on the Espionage Act claim is **DENIED**. The motion
7  to dismiss Twitter's as-applied and facial First Amendment challenges concerning limits on
8  disclosure of classified aggregate data is **GRANTED** because Twitter has failed to allege a
9  challenge to the underlying classification decisions themselves.

## I.  BACKGROUND

On April 1, 2014, Twitter submitted to the Government a draft transparency report containing information and discussion about the aggregate numbers of NSLs and FISA orders, if any, it received in the second half of 2013. Twitter requested "a determination as to exactly which, if any, parts of its Transparency Report are classified or, in the [government's] view, may not lawfully be published online." (AC ¶ 4.) Five months later, on September 9, 2014, the Government, in a letter from James A. Baker, General Counsel of the Federal Bureau of Investigation, notified Twitter that "information contained in the report is classified and cannot be publicly released" because it does not comply with the government's approved framework for reporting data about FISA orders and NSLs. (AC ¶ 5.)[2]

## II.  APPLICABLE STANDARD

### A.  Motion Under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires dismissal when the plaintiff fails to meet its burden of establishing subject-matter jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201

---

[1] The Court has also considered two amicus briefs filed in connection with this motion. (*See* Dkt. Nos. 96, 101.)

[2] Six weeks after Twitter filed this lawsuit, on November 17, 2014, the Government prepared a redacted version of the draft transparency report that it agreed could be released publicly by Twitter. (Dkt. No. 21.)

2

(9th Cir. 1989). Rule 12(b)(1) dismissal is proper when the plaintiff fails to establish the elements of standing. *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969 (9th Cir. 2009). "The plaintiff bears the burden of proof to establish standing 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Oregon v. Legal Servs. Corp.*, 552 F.3d 965, 969-70 (9th Cir. 2009) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)). At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice," because we "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan,* 497 U.S. at 561.

The "constitutional minimum" requirements for standing set forth in *Lujan* require first that the plaintiff show it has suffered an "injury in fact," that is "an invasion of a legally protected interest which is (a) concrete and particularized," and "(b) 'actual or imminent, not 'conjectural' or 'hypothetical.'" *Lujan*, 497 U.S. at 560 (internal citations omitted). Second, *Lujan* requires that the plaintiff show a causal connection between alleged injury and alleged conduct, *i.e.* that the injury is "fairly traceable" to the challenged action. *Id.* Third, the plaintiff must show that it is "likely," not merely "speculative," that the injury will be "redressed by a favorable decision." *Id.* at 561. The "fairly traceable" and "redressability" requirements overlap and are "two facets of a single causation requirement." *Washington Envtl. Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013) (quoting *Allen v. Wright,* 468 U.S. 737, 753 n. 19 (1984)). The two are distinct insofar as causality examines the connection between the alleged misconduct and injury, whereas redressability analyzes the connection between the alleged injury and requested judicial relief. *Id.* Redressability does not require certainty, but only a substantial likelihood that the injury will be redressed by a favorable judicial decision. *Wolfson v. Brammer,* 616 F.3d 1045, 1056 (9th Cir. 2010).

**B.     Motion Under Rule 12(b)(6)**

Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson*

*v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). To avoid dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Johnson v. Lucent Techs., Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Iqbal*, 556 U.S. at 678-79; *see also In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

### C. Prudential Considerations Warranting Dismissal

In addition, claims under the Declaratory Judgment Act may be dismissed based on prudential considerations such as the principle of comity in relation to other courts. *See* 28 U.S.C. § 2201(a); *accord Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (recognizing discretionary nature of declaratory relief); *NRDC v. EPA*, 966 F.2d 1292, 1299 (9th Cir. 1992) (same). That is because "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. The Ninth Circuit has held that "as a matter of comity and of the orderly administration of justice…[a] court should refuse to exercise its jurisdiction to interfere with the operation of a decree of another federal court." *Lapin v. Shulton, Inc.*, 333 F.2d 169, 172 (9th Cir. 1964).

