

**U.S. Department of Justice**
Civil Division
Federal Programs Branch

| | |
|---|---|
| **Mailing Address** | **Overnight Delivery Address** |
| P.O. Box 883 | 20 Massachusetts Ave., N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Julia Berman     Tel: (202) 616-8480
Trial Attorney     Fax: (202) 616-8470
     julia.berman@usdoj.gov

June 13, 2016

<u>*VIA ECF*</u>

The Honorable Yvonne Gonzalez Rogers
U.S. District Judge
Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612

      Re:    *Twitter, Inc. v. Lynch, et al.*,
              Case No. 14-cv-4480-YGR

Dear Judge Gonzalez Rogers:

      Defendants write pursuant to Paragraph 9(a) of the Court's Standing Order for Civil Cases to request that the Court hold a pre-filing conference to discuss the Government's proposed submission of a Motion for Summary Judgment.

      In the above-captioned civil action, plaintiff Twitter, Inc. ("Twitter") challenges on First Amendment grounds alleged restrictions on its ability to publish aggregate data concerning national security legal process that it has received. Plaintiff seeks to publish such information set forth in a draft "Transparency Report."[1] *See* ECF No. 21-1 (redacted, unclassified draft Transparency Report). The Court dismissed plaintiff's original complaint as moot after the USA FREEDOM Act of 2015, Pub. L. No. 114-23, 129 Stat. 268, and accompanying declassification by the Director of National Intelligence superseded the previously-available reporting options and otherwise amended the statutes that plaintiff had challenged. *See* ECF No. 85. Plaintiff then filed its first Amended Complaint, ECF No. 88, challenging the constitutionality of the Foreign Intelligence Surveillance Act ("FISA"), on its face and as applied, as well as the Espionage Act, as allegedly applied to plaintiff. Defendants moved to dismiss the first Amended Complaint on the grounds, *inter alia*, that plaintiff had not stated a cognizable claim for relief. In particular, plaintiff acknowledged that the Government had determined the information plaintiff sought to publish was classified, and had redacted that information from the draft Transparency Report, and plaintiff did not challenge that classification determination. In its May 2, 2016 Order, ECF

---

[1] While the 2014 draft Transparency Report is at the heart of plaintiff's claims, plaintiff also seeks to publish similar information in future Transparency Reports covering subsequent periods of time. *See* 2d Am. Compl. at ¶¶ 86, 91.

No. 113, the Court granted in part the defendants' motion to dismiss, and held, *inter alia*, that "[i]n the absence of a challenge to the decisions classifying [the] information [at issue], Twitter's Constitutional challenges simply do not allege viable claims." May 2, 2016 Order at 8.

On May 24, 2016, plaintiff filed its Second Amended Complaint, now alleging, *inter alia*, that the information it seeks to publish is not properly classified. *See* ECF No. 114. The Second Amended Complaint includes three Counts. Count I is styled as a First Amendment claim, and Count II is presented as an Administrative Procedure Act claim, *see id.* ¶¶ 71–91, but both Counts contain overlapping legal theories, asserting: 1) that the information at issue does not meet Executive Order 13526's standards for classification, and that plaintiff therefore has a First Amendment right to publish it, *id.* at ¶¶ 72–81, 85, 90; 2) that FISA does not impose nondisclosure obligations as to aggregate data, *id.* at ¶¶ 83, 85, 90; and 3) that the standards set forth in Executive Order 13526 are "the only grounds on which the government may rely to prohibit disclosure of the redacted information in the draft Transparency Report," *id.* at ¶¶ 85, 90.[2] Count III asserts that the Espionage Act is unconstitutional as allegedly applied to plaintiff with respect to the information in the draft Transparency Report, because plaintiff has a First Amendment right to publish that information. *See id.* at ¶¶ 92–96.

