# MAYER·BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel +1 202 263 3000
Main Fax +1 202 263 3300
www.mayerbrown.com

June 16, 2016

**VIA ECF**

Andrew J. Pincus
Direct Tel +1 202 263 3220
Direct Fax +1 202 263 5220
apincus@mayerbrown.com

The Honorable Yvonne Gonzalez Rogers
U.S. District Judge
Ronald V. Dellums Federal Building
1301 Clay Street
Oakland, CA 94612

Re:   *Twitter, Inc. v. Lynch, et al.*, No. 14-cv-4480-YGR

Dear Judge Gonzalez Rogers:

Plaintiff Twitter, Inc. ("Twitter") respectfully submits, pursuant to the Court's Standing Order in Civil Cases, this response to the Government's June 13, 2016 letter requesting a pre-filing conference to discuss its proposed submission of a Motion for Summary Judgment.[1]

We agree with the Government that the injury for which Twitter seeks redress is "the denial of its request to publish all of the aggregate data redacted as classified from the draft Transparency Report (and similar data in the future)"; that Twitter's "central contention is that it has a First Amendment right to publish that information because it is not properly classified"; and that "the merits of the Government's classification determination is now squarely at issue." ECF No. 116 at 2.

But we disagree with the Government's contention that the appropriate next step in this case is the filing by the Government of a summary judgment motion with supporting affidavits submitted *ex parte*. In particular:

- The Government should not be excused from its obligation under the Federal Rules of Civil Procedure and this Court's May 2 Order to file an answer—which was due on June 14—and certainly should file its answer before moving for summary judgment.

- Consideration of the Government's request to file a motion for summary judgment is premature, because Twitter intends to seek limited, targeted discovery before the filing of any summary judgment motions.

- The Court should order further briefing before permitting the Government to file affidavits or other documents *ex parte*. Twitter's counsel possesses appropriate national security clearances, which enables Twitter to participate effectively in such briefing.

- At the appropriate time, the parties likely should file cross-motions for summary judgment.

---

[1] This letter responds to the Government's request for a pre-filing conference. It should not be interpreted to waive Twitter's right to file any motions or raise any issues not addressed therein.

Mayer Brown LLP operates in combination with other Mayer Brown entities (the "Mayer Brown Practices"), which have offices in North America, Europe and Asia and are associated with Tauil & Chequer Advogados, a Brazilian law partnership.

The Honorable Yvonne Gonzalez Rogers
June 16, 2016
Page 2

*First*, the Government should not be excused from its obligation under the Federal Rules of Civil Procedure and this Court's May 2 Order to answer the allegations of the Second Amended Complaint. An answer can potentially narrow the matters in dispute as well as put both parties on notice of the issues they must litigate. Accordingly, Twitter opposes the Government's motion for an extension of time to answer, and will file its opposition by June 17, 2016.

Indeed, the Government's June 13 letter does not address some of the legal and factual issues raised in the Second Amended Complaint, leaving the Government's position uncertain. The Government carefully avoids acknowledging that Twitter is entitled to publish redacted data that is not properly classified—implying that the Foreign Intelligence Surveillance Act ("FISA") imposes additional restrictions on speech, notwithstanding the statement in its reply in support of its motion to dismiss (ECF No. 104, at page 12) that "the Government has long construed these secrecy requirements to be coextensive with pertinent classification" pursuant to the generally-applicable Executive Order 13,526 standard. If the Government's position has changed, the Court will be obliged to address the issue—which may raise additional factual issues.

*Second*, the Court should permit limited, targeted discovery before the filing of summary judgment motions.

Discovery is essential to provide access to the information needed to assess whether the Government's classification decisions were proper and consistent with the First Amendment. Considering the Government's justifications based only on facts the Government chooses to reveal would deprive Twitter of the right to effectively challenge the Government's claims.

