MAYER BROWN LLP
ANDREW JOHN PINCUS (*Pro Hac Vice*)
apincus@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3220 / Fax: (202) 263-3300

MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Tel: (650) 331-2000 / Fax: (650) 331-2060

PERKINS COIE LLP
MICHAEL A SUSSMANN (*Pro Hac Vice*)
MSussmann@perkinscoie.com
700 Thirteenth Street, NW, Suite 600
Washington, DC 20005-3960
Tel: 202-654-6333 / Fax: 202-654-9127

*Attorneys for Plaintiff Twitter, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| TWITTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> LORETTA LYNCH, Attorney General of the United States, <br><br> THE UNITED STATES DEPARTMENT OF JUSTICE, <br><br> JAMES COMEY, Director of the Federal Bureau of Investigation, and THE FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendants. | Case No. 14-cv-4480-YGR <br><br> **OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

1   Pursuant to Local Rules 6-3 and 7-11, Plaintiff Twitter, Inc. ("Twitter") respectfully opposes Defendants' request for an extension of the due date for their response to Twitter's Second Amended Complaint. *See* ECF No. 115. Twitter also has submitted a response to Defendants' correspondence requesting a pre-filing conference, pursuant to Paragraph 9(a) of this Court's Standing Order in Civil Cases. *See* ECF No. 117.

2.   1.   Twitter filed its Second Amended Complaint on May 24, 2016, pursuant to this Court's May 2, 2016 Order permitting Twitter to amend its complaint "to allege a challenge to the classification decisions" impacting the redacted information in the draft Transparency Report. *See* ECF No. 113 at 9. That same Order required Defendants to file their response to the amended complaint within 21 days—by June 14, 2016.

3.   2.   Defendants have to date submitted no response to Twitter's amended complaint, despite this Court's clear instruction, and Defendants have provided no reason justifying their failure to answer. They simply would prefer to avoid filing an answer, and instead proceed to summary judgment—presumably because there are allegations in the amended complaint that they do not want to address.

4.   3.   Defendants should not be excused from their obligation to file an answer. Their answer will identify the issues on which both parties agree and those on which there is dispute, potentially narrowing the matters to be addressed on summary judgment, and providing Twitter notice of the issues that remain to be adjudicated.

5.   4.   Indeed, Defendants' June 13 letter does not address a number of the legal and factual issues raised in the Second Amended Complaint, leaving the Government's position uncertain. For example, Defendants carefully avoid acknowledging that Twitter is entitled to publish redacted data that is not properly classified—implying that the Foreign Intelligence Surveillance Act ("FISA") imposes additional restrictions on speech, notwithstanding the statement in its reply in support of its motion to dismiss (ECF No. 104 at 12) that "the Government has long construed these secrecy requirements to be coextensive with pertinent classification" pursuant to the generally-applicable Executive Order 13,526 standard. If the

1  Government's position has changed, the Court will be obliged to address the issue—which may
2  raise additional factual issues.
3       5.    Twitter opposes Defendants' request for what amounts to a lengthy extension of
4  their obligation to answer—they request that this Court "re-set" the deadline for their response to
5  either: (1) the date on which their motion for summary judgment is due; or (2) thirty days after
6  the resolution of their "anticipated summary judgment motion if the case remains pending." ECF
7  No. 115 at 3. Neither option is appropriate—the Federal Rules of Civil Procedure provide that
8  answers **precede** summary judgment motions so that the parties and the Court are aware of the
9  matters in dispute. Defendants' approach would turn that settled practice upside down.
10      6.    Twitter also respectfully requests that this Court deny Defendants' motion to the
11 extent it purports to request permission to file a motion to dismiss *after* this Court has already
12 heard and decided a motion for summary judgment. *See* ECF No. 115 at 2-3 ("If leave is granted,
13 defendants anticipate that their summary judgment motion would also address other issues raised
14 by the Second Amended Complaint, *and may include a motion pursuant to Fed. R. Civ. P. 12 as*
15 *well*.") (Emphasis added). The time for filing a motion to dismiss has passed and Defendants
16 should be required to answer the Second Amended Complaint.
17     For the foregoing reasons, Twitter respectfully requests that the Court deny Defendants'
18 motion and direct Defendants to file their answer within fifteen days of the Court's disposition of
19 these motions.
20                                Respectfully submitted,
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: June 17, 2016 | MAYER BROWN LLP<br>ANDREW JOHN PINCUS |
| 2 | | |
| 3 | | |
| 4 | | <u>      /s/ Andrew John Pincus      </u><br>ANDREW JOHN PINCUS (*Pro Hac Vice*)<br>apincus@mayerbrown.com |
| 5 | | 1999 K Street, NW<br>Washington, DC 20006 |
| 6 | | Telephone:   (202) 263-3220<br>Facsimile:    (202) 263-3300 |
| 7 | | |
| 8 | | MAYER BROWN LLP<br>LEE H. RUBIN (SBN 141331)<br>lrubin@mayerbrown.com |
| 9 | | Two Palo Alto Square, Suite 300<br>3000 El Camino Real |
| 10 | | Palo Alto, CA 94306-2112<br>Telephone:   (650) 331-2000 |
| 11 | | Facsimile:    (650) 331-2060 |
| 12 | | PERKINS COIE LLP<br>MICHAEL A. SUSSMANN (*Pro Hac Vice*) |
| 13 | | MSussmann@perkinscoie.com<br>700 Thirteenth Street, NW, Suite 600 |
| 14 | | Washington, DC 20005-3960<br>Telephone:   (202) 654-6333 |
| 15 | | Facsimile:    (202) 654-9127 |
| 16 | | Attorneys for Plaintiff<br>TWITTER, INC. |

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on June 17, 2016, I caused the foregoing document to be filed electronically through the Court's CM/ECF System and served on all counsel of record.

          /s/ Andrew John Pincus
          ANDREW JOHN PINCUS

          Attorneys for Plaintiff
          TWITTER, INC.