MAYER BROWN LLP
ANDREW JOHN PINCUS (*Pro Hac Vice*)
apincus@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Tel:  (202) 263-3220 / Fax: (202) 263-3300

MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Tel: (650) 331-2000 / Fax: (650) 331-2060

*Attorneys for Plaintiff Twitter, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| TWITTER, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>LORETTA LYNCH, Attorney General of the United States,<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE,<br><br>JAMES COMEY, Director of the Federal Bureau of Investigation, and THE FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants. | Case No. 14-cv-4480-YGR<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER DIRECTING DEFENDANTS TO INITIATE AN EXPEDITED SECURITY CLEARANCE PROCESS FOR PLAINTIFF'S COUNSEL**<br><br>Date: November 8, 2016<br>Time: 2:00 p.m.<br>Courtroom 1, Fourth Floor<br>Hon. Yvonne Gonzalez Rogers |

1

## <u>NOTICE OF MOTION AND MOTION</u>

2

3          PLEASE TAKE NOTICE that, on November 8, 2016 at 2:00 p.m., or as soon thereafter

4   as counsel may be heard, at 1301 Clay Street, Oakland, CA 94612, in the Oakland Courthouse,

5   Courtroom 1 – Fourth Floor, before Judge Yvonne Gonzalez Rogers, Plaintiff Twitter, Inc.

6   ("Twitter") will, and hereby does, move for an Order directing Defendants to initiate an

7   expedited security clearance process, including the background investigations required for

8   Twitter's Lead Counsel in this matter to obtain the appropriate national security clearances

9   necessary for this litigation.

10         This motion is based on this Notice of Motion, the Memorandum of Points and

11  Authorities in support thereof, pleadings on file with the Court, the arguments of the parties and

12  counsel, and other evidence, authorities, and argument that may be presented prior to the Court's

13  decision on the Motion.

14  Dated:  September 21, 2016            MAYER BROWN LLP

15                                            /s/ Andrew John Pincus
                                         ANDREW JOHN PINCUS (*Pro Hac Vice*)
16                                       apincus@mayerbrown.com
                                         1999 K Street, NW
17                                       Washington, DC 20006
                                         Telephone:    (202) 263-3220
18                                       Facsimile:    (202) 263-3300

19                                       MAYER BROWN LLP
                                         LEE H. RUBIN (SBN 141331)
20                                       lrubin@mayerbrown.com
                                         Two Palo Alto Square, Suite 300
21                                       3000 El Camino Real
                                         Palo Alto, CA 94306-2112
22                                       Telephone:    (650) 331-2000
                                         Facsimile:    (650) 331-2060
23

24                                       Attorneys for Plaintiff
                                         TWITTER, INC.
25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Twitter hereby respectfully moves for an order directing Defendants to conduct the required background investigations of Twitter's lead counsel in this matter to determine if they are eligible for national security clearances that would afford them access to Twitter's unredacted transparency report as well as other classified discovery to which the Court determines Twitter is entitled.[1]  Access to the unredacted transparency report – the document that lies at the heart of this litigation – and other classified discovery that may be required in this case is essential to lead counsel's ability to effectively represent Twitter in this litigation.

1.    Twitter has engaged Andrew J. Pincus and Lee H. Rubin—both partners in the law firm Mayer Brown LLP—as its two lead counsel in this litigation ("Lead Counsel").

2.    While both attorneys have held national security clearances in the past, those clearances have now expired.  *See* Declaration of Andrew Pincus ¶ 6; Declaration of Lee Rubin ("Rubin Decl.") ¶ 6.

3.    Twitter's counsel has requested the Defendants to initiate the background investigations of Lead Counsel in order to obtain the requisite national security clearance for this litigation.  In response, Defendants' counsel informed Twitter's counsel that Defendants would not agree to initiate a background investigation check of Lead Counsel, but later indicated that they may revisit their position after reviewing the instant motion.  Rubin Decl. ¶ 8.

---

[1] Plaintiff understands that a security officer from the  Department of Justice, Justice Management Division, Security and Emergency Planning Staff (also known as the Litigation Security Group within the Department of Justice) would be responsible for facilitating any security clearances or access to classified information for Plaintiff's counsel.  *See*  Notice Regarding Classified Document at 2 n. 1 (Nov. 17, 2014), ECF No. 21 ("Classified Information Security Officers . . . are charged with ensuring that classified information is properly safeguarded in criminal cases pursuant to the Classified Information Procedures Act ("CIPA"), as well as in civil proceedings such as this matter where CIPA does not apply. The Classified Information Security Officers thus serve in a neutral capacity providing security oversight in litigation involving classified information."); Federal Judicial Center, National Security Prosecutions: *Protective Orders* at *v (Feb. 2013) (referencing the "Department of Justice's Litigation Security Group") http://www.fjc.gov/public/pdf.nsf/lookup/trpord02.pdf/$file/trpord02.pdf.   Accordingly, Plaintiff specifically requests that any order directing the commencement of the security clearance process include the Litigation Security Group.

