MAYER BROWN LLP
ANDREW JOHN PINCUS (*Pro Hac Vice*)
apincus@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3220 / Fax: (202) 263-3300

MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Tel: (650) 331-2000 / Fax: (650) 331-2060

PERKINS COIE LLP
MICHAEL A. SUSSMANN (*Pro Hac Vice*)
MSussmann@perkinscoie.com
700 Thirteenth Street, NW, Suite 600
Washington, DC 20005-3960
Tel: 202-654-6333 / Fax: 202-654-9127

*Attorneys for Plaintiff Twitter, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| TWITTER, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LORETTA LYNCH, Attorney General of the United States,<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE,<br><br>JAMES COMEY, Director of the Federal Bureau of Investigation, and THE FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　　Defendants. | Case No. 14-cv-4480-YGR<br><br>**UPDATED FEDERAL RULE OF CIVIL PROCEDURE 26(f) JOINT REPORT AND JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference<br>October 24, 2016 at 2:00 p.m.<br><br>Hon. Yvonne Gonzalez Rogers |

1    Pursuant to Federal Rule of Civil Procedure 26(f),Civil Local Rule 16-10, and the Court's
2 Standing Order in Civil Cases, ¶ 6, Plaintiff Twitter, Inc. ("Twitter") and Defendants Loretta E.
3 Lynch, the United States Department of Justice, James Comey, and the Federal Bureau of
4 Investigation hereby submit this Updated Joint Report.[1]

## I.   JURISDICTION AND SERVICE

Twitter asserts that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, and that this Court is authorized to provide declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, and make determinations regarding the Administrative Procedure Act, 5 U.S.C. § 551, et seq.  For reasons previously raised with the Court, Defendants maintain that Plaintiff is not entitled to relief under the Declaratory Judgment Act, or any other form of relief, but do not contest the Court's subject matter jurisdiction at this time.

Defendants have been served with the Summons and Complaint.

## II.   FACTS

**Plaintiff Twitter's Statement of Facts**: The underlying facts at issue in this litigation have not changed since the initial case management statement.

Twitter seeks to publish information contained in a draft Transparency Report that describes the amount of national security legal process that it received, if any, for the period July 1 to December 31, 2013, from the Foreign Intelligence Surveillance Court ("FISC").  In this Transparency Report, Twitter does not seek to disclose any information or details concerning any specific order from the FISC that it may have received.[2]  Twitter's draft Transparency Report instead reveals the actual aggregate number of Foreign Intelligence Surveillance Act ("FISA")

---

[1] The parties submitted an initial joint case management statement pursuant to Civil Local Rule 16-9 on January 20, 2015.  ECF No. 29.  Because this statement is submitted pursuant to Civil Local Rule 16-10, and in order to conserve space, the parties have not addressed every element required in an initial case management statement submitted under Civil Local Rule 16-9 and this Court's Standing Order for all Judges.

[2] Defendants incorrectly claim that Twitter seeks to "reveal specific details regarding any national security legal process received."  Twitter has never sought to reveal such information.

1    orders received (if any), the actual aggregate number of National Security Letters ("NSLs")
2    received (if any), the volume of FISA orders and NSLs received by comparison to government-
3    approved reporting structures, and similar information.

4          Twitter submitted its draft Transparency Report to Defendants for review on April 1,
5    2014 with a request that Twitter "receive a determination as to exactly which, if any, parts of its
6    Transparency Report are classified or, in the Department's view, otherwise may not lawfully be
7    published online."  ECF No. 1, Ex. 3.  Five months later, Defendants informed Twitter that
8    "information contained in the [transparency] report is classified and cannot be publicly released"
9    and relied on a general assertion of national security classification and on the pre-approved
10   reporting framework articulated in a January 27, 2014 letter from Deputy Attorney General
11   James M. Cole ("the DAG letter").  ECF No. 1, Ex. 5.  Defendants asserted that the draft
12   Transparency Report did not comply with the DAG letter's exceptions for reporting data about
13   government requests in national security investigations.  *Id.*

14         On November 17, 2014, Defendant DOJ publicly filed what it described as "an
15   unclassified copy of [Twitter's] proposed report, with classified national security information
16   redacted."  ECF No. 21, Ex. 1.  This redacted version excised quantitative data regarding
17   Twitter's receipt of national security legal process that constitutes information regarding matters
18   of very significant public interest.