## III. DISCUSSION

### A. General Statutory Background

#### 1. FISA Orders and Directives

Various provisions of the FISA allow the Government to obtain information from electronic communication service providers, either directly or by way of an order from the FISC,

4

1  subject to nondisclosure obligations.  FISA requires that FISC orders, upon the request of the
2  applicant or a finding of supporting facts by the court, "shall direct" recipients to provide the
3  government with "all information, facilities, or technical assistance necessary to accomplish the
4  electronic surveillance in such a manner as will protect its secrecy" and that the provider
5  "maintain under security procedures approved by the Attorney General and the Director of
6  National Intelligence any records concerning the surveillance or the aid furnished that such person
7  wishes to retain." 50 U.S.C. § 1805(c)(2)(B), (C).  FISA also permits the Attorney General and
8  Director of National Intelligence ("DNI") to obtain approval from the FISC for authority to target
9  "persons reasonably believed to be located outside the United States to acquire foreign intelligence
10 information." 50 U.S.C § 1881a(h)(1)(A).  Once that FISC approval is obtained, the Attorney
11 General and DNI have the power to issue a directive for acquisition of information requiring an
12 electronic communication service provider to "provide the Government with all information,
13 facilities, or assistance necessary to accomplish the acquisition in a manner that will protect the
14 secrecy of the acquisition" and to "maintain under security procedures approved by the Attorney
15 General and the Director of National Intelligence any records concerning the acquisition." 50
16 U.S.C. § 1881a(h)(1)(A), (B).  Other FISA search and surveillance provisions similarly mandate
17 that any orders or directives include provisions requiring secrecy about the request itself, as well
18 as the fruits of the request.[3]

19    FISA provides procedures whereby challenges to its orders may be brought by recipients
20 of requests.  For instance, a party receiving a production order under Title V's business records

---

[3] *See* 50 U.S.C. § 1824(c)(2)(B)-(C) (Title III orders "shall direct" the recipient to (a) assist in the physical search "in such a manner as will protect its secrecy" and (a) that the recipient retains be maintained under appropriate security procedures "any records concerning the search or the aid furnished"); 50 U.S.C. § 1842(d)(2)(B) (Title IV orders "shall direct" that recipients "furnish any information, facilities, or technical assistance necessary to accomplish the installation and operation of the pen register or trap and trace device in such a manner as will protect its secrecy," "shall not disclose the existence of the investigation," and shall maintain "any records concerning the pen register or trap and trace device or the aid furnished" under appropriate security procedures); 50 U.S.C. § 1861(d)(1) (providing that "[n]o person shall disclose to any other person that the [FBI] has sought or obtained tangible things pursuant to an order under" Title V of FISA).

1  provision "may challenge the legality of that order by filing a petition with" the FISC.  50 U.S.C.
2  § 1861(f)(2)(A)(i).  FISA further provides that the FISC has "inherent authority…to determine or
3  enforce compliance with" the orders, rules, or procedures of the FISC.  50 U.S.C. § 1803(h).

### B. Motion to Dismiss on Comity Grounds

The Government argues that the Court should exercise its discretion to decline jurisdiction over Counts I and II in the Amended Complaint based upon prudential considerations of comity. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).  Thus, a district court has discretion to decline to exercise jurisdiction over Declaratory Judgment Act claims based on prudential considerations.  *See* 28 U.S.C. § 2201(a).  In exercise of this discretion, the Court may take into account concerns of judicial administration, comity, and fairness to the litigants. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005).

The Government contends that the nondisclosure obligations incurred by recipients of FISA process are imposed through orders of the FISC, directives made after a FISC-approved certification, or as part of a legal process that the FISC oversees.  The Government argues that Twitter's challenge is, in actuality, a challenge to decisions of the FISC.  Consequently, it urges that this Court should yield jurisdiction over Twitter's FISA-related claims to the FISC.

The Government does not identify any order of the FISC addressing, as a general matter, publication of aggregate data about receipt of legal process, the crux of the matter before the Court here.  Likewise, Twitter's Amended Complaint does not challenge any prohibition on disclosure in any individual FISC order, FISA directive, or NSL.  Rather, Twitter contends that the Government's reliance on the FISA non-disclosure provisions as a basis for prohibiting disclosure of *aggregate data* about legal process directed to Twitter violates the First Amendment.  Nothing in the Amended Complaint would require the Court to interpret, review, or grant relief from any particular FISC order or directive.  Thus, the Government's reliance on *Lapin*, 333 F.2d at 172, and *Treadaway v. Acad. of Motion Picture Arts & Sci.*, 783 F.2d 1418, 1422 (9th Cir. 1986), is unavailing.  The motion on these grounds is **DENIED**.