In addition to those three Counts, in its Prayer for Relief, plaintiff also asks the Court to issue a declaratory judgment that "the FISA secrecy provisions are facially unconstitutional under the First Amendment because they do not require nondisclosure orders to contain a defined duration." *See id.* at Prayer for Relief A(v). Although the Prayer for Relief frames this final request broadly, plaintiff asserts that it "does not seek to disclose any information or details concerning any specific order from the FISC that it may have received." *Id.* at ¶ 4; *see also id.* at ¶ 7. Thus, the sole alleged injury for which plaintiff seeks redress in the Second Amended Complaint is the denial of its request to publish the aggregate data redacted as classified from the draft Transparency Report (and similar data in the future), and plaintiff's central contention is that it has a First Amendment right to publish that information because it is not properly classified. Accordingly, the merits of the Government's classification determination is now squarely at issue and is the core claim in the Second Amended Complaint.

For this reason, the Government seeks leave to submit a summary judgment motion pursuant to Fed. R. Civ. P. 56, to demonstrate that the information at issue is properly classified, and that the Government is therefore entitled to judgment because, as this Court has noted, "[t]he First Amendment does not permit a person subject to secrecy obligations to disclose classified national security information." May 2, 2016 Order at 8 (citing *Snepp v. United States*, 444 U.S. 507, 510 n.3 (1980) (per curiam); *Wilson v. CIA*, 586 F.3d 171, 183 (2d Cir. 2009); and *Stillman v. CIA*, 319 F.3d 546, 548–49 (D.C. Cir. 2003)). The Court also referred in its May 2, 2016 Order to the procedures for challenging a classification decision. *See id.* (citing *Stillman,* 319 F.3d at 548–49) (in cases challenging classification determinations, "*in camera* review of affidavits, followed if necessary by further judicial inquiry, will be the norm" with the "appropriate degree of deference" given to the Executive Branch concerning its classification decisions) (quoting *McGehee v. Casey*, 718 F.2d 1137, 1149 (D.C. Cir. 1983); *see also Wilson*,

---

[2] Count I also includes a claim that if FISA is construed as prohibiting disclosure of the redacted information in the draft Transparency Report, it is unconstitutional, ¶ 84.

586 F.3d at 185–86 ("'The court's task is not to second-guess the [a]gency, but simply to ensure that its 'reasons for classification are rational and plausible ones.'") (quoting *McGehee*, 718 F.2d at 1149). In light of the centrality of the classification determination at issue in the Second Amended Complaint, the Government's proposed approach would not only be the most efficient but appears consistent with how the Court contemplated such a classification challenge would proceed. *See* May 2, 2016 Order at 8. Indeed, the Second Amended Complaint appears to acknowledge that a determination that information is properly classified would be dispositive. *See* 2d Am. Compl. ¶ 73 ("Information must be properly classified to be exempt from First Amendment protection").

In addition to demonstrating that the information at issue meets the standards for classification set forth in Executive Order 13526, defendants expect their motion would address other issues raised by plaintiff's complaint, including that FISA nondisclosure requirements, whether operating through FISC orders or directives, are consistent with the First Amendment.[3]

For the reasons explained above, defendants request a pre-filing conference. The parties respectfully request the conference be held on July 20, 2016 if convenient for the Court.

We thank the Court for its consideration of this letter request.

    Respectfully submitted,

    BENJAMIN C. MIZER
    Principal Deputy Assistant Attorney General

    ANTHONY J. COPPOLINO
    Deputy Director

    /s/ *Julia A. Berman*
    JULIA A. BERMAN
    Trial Attorney
    Civil Division
    Federal Programs Branch
    U.S. Department of Justice

---

[3] Defendants anticipate that, if the Court grants them leave to file a motion under Fed. R. Civ. P. 56, they may also include a partial motion to dismiss under Fed. R. Civ. P. 12 with their summary judgment motion. Accordingly, defendants have also filed a motion requesting that the Court re-set the deadline for their response to the Second Amended Complaint either until the date on which the defendants' motion for summary judgment is due, or, if defendants determine not to bring a motion under Rule 12 with their motion for summary judgment, until thirty days after the resolution of defendants' anticipated summary judgment motion if the case remains pending. If the Court does not grant defendants leave to file a motion for summary judgment at this time, defendants respectfully request that their response to the Second Amended Complaint be due thirty days after the Court's decision.