Following are examples of information directly relevant to what the parties agree is the key issue in the case—whether the aggregate data in the draft Transparency Report is properly classified—and that, therefore, constitute reasonable discovery requests to the Government:

- The classification review undertaken by the Government in preparing FBI General Counsel Jim Baker's pre-litigation letter to Twitter's counsel stating that the draft Transparency Report contains classified information, *see* ECF No. 1, Ex. 5, and the classification review undertaken by the Government in preparing the post-litigation redacted Transparency Report, *see* ECF No. 21, Ex. 1.
- Other classification determinations and justifications relating to disclosure of *aggregate* numbers of FISA orders received (if any), and other analyses of the effect on national security of disclosure of such information—including *an*y declassification determinations related to the information permitted to be disclosed under the USA FREEDOM Act.
- Classification determinations regarding the Government's sharing with Twitter of information pertaining to specific FISA orders served on Twitter, if any.

*Third*, as Twitter's counsel possesses appropriate national security clearances, Twitter will request briefing and argument on any request by the Government to file *ex parte* submissions concerning its justifications for classification of the redacted information.

Twitter's ability to meaningfully respond to the Government's classification arguments regarding the draft Transparency Report requires access to the Government's justification for those classification decisions. Contrary to the Government's implication, this Court's May 2

The Honorable Yvonne Gonzalez Rogers
June 16, 2016
Page 3

order did not address *ex parte* submissions. *See* ECF No. 113. *Ex parte* proceedings are disfavored because they prevent a fair and vigorous review by the opposing party.[2] The Court will benefit from an adversarial process, with all appropriate protections, that enables Twitter to examine fully and contest where appropriate the adequacy of the Government's classification determination concerning the transparency report. Indeed, Twitter *created* the draft Transparency Report: it already knows the Report's contents. (To the extent the Government seeks to submit *ex parte* information regarding national security threats and the tradecraft of our nation's adversaries, Twitter believes that such claims may be more easily addressed through stipulations.)

At a minimum, we ask that the Court receive briefing before permitting the Government to file affidavits or other documents *ex parte*.

***Fourth***, at the appropriate point in the case, the parties likely should file cross-motions for summary judgment.

Twitter believes that it is entitled to summary judgment with respect to all, or at least some, of the redacted material. Cross-motions will allow the Court to resolve some or all of the case in Twitter's favor, rather than leaving it with the option of simply denying the Government's motion for summary judgment.

For these reasons, Twitter opposes the Government's request, but is available for a July 20 conference.

|  |  |
|---|---|
| | Respectfully submitted, |
| Lee H. Rubin | |
| Mayer Brown LLP | */s/ Andrew J. Pincus* |
| Two Palo Alto Square, Suite 300 | Andrew J. Pincus  (*pro hac vice*) |
| 3000 El Camino Real | |
| Palo Alto, CA 94306-2112 | |

Michael A. Sussmann (*pro hac vice*)
Perkins Coie LLP
700 Thirteenth Street, NW, Suite 600
Washington, DC 20005-3960

---

[2] *See In re Complaint of Judicial Misconduct*, 715 F.3d 747, 749 (9th Cir. 2013) (quoting *United States v. Thompson*, 827 F.2d 1254, 1258-59 (9th Cir. 1987) ("[E]x parte proceedings are 'anathema in our system of justice . . . .'"); *Bl(a)ck Tea Soc'y v. City of Boston*, 378 F.3d 8, 18 (1st Cir. 2004) ("[O]ur system of justice does not encompass ex parte determinations on the merits of cases in civil litigation.") (citation omitted); *Am.-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1069 (9th Cir. 1995) ("'It is therefore the firmly held main rule that a court may not dispose of the merits of a case on the basis of *ex parte, in camera* submissions.' Thus, the very foundation of the adversary process assumes that use of undisclosed information will violate due process because of the risk of error. We conclude that the district court did not err in finding that there is an exceptionally high risk of erroneous deprivation when undisclosed information is used to determine the merits of the admissibility inquiry.") (citation omitted); *Abourezk v. Reagan*, 785 F.2d 1043, 1061 (D.C. Cir. 1986), *aff'd by an equally divided Court*, 484 U.S. 1 (1987) (requiring "public disclosure by the government, prior to any *in camera* examination, of as much of the material as it could divulge without compromising the privilege").