1

Notice of Motion and  Motion For An Order Directing Defendants to Initiate an Expedited Security
Clearance Process for Plaintiff's Counsel – Case No. 14-cv-4480-YGR

1        4.      Twitter's Second Amended Complaint alleges that the information "Defendants

2   redacted from Twitter's draft Transparency Report was not properly classified under Executive

3   Order 13526" and that therefore, the report was protected by the First Amendment and not

4   subject to government censorship.  Sec. Am. Compl. ¶76, ECF No. 114.

5        5.      Defendants continue to assert that the redacted information in the draft

6   Transparency Report is classified.  *See* Sec. Am. Compl. ¶57, ECF No. 114; Compl. Ex. 5 at 1,

7   ECF No. 1.  In accordance with Executive Order 13526 § 4.1, Lead Counsel will require a

8   security clearance at the appropriate level to view the redacted information in the draft

9   Transparency Report and any classified information that is subject to discovery.[2]  Because Lead

10   Counsel's national security clearances have lapsed, they are currently unable to review the

11   redacted information in the draft Transparency Report.

12        6.      The gravamen of Twitter's claim requires a detailed analysis of the redacted

13   information in the draft Transparency Report.  Relatedly, in order for Lead Counsel to be able to

14   effectively represent Twitter in this proceeding, Twitter needs to be able to speak freely to Lead

15   Counsel about the contents of the redacted information in the draft Transparency Report.

16   Accordingly, without access to the unredacted document, Twitter's Lead Counsel will be

17   severely handicapped in representing their client.

18        7.      Moreover, Twitter intends to seek discovery from Defendants of relevant

19   information that relates to the classification of the draft Transparency Report and potentially

20   includes classified material.  As discussed in Twitter's prior letter to the Court (Letter from

21   Andrew Pincus, June 16, 2016, ECF No. 117), topics of discovery may include: the initial

22   classification review of the draft Transparency Report, the subsequent classification review that

23   produced the redacted draft Transparency Report, other classification determinations and

24   justifications relating to disclosure of aggregate numbers of FISA orders received (if any), other

25   analyses of the effect on national security of disclosure of such information, and classification

26

27

28      [2] Lead Counsel will require a background check and review process that is commensurate with the clearance level necessary to access the information relevant to this litigation.

1   determinations regarding Defendants' sharing of information pertaining to specific FISA orders

2   (if any) with Twitter.  *See* Letter from Andrew Pincus at 2, ECF No. 117.  Twitter anticipates

3   that the Defendants will take the position that much, if not all, of this material is currently

4   classified.

5       8.    To effectively represent Twitter and guarantee its constitutional right to be free

6   from unlawful governmental censorship, Lead Counsel requires the necessary national security

7   clearances to review the redacted information in the draft Transparency Report and fully discuss

8   the contents and meaning of the redacted information with its client.  The national security

9   clearances will also be essential for Lead Counsel to be able to review and analyze the

10  information that will likely be the subject of future discovery (which Defendants are likely to

11  claim is classified).  Indeed, the central question at the heart of this litigation is Defendants'

12  claim that release of the redacted information would pose a threat to national security, let alone

13  one that is "serious" or "exceptionally grave" as required by Executive Order 13526.  Lead

14  Counsel must be able to review the draft Transparency Report and other potential classified

15  discovery to which the Court determines Twitter is entitled in order to confer with their client

16  about the case and meaningfully contest the Defendants' national security-related claims.

17      9.    Other courts (including within the Northern District of California) that have

18  presided over civil litigation in which classified information is central to the underlying dispute

19  have ordered the government to initiate the security clearance process for private counsel so that,

20  if eligible for clearance, counsel can access and review the classified material.  *See, e.g., In re*

21  *Nat'l Sec. Agency Telecomms. Records Litig.*, 595 F. Supp. 2d 1077, 1089 (N.D. Cal. 2009)

22  (ordering the government to expedite the processing of TS/SCI clearances for plaintiff's lead

23  attorney and two additional members of the litigation team); *Doe v. Gonzales*, 386 F. Supp. 2d

24  66, 71 (D. Conn. 2005) ("[T]he court directs that defendants attempt, to the extent permitted by