19         After Twitter filed its original complaint, President Obama signed into law the USA
20   Freedom Act, which established a statutory framework for reporting the receipt of national
21   security legal process.  Together, both the DAG letter and the USA Freedom Act make clear that
22   at least some forms of numerical reporting of legal process received have been permitted by both
23   the Executive Branch and Congress.  The quantitative information that the DAG letter and the
24   Act allow to be published is not classified information.

25         In order to designate information as classified on national security grounds, Defendants
26   are legally obligated to follow the policies and procedures established in Executive Order No.
27   13526, which governs the "classifying, safeguarding, and declassifying of national security
28   information."  Exec. Order No. 13526, Preface.  Information may be classified only if it meets

several requirements: (1) it must be classified by an "original classification authority"—officials who are identified in section 1.3 of the Executive Order; (2) the information must be "owned by, produced by or for, or . . . under the control of the United States Government"; (3) "the information falls within one or more of the categories of information listed in section 1.4 of th[e] order"; and (4) "the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage." *Id.* § 1.1(a).  Furthermore, "[n]o information may remain classified indefinitely" and all information—save two limited exceptions—must be marked with a declassification date.  *Id.* § 1.5.  In its Second Amended Complaint, Twitter alleges that Defendants failed to satisfy the requirements delineated in Executive Order 13526 for properly classifying information with respect to the draft Transparency Report, and that there is thus no legal basis for censoring any part of that document.  *See* ECF No. 114.

Finally, certain provisions of FISA impose nondisclosure requirements on recipients—including potentially Twitter—that are unlimited in duration.  These provisions as applied to Twitter and Defendants' refusal to indicate when, if ever, they will allow Twitter to release any information on the volume of national security legal process it has received that goes beyond the pre-approved categories Defendants have heretofore allowed, violate Twitter's constitutional rights.

**Defendants' Statement of Facts**: Pursuing and disrupting terrorist plots and foreign intelligence operations often require the Federal Bureau of Investigation ("FBI") to seek information relating to the use of electronic communications, including from electronic communication service providers.  Congress has authorized the FBI to collect such information with a variety of legal tools, including through various authorities under FISA and pursuant to FISC supervision, as well as NSLs.  Because the targets of national security investigations and others who seek to harm the United States likely will take countermeasures to avoid detection, secrecy is often essential to effective counterterrorism and counterintelligence investigations.  The Government therefore protects the confidentiality of information concerning national

1  security legal process, including pursuant to statutory requirements and judicial orders issued by
2  the FISC.  Specifically, a FISA order or directive may impose nondisclosure obligations on
3  particular electronic communication service providers.  Likewise, the existence of a request for
4  information by NSL is typically subject to a nondisclosure requirement pursuant to the NSL
5  statute.
6      The Government is committed to facilitating transparency regarding companies' receipt
7  of process to the greatest extent possible consistent with national security.  Thus, pursuant to the
8  USA FREEDOM Act of 2015, *see* Pub. L. No. 114-23, 129 Stat. 268 ("the USA FREEDOM
9  Act" or "the Act") and the accompanying declassification by the Director of National
10 Intelligence, companies like Plaintiff can publish more aggregate data than ever before
11 concerning national security legal process they have received.  Plaintiff, nonetheless, seeks to
12 reveal specific details regarding any national security legal process received by plaintiff during,
13 *inter alia*, the second half of 2013, that goes well beyond the disclosure permitted under the USA
14 FREEDOM Act.  The Defendants have informed Plaintiff which portions of the draft
15 Transparency Report cannot lawfully be published because they contain classified information,
16 the disclosure of which could reasonably be expected to cause harm to national security.  On
17 November 17, 2014, Defendants provided Plaintiff a version of the draft Transparency Report
18 from which any classified information had been redacted.  On May 24, 2016, Plaintiff filed its
19 Second Amended Complaint, *see* ECF No. 114, alleging, *inter alia*, that information redacted
20 from the draft Transparency Report is not properly classified and that Plaintiff has a First
21 Amendment right to publish it.[3]  The Defendants submitted their Answer to the Second
22 Amended Complaint on July 5, 2016.  S*ee* ECF No. 120.