**C.     Motion To Dismiss Espionage Act Claim**

The Government next moves to dismiss Twitter's claim challenging application of the Espionage Act. Twitter alleges that, to the extent the Government has notified it that publication of its Transparency Report could result in a violation of the Espionage Act, application of the Act would violate the First Amendment to the Constitution. The Government contends that Twitter's allegations do not establish standing. The Government argues that, here, any alleged injury to Twitter is merely speculative, rather than the "actual or imminent" injury that Article III of the United States Constitution requires.

"The judicial power of the United States…is not an unconditioned authority to determine the [validity] of legislative or executive acts," but is limited by Article III of the Constitution "to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State., Inc.*, 454 U.S. 464, 471 (1982). To establish standing for a pre-enforcement challenge, as here, the Court must consider: "whether the plaintiff articulates a concrete plan to violate the law;" "whether the government has communicated a specific warning or threat to initiate proceedings under the statute;" "the history of past prosecution under the statute" and whether "the government's active enforcement of a statute…render[s] the plaintiff's fear of injury reasonable." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 839 (9th Cir. 2014), *cert. denied sub nom ProtectMarriage.com-Yes on 8 v. Padilla*, 135 S.Ct. 1523 (2015).

The Court finds that the allegations here—that Twitter presented the draft Transparency Report it planned to publish to the Government and that the Government informed Twitter that it could not publish the information because it is classified—are sufficient to show an "imminent" injury to establish Twitter's standing here. The Government's contention that the threat of prosecution is low because there are other avenues of recourse for Twitter to challenge individual nondisclosure orders simply does not address the issue here, reporting of *aggregate* data. The motion to dismiss the Espionage Act claim on these grounds is **DENIED**.

**D.     Sufficiency of Allegations on Constitutional Challenges (Counts I and II)**

Finally, the Government argues that Twitter has failed to allege facts sufficient to state a First Amendment challenge because, as Twitter has conceded, the reason the aggregate data

7

1    cannot be published is that it has been classified by the Government.  Under Executive Order

2    13526, information may be classified by the "original classification authority determines that the

3    unauthorized disclosure of the information reasonably could be expected to result in damage to the

4    national security, which includes defense against transnational terrorism, and the original

5    classification authority is able to identify or describe the damage." Exec. Order 13526 § 1.1(a)(4).

6    The Executive Order sets forth various classification levels, who holds original classification

7    authority, and to whom such authority may be delegated. *Id*. at §§ 1.2, 1.3(a), (c).  All

8    classification determinations are of limited duration and classification decisions are required to

9    contain a "declassify on" date. *See* Exec. Order No. 13526 § 1.5(a) (Dec. 29, 2009) ("At the time

10   of original classification, the original classification authority shall establish a specific date or event

11   for declassification based on the duration of the national security sensitivity of the information.

12   Upon reaching the date or event, the information shall be automatically declassified.").

13       The First Amendment does not permit a person subject to secrecy obligations to disclose

14   classified national security information. *See Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980)

15   (per curiam); *Wilson v. C.I.A.*, 586 F.3d 171, 183 (2d Cir. 2009); *see also Stillman v. CIA*, 319

16   F.3d 546, 548–49 (D.C. Cir. 2003) (describing procedures for challenge to classification decision).

17   The Court agrees with the Government that Twitter has not alleged that the information is not

18   properly classified by the Government.  Count I challenges the FISA non-disclosure provisions as

19   being prior restraints of indefinite duration, but the claim does not take into account the fact that a

20   classification decision is necessarily limited in duration by its nature, as the Government asserts.

21   Along those same lines, Count II's as-applied challenge contends that the FISA nondisclosure

22   provisions are unconstitutional, but does not account for the fact that the Government has refused

23   to permit disclosure of the aggregate numbers on the grounds that the information is classified

24   pursuant to the Executive Order (not because of any FISA order or provision).

25       Again, Twitter has conceded that the aggregate data is classified.  In the absence of a

26   challenge to the decisions classifying that information, Twitter's Constitutional challenges simply

27   do not allege viable claims.

28

## IV. CONCLUSION

Accordingly, the Motion to Dismiss the Amended Complaint is **GRANTED IN PART AND DENIED IN PART**. Twitter is given leave to amend to allege a challenge to the classification decisions at issue, as well as any other cognizable challenge consistent with that classification challenge. Twitter shall file its amended complaint no later than **May 24, 2016**. The Government shall have 21 days thereafter to respond.

This terminates Docket No. 94.

**IT IS SO ORDERED.**

Dated: May 2, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**