25  law, to provide plaintiffs with the opportunity for their lead attorney to seek to obtain the security

26  clearance required to review and respond to the classified materials in connection with the

27  resolution of this case."); *Horn v. Huddle*, 647 F. Supp. 2d 55, 66 (D.D.C. 2009), *vacated due to*

28

3

Notice of Motion and  Motion For An Order Directing Defendants to Initiate an Expedited Security
Clearance Process for Plaintiff's Counsel – Case No. 14-cv-4480-YGR

*settlement,* 699 F. Supp. 2d 236 (D.D.C. 2010) ("[T]he Executive must grant counsel for plaintiff and defendants, who have been favorably adjudicated for access to classified information, security clearances commensurate with the level of information known by their clients. . . . If it is necessary to renew the security clearances of the plaintiff and defendants themselves in order to implement the lawful discussion of the information . . . the Executive must do that as well."); *KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner*, 710 F. Supp. 2d 637, 660 (N.D. Ohio 2010) (to remedy government's due process violation, proposing plaintiff's counsel obtain "an adequate security clearance to view the necessary [classified] documents"). These orders are consistent with the Ninth Circuit's holding in *Al-Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury*, 686 F.3d 965 (9th Cir. 2012), that granting private counsel security clearances and subsequent access to classified information relied upon by the government in making administrative determinations may be necessary to satisfy due process concerns. *Id.* at 984; *id.* at 983 (noting that the disclosure of classified information to a lawyer with the requisite clearance "does not implicate national security when viewing the classified material because, by definition, he or she has the appropriate security clearance"); *see also Latif v. Holder*, 28 F. Supp. 3d 1134, 1162 (D. Or. 2014) (highlighting "procedures identified by the Ninth Circuit in *Al-Haramain*" that could remediate due process concerns).

10.     In this case, any national security concerns about the disclosure of currently classified material can be remedied by the government conducting the required background check of Lead Counsel so that they receive the "appropriate security clearance" to review the material relevant to the case.

11.     Because Defendants have refused to initiate background investigations of Lead Counsel,  a directive from the Court is the only option that will allow Lead Counsel to communicate with their clients about the core issues in the case and effectively prosecute Twitter's constitutional claims.

12.     Twitter's Lead Counsel understand, on information and belief and after discussions with the Department of Justice Litigation Security Group, that they would be subject

1  to a full background investigation that normally takes several months.  Rubin Decl. at ¶ 8.  In

2  light of the pressing constitutional issues at stake in this case—including the ongoing, potentially

3  unconstitutional prior restraint of Twitter's speech—Plaintiff requests that the Court order the

4  government to conduct the requisite background investigation on an expedited action basis.

5          For the foregoing reasons, Twitter respectfully requests that the Court order Defendants

6  (including the Department of Justice Litigation Security Group) to initiate the expedited

7  background investigations required for Andrew J. Pincus and Lee H. Rubin to obtain the

8  appropriate security clearances for this litigation.

9                                         Respectfully submitted,

10

11 Dated:  September 21, 2016                MAYER BROWN LLP

12                                         _____/s/ Andrew John Pincus_____
                                          ANDREW JOHN PINCUS (*Pro Hac Vice*)
13                                         apincus@mayerbrown.com
                                          1999 K Street, NW
14                                         Washington, DC 20006
                                          Telephone:    (202) 263-3220
15                                         Facsimile:    (202) 263-3300

16                                         MAYER BROWN LLP
                                          LEE H. RUBIN (SBN 141331)
17                                         lrubin@mayerbrown.com
                                          Two Palo Alto Square, Suite 300
18                                         3000 El Camino Real
                                          Palo Alto, CA 94306-2112
19                                         Telephone:    (650) 331-2000
                                          Facsimile:    (650) 331-2060
20

21                                         Attorneys for Plaintiff
                                          TWITTER, INC.
22

23

24

25

26

27

28
Notice of Motion and  Motion For An Order Directing Defendants to Initiate an Expedited Security
Clearance Process for Plaintiff's Counsel – Case No. 14-cv-4480-YGR

## **CERTIFICATE OF SERVICE**

1

2         I hereby certify that, on September 21, 2016, I caused the foregoing Notice of Motion and

3  Motion for an Order directing Defendants to initiate an expedited security clearance process for

4  Plaintiff's Counsel to be filed electronically through the Court's CM/ECF System and served on

5  all counsel of record.

6
   Dated: September 21, 2016                    By:  /s/ Andrew John Pincus
7                                                    ANDREW JOHN PINCUS

8                                               Attorney for Plaintiff
                                                TWITTER, INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28