---

[3] Plaintiff's original Complaint, ECF No. 1, had focused on a previous disclosure framework, and the Court held that the claims therein were mooted by the passage of the USA FREEDOM Act.  *See* ECF No. 85.  The Court subsequently also dismissed the Plaintiff's First Amended Complaint, ECF No. 88, because the Plaintiff had not challenged the classification of the information in the draft Transparency Report, and, in the absence of such a challenge, Plaintiff's constitutional claims were not viable. Order, ECF No. 113 at 8.

## III. LEGAL ISSUES

Based on the claims asserted in Twitter's Second Amended Complaint, and the issues raised in Defendants' Answer, **Twitter claims that the principal disputed legal issues in this action are:**

- Whether information contained in Twitter's draft Transparency Report was improperly classified;
- Whether Defendants' improper classification of the draft Transparency Report was an unlawful prior restraint of Twitter's speech that violated Twitter's First Amendment rights;
- Whether FISA, the Espionage Act, or any other nondisclosure authority, prohibits service providers like Twitter from disclosing aggregate information about the number of FISA orders or NSLs they receive, if any, beyond the parameters expressly permitted under the DAG Letter and the USA Freedom Act;
- Whether FISA imposes unconstitutional nondisclosure obligations that go beyond Defendants' classification standard;
- Whether FISA's secrecy provisions are unconstitutional as applied to Twitter, including because Defendants' interpretation of these provisions and their application with respect to Twitter are an unconstitutional prior restraint, content-based restriction, and viewpoint discrimination in violation of Twitter's right to speak about truthful matters of public concern;
- Whether the redacted information in the draft Transparency Report is "owned by, produced by or for, or is under the control of the United States Government"; and
- Whether prosecution under the Espionage Act of Twitter for releasing the unredacted draft Transparency Report would violate Twitter's First Amendment right to speak truthfully about unclassified matters of public interest.

**Defendants assert that the principal legal issue in this action is:** Whether the information Plaintiff seeks to publish is properly classified national security information pursuant to Executive Order 13,526.

1    No counter-claims have been filed in this lawsuit.

2    **IV.    MOTIONS**

3    **Plaintiff's Summary of Recent Motions:** In response to this Court's order of May 2,
4    2016, ECF No. 113, Twitter filed a Second Amendment Complaint on May 24, 2016, ECF No.
5    114.  On June 13, 2016, Defendants filed a motion requesting an extension of time to respond in
6    which they proposed submitting a motion for a summary judgment that could also include a
7    partial motion to dismiss.  ECF No. 115.  This motion was accompanied by a request pursuant to
8    Paragraph 9(a) of the Court's Standing Order for Civil Cases for a pre-filing conference to
9    discuss the proposed motion for summary judgment.  ECF No. 116.  Twitter opposed this
10   motion, ECF No. 118, and submitted its own letter to this Court explaining why this case was not
11   ripe for summary judgment, ECF No. 117.  This Court denied Defendants' request for a
12   summary judgment pre-filing conference and required Defendants to respond to the amended
13   complaint by July 5, 2016.  ECF No. 119.  Defendants submitted their Answer on July 5, 2016.
14   ECF No. 120.

15   **Pending Motion:** The parties are currently briefing Twitter's Motion for an Order
16   Directing Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel.
17   ECF No. 124 ("Plaintiff's Motion").  The Defendants' response to that motion is currently due
18   on October 21, 2016, and the Plaintiff's reply in support thereof is currently due on November 2,
19   2016.  The hearing on the Plaintiff's Motion is currently scheduled for November 22, 2016.

20   **Defendants' Proposal Related to Plaintiff's Motion:**  Defendants note that Plaintiff's
21   Motion is inextricably intertwined with the question that would be the focus of any case
22   management conference, namely: what procedural steps are appropriate in a case addressing
23   whether materials are properly classified pursuant to Executive Order 13526, *see id.* at 1, ¶¶ 5,
24   7–9, including whether Plaintiff's counsel are entitled to security clearances to litigate the case
25   and what, if any, discovery is appropriate in this case, *see id.* at 1, ¶¶ 5, 7–8.  Accordingly,
26   Defendants respectfully suggest that the more efficient course would be to continue the case
27   management conference scheduled for October 24, 2016 until the date of the oral argument on
28   Plaintiff's Motion.  Hearing the issues that will be raised at the case management conference

1    together with the argument on Plaintiff's Motion would allow the discussion of these important
2    matters to be informed by the parties' briefing on Plaintiff's Motion, and would result in a more
3    efficient use of the Court's and the parties' resources.

4    **Plaintiff's Response to Defendants' Proposal:** Twitter opposes Defendants' request to
5    further delay the case management conference and believes that it should proceed as scheduled.
6    The Court has already rejected Defendants' effort to avoid discovery in this case.  In denying
7    Defendants' request for a summary judgment pre-motion conference, the Court ruled that
8    "Defendants have offered no legal authority or argument suggesting that permitting them to file a
9    Rule 56 motion at this juncture in this case—prior to any responsive pleading, a Rule 16
10   scheduling conference, and an opportunity for discovery—would be appropriate."  ECF No. 119.
11   Defendants have filed an answer (ECF No. 120) and now, as the Court's order directs, the next
12   steps in the litigation should be a scheduling conference and discovery.

13         Twitter's right to pursue discovery in this case does not hinge on the Court's ruling on
14   Twitter's pending motion.  As the Court has already ruled, Twitter has the right to pursue
15   discovery in this case.  If Defendants were to have an objection to Twitter's future discovery
16   requests because they contend that they seek classified information (or on any other ground),
17   Defendants may interpose objections to Twitter's specific requests consistent with the rules of
18   discovery.  Absent the parties' ability to resolve such discovery disputes on their own, the
19   disputes should then be presented to the Court for disposition.  It is inappropriate for the Court to
20   make a categorical or abstract determination about Twitter's right to classified information in
21   response to yet-unissued discovery requests at this time.  Such decisions can only be made in the
22   context of specific discovery requests after full briefing by the parties.

23         Likewise, the exchange of Rule 26(a) initial disclosures does not turn on the resolution of
24   Twitter's pending motion.  Twitter proposes that these disclosures occur by November 14, 2016.

25         Finally, Twitter's pending motion rests not only on Lead Counsel's potential need to
26   access any classified discovery, but also on its need to review the unredacted version of Twitter's
27   draft Transparency Report that is at the heart of this case.  Thus, the Court's decision on any
28

particular discovery dispute would not obviate the need for Lead Counsel to obtain the requisite security clearances.

In short, Twitter's pending motion provides no basis to delay the case management conference or the start of discovery.

**Plaintiff's Anticipated Motion:** Following discovery, Twitter anticipates filing a motion for summary judgment (partial or otherwise) on at least the following issues:

- The redacted information in the draft Transparency Report does not meet the stated requirements for national security classification at any level;
- Prior restraints on Twitter's publication of the unredacted draft Transparency Report violate the Administrative Procedure Act and Twitter's rights under the First Amendment;
- The FISA Statute cannot be interpreted to impose nondisclosure obligations of unlimited duration; and
- Prohibitions on Twitter's reporting the receipt of aggregate numbers of NSLs or FISA orders are unconstitutional under the First Amendment.

For the reasons explained above, Defendants' proposal to file a motion for summary judgment after the Court resolves Plaintiff's pending motion appears to be an attempt to circumvent the discovery process. The Court has already decided that an opportunity for discovery is this litigation's next logical step. And because there is no certainty whether that discovery will be classified, unclassified, or both, the resolution of Twitter's pending motion will not render the case ripe for summary judgment. The Court should deny Defendants' latest maneuver to avoid discovery of any kind before it has even started.[4]

**Defendants' Anticipated Motion:** Depending on how Plaintiff's pending motion is resolved, Defendants expect to seek this Court's leave to file a motion for summary judgment demonstrating that the information that Plaintiff seeks to publish is properly classified. The

---

[4] Moreover, a motion for an expedited security clearance process is not the proper forum to consider whether and to what extent any discovery should take place and/or whether ex parte procedures should be permitted. These analytically distinct issues should be the subject of full briefing after discovery has occurred.

Defendants previously sought such leave in a letter dated June 13, 2016, *see* ECF No. 116. The Court denied that request, noting "Defendants that [had] offered no legal authority or argument suggesting that permitting them to file a motion under Rule 56 at [that] juncture in this case—prior to any responsive pleading, a Rule 16 scheduling conference, and an opportunity for discovery—would be appropriate." Order Denying Govt's Request for Summary Judgment Conference; Setting Deadline for Responsive Pleading, ECF No. 119 at 1.

Defendants have now filed their responsive pleading, *see* ECF No. 120, and respectfully submit that the case law addressing challenges to agency determinations that information cannot be published because it is classified provides that the next appropriate step in such a case is the Court's review of the Government's submissions explaining why the information in question is properly classified. *See e.g., Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003); *McGehee v. Casey*, 718 F.2d 1137, 1149 (D.C. Cir. 1983). The D.C. Circuit in *Stillman* thus held that it was an abuse of discretion for the district court in that case to order that plaintiff's counsel be given access to classified information, rather than first undertaking an *in camera* review of the Government's submission to determine whether the information at issue in that case was properly classified. 319 F.3d at 548–49. Following *Stillman*, the court in *Boening v. CIA*, 579 F. Supp. 2d 166 (D.D.C. 2008), rejected a request for a plaintiff and plaintiff's counsel to have access to classified materials—including the classified version of the document that the plaintiff in that case sought to publish—because such cases "can and should begin with *ex parte* and *in camera* consideration." *Id.* at 174 (*citing* 319 F.3d at 548–49).[5]

Moreover, as Defendants will explain in their forthcoming opposition to Plaintiff's Motion, Defendants are aware of no case challenging the Government's determination that material is classified in which a court has ordered discovery of classified materials, or granted security clearances to counsel for a private party, or permitted discovery into the process by

---

[5] This approach is similar to that which courts routinely take in actions under the Freedom of Information Act in which the Government asserts that information is exempt from disclosure because it is classified. *See, e.g., EFF v. Dep't of Justice*, 2014 WL 3945646, at *5 (N.D. Cal. Aug. 11, 2014), *appeal dismissed* (Feb. 4, 2015), (finding that the Government had appropriately withheld classified information pursuant to FOIA exemption (b)(1) based on "[the Government's] showing, and the Court's review of the documents themselves").

1  which information was determined to be classified as Plaintiff indicates it will request in this
2  case, *see* Pls.' Mot. ¶ 7, and there are important policy reasons why such an approach is neither
3  necessary nor appropriate in such cases, *cf. Al-Haramain Islamic Found. Inc. v. U.S. Dep't of*
4  *Treasury*, 686 F.3d 965, 983 (9th Cir. 2012) (noting that the Government may have a legitimate
5  interest in shielding information even from cleared counsel, and citing a case in which such
6  disclosure led to "unauthorized disclosure of military secrets") (quoting *Gen. Dynamics Corp. v.*
7  *United States*, 563 U.S. 478, 482 (2011)).  Defendants look forward to the opportunity to present
8  their position more fully to the Court in their forthcoming response to the Plaintiff's Motion

## V.   AMENDMENT OF PLEADINGS

10  The parties do not presently anticipate that any additional parties will be joined or that
11 further amendments to the pleadings will be necessary, but they reserve the right to make any
12 such amendments.

## VI.   EVIDENCE PRESERVATION

14  Each party represents that it has instituted reasonable document retention procedures so
15 as to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

## VII.   DISCLOSURES

17  The parties conducted a conference pursuant to Federal Rule of Civil Procedure 26(f) on
18 January 5, 2015.

19  Plaintiff has consistently maintained that initial disclosures are appropriate and proposes
20 that the parties serve initial disclosures pursuant to Fed. R. Civ. Proc. 26(a) by November 14,
21 2016.

22  Pursuant to Federal Rule of Civil Procedure 26(a)(1)(C), the defendants object that initial
23 disclosures are not appropriate in this action because the Plaintiff's claims should be resolved
24 following the procedure described in Section IV above.

## VIII.   DISCOVERY

### A.   Discovery to Date

27  No discovery has yet been taken by the parties.

1 **Plaintiff's Position:** Because Twitter has filed a Second Amended Complaint that Defendants have answered, Twitter is prepared to begin conducting discovery in the case. Plaintiff is entitled to take discovery of Defendants' bases, if any, for its purported classification decisions, as well as of related classification decisions made by the government. This discovery is essential to allow Twitter to meaningfully contest Defendants' claimed rationale for its redactions to Twitter's transparency report. Twitter intends to propound limited, targeted discovery tailored to the primary legal issues raised in its Second Amended Complaint. Twitter's discovery will include requests for information related to:

- The classification review undertaken by Defendants in preparing FBI General Counsel Jim Baker's pre-litigation letter to Twitter's counsel stating that the draft Transparency Report contains classified information, *see* ECF No. 1, Ex. 5, and the classification review undertaken by Defendants in preparing the post-litigation redacted Transparency Report, *see* ECF No. 21, Ex. 1;

- Other classification determinations and justifications made by Defendants and relating to their decisions to declassify and permit publication of specified *aggregate* bands of FISA orders and/or NSLs received (if any), and other analyses of the effect on national security of disclosure of such information—includin*g an*y declassification determinations related to the information permitted to be disclosed under the DAG Letter and USA FREEDOM Act;

- Additional bases for justifying non-disclosure of information in the draft Transparency Report beyond national security classification under Executive Order 13526;

- Classification determinations, including exceptions to such requirements, regarding Defendants' sharing with Twitter of classified FISA orders and/or NSLs, if any, and information pertaining to such FISA orders or NSLs, if any, served on Twitter;

- Bases for and examples of classification restrictions preventing an electronic communications service from disclosing whether it received zero of a particular type of FISA order or NSL;

- Classification determinations regarding electronic communications services' reporting of the number of FISA orders or NSLs received within the parameters permitted under the DAG Letter and USA Freedom Act; and
- The identification of classification policies and procedures, if any, that apply to determining the length of time that material should remain classified and how those policies may apply to the draft Transparency Report.

Twitter intends to seek this discovery through specific requests, including but not limited to depositions, document requests, requests for admissions, and interrogatories. Depending on the specific topic, document requests would be reasonably limited to certain custodians, key words, and/or time periods.

Twitter is fully prepared to cooperate with Defendants to implement the requisite procedures and protections to maintain the confidentiality and security of any classified discovery that is produced by Defendants. This can include the institution of a protective order to govern this action.

**Defendants' Position:** For the reasons set forth in Section IV above, Defendants believe that discovery is neither necessary nor appropriate in this case.

### B. Preservation of Evidence

Each party represents that it has instituted reasonable document retention procedures so as to maintain relevant documents, electronic or otherwise, until this dispute is resolved.

### C. Protective Order

Plaintiff believes that a protective order may be appropriate to allow for the designation of material produced in discovery.

Defendants submit that no protective orders will be appropriate in this action in light of the proper manner in which the remaining claims should be adjudicated, described in Section IV above.

### D. Privilege and Privilege Logs

If and when necessary, the parties will address issues relating to privilege and privilege logs.

**IX.   RELATED CASES**

There are no related cases pending before this Court or any other United States District Court or regional Circuit Court of Appeals. Defendants assert that any proceedings before the Foreign Intelligence Surveillance Court that have resulted in or involved any orders or directives to Twitter to produce information to the Government, or to refrain from publicly disclosing information, are related to this action, if there are such proceedings.

**X.   RELIEF**

Twitter seeks declaratory and injunctive relief as outlined in the Second Amended Complaint. ECF No. 114.

Defendants deny that Plaintiff is entitled to the foregoing relief or to any relief in this action.

**XI.   SETTLEMENT AND ADR**

The parties discussed Alternative Dispute Resolution during the Rule 26(f) conference. Neither defendants nor Twitter believes that ADR would be appropriate at this time, given the nature of the claims raised and the relief sought. The parties have filed their ADR Certifications.

**XII.   NARROWING OF ISSUES**

Defendants contend that the Court should narrow further proceedings in the manner described in Section IV above and avoid wasteful and unnecessary litigation in this case over discovery or the granting of security clearances.

Plaintiff opposes Defendants' proposal as a clear attempt to avoid discovery after this Court has already concluded that discovery is the next appropriate step in this litigation.

**XIII.   EXPEDITED TRIAL PROCEDURE**

Twitter does not believe that expedited trial procedures are appropriate for this case.

Defendants maintain that the case should be resolved through the procedures described above at Section IV, and that a trial is not appropriate in a case concerning whether certain information is properly classified.

## XIV.   SCHEDULING

Twitter believes that the Court should set discovery deadlines that allow sufficient time for potential discovery to be served and potential motion practice.

Defendants maintain that it is premature to schedule additional deadlines before the Court has resolved the Plaintiff's currently-pending motion.

## XV.   TRIAL

Twitter estimates that a trial, if necessary, will take 3 days.

Defendants contend that the case should be resolved through the procedures described above at Section IV, and that a trial is not appropriate in a case concerning whether certain information is properly classified.

| | |
|---|---|
| 1 | Agreed to and submitted by: |
| 2 | |
| 3 | Dated: October 17, 2016 |

Dated: October 17, 2016                MAYER BROWN LLP

_____/s/ Andrew John Pincus_____
ANDREW JOHN PINCUS (*Pro Hac Vice*)
apincus@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Telephone:    (202) 263-3220
Facsimile:     (202) 263-3300

MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:    (650) 331-2000
Facsimile:     (650) 331-2060

PERKINS COIE LLP
MICHAEL A. SUSSMANN (D.C. Bar No. 1011549) (*pro hac vice*)
MSussmann@perkinscoie.com
700 Thirteenth St., NW, Suite 600
Washington, DC 20005-3960
Telephone: (202) 654-6333
Facsimile: (202) 654-9127

*Attorneys for Plaintiff*
TWITTER, INC.

Dated: October 17, 2016

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

BRIAN STRETCH
United States Attorney

ANTHONY J. COPPOLINO
Deputy Branch Director

*/s/ Julia A. Berman*
JULIA A. BERMAN, Bar No. 241415
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
julia.berman@usdoj.gov

*Attorneys for Defendants*