BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
BRIAN STRETCH
United States Attorney
ANTHONY J. COPPOLINO
Deputy Branch Director
JULIA A. BERMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 616-8480
Facsimile:  (202) 616-8470
Email: julia.berman@usdoj.gov

Attorneys for Defendants the Attorney General, et al.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC., | Case No. 14-cv-4480 |
| Plaintiff, | |
| v. | |
| LORETTA E. LYNCH, United States Attorney General, *et al.*, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER DIRECTING DEFENDANTS TO INTIATE AN EXPEDITED SECURITY CLEARANCE PROCESS FOR PLAINTIFF'S COUNSEL** |
| Defendants. | |
| | Date: November 22, 2016 |
| | Time: 2:00 pm |
| | Courtroom 1, Fourth Floor |
| | Hon. Yvonne Gonzalez Rogers |

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel


**TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .........................................................................................................................3

DISCUSSION .............................................................................................................................. 4

    I.       The Court Should Deny Plaintiff's Request for a Security Clearance and Undertake *Ex Parte*, *In Camera* Review of the Government's Classification Decisions. ..........................................4

    II.      There is No Support for an Order Requiring Counsel Access in this Setting..........8

CONCLUSION ......................................................................................................... 12

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480             i
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

# TABLE OF AUTHORITIES

**CASES**     **PAGE(S)**

*Al Haramain Islamic Found., Inc. v. Dep't of Treasury*,
    686 F.3d 965 (9th Cir. 2012) ............................................................................................. 8, 9

*Al Haramain Islamic Found., Inc. v. Dep't of Treasury*,
    507 F.3d 1190 (9th Cir. 2007) ................................................................................................ 8

*Al-Haramain Islamic Found. Inc. v. Obama*,
    705 F.3d 845 (9th Cir. 2012) ................................................................................................ 10

*Boening v. CIA*
    579 F. Supp. 2d 166 (D.D.C. 2008) ........................................................................................ 5

*CIA v. Sims*,
    471 U.S. 159 (1985) ................................................................................................................ 7

*Colby v. Halperin*,
    656 F.2d 70 (4th Cir. 1981) .................................................................................................... 7

*Dep't of Navy v. Egan*,
    484 U.S. 518 (1998) ........................................................................................................... 2, 3

*Doe v. Gonzales*,
    449 F.3d 415 (2d Cir. 2006) ............................................................................................ 10, 11

*Doe v. Gonzales*,
    386 F. Supp. 2d 66 (D. Conn. 2005) ................................................................................ 10, 11

*Dorfmont v. Brown*,
    913 F.2d 1399 (9th Cir. 1990) ................................................................................................ 2

*Fitzgibbon v. CIA*,
    911 F.2d 755, 763 (D.C. Cir. 1990) ........................................................................................ 7

*Gardels v. CIA*,
    689 F.2d 1100 (D.C. Cir. 1982) .............................................................................................. 6

*Gen. Dynamics Corp. v. United States*,
    563 U.S. 478 (2011) ........................................................................................................ 9, 11

*Twitter, Inc. v. Lynch, et al.*, Case No. 14-cv-4480     ii
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

*Halkins v. Helms*,
  598 F.2d 1 (D.C. Cir. 1978) .......................................................................................................... 2

*Holder v. Humanitarian Law Project*,
   561 U.S. 1 (2010) ........................................................................................................................ 8

*Horn v. Huddle*,
  699 F. Supp. 2d 236 (D.C. 2010) .............................................................................................. 10

*Horn v. Huddle*,
  647 F. Supp. 2d 55 (D.D.C. 2009) ............................................................................................ 10

*Horn v. Huddle*,
  636 F. Supp. 2d 10 (D.D.C. 2009) ............................................................................................ 10

*KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner*,
  710 F. Supp. 2d 637 (N.D. Ohio 2010) ...................................................................................... 9

*Latif v. Holder*,
  28 F. Supp. 3d 1134 (D. Or. 2014) ............................................................................................. 9

*Latif v. Lynch*,
  No. 3:10-cv-00750-BR (D. Or. Oct. 6, 2016) ............................................................................ 9

*Mohamed v. Jeppesen Dataplan, Inc.*,
  614 F.3d 1070 (9th Cir. 2010) .................................................................................................... 2

*In re NSA Telecom. Records Litig.*,
   595 F Supp. 2d 1077 (N.D. Cal. 2009) ...................................................................................... 9

*In re NSA Telecom. Records Litig.*,
  700 F. Supp. 2d 1182 (N.D. Cal. 2010) .................................................................................... 10

*N.S.N. Int'l Industry v. E.I. DuPont*,
  140 F.R.D. 275 (S.D.N.Y. 1991) .............................................................................................. 11

*Shaffer v. DIA*,
  102 F. Supp. 3d 1 (D.D.C. 2015) ........................................................................................... 5, 6

*Snepp v. United States*,
   444 U.S. 507 (1980) ................................................................................................................ 1, 6

*Sterling v. Tenet*,
  416 F.3d 338 (4th Cir. 2005) ...................................................................................................... 2

*Twitter, Inc. v. Lynch, et al.*, Case No. 14-cv-4480                                                                          iii
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

*Stillman v. CIA*,
  319 F.3d 546 (D.C. Cir. 2003) ............................................................................................... *passim*

*Stillman v. CIA*,
  209 F Supp. 2d 185 (D.D.C. 2002) ................................................................................................ 7

*United States v. Daoud*,
  755 F.3d 479 (7th Cir. 2014) ....................................................................................................... 11

*United States v. Marchetti*,
  466 F.2d 1309 (4th Cir. 1972) ....................................................................................................... 6

*United States v. Reynolds*,
  345 U.S. 1 (1953) ........................................................................................................................... 2

*Wilson v. CIA*,
  586 F.3d 171 (2d Cir. 2009) ........................................................................................................... 6

**U.S. CONSTITUTION**
U.S. Const., Art. II, § 2 ...................................................................................................................... 3

**STATUTES**
18 U.S.C. § 2709 ............................................................................................................................. 10
50 U.S.C. § 1702(c) ........................................................................................................................... 9

**EXECUTIVE ORDERS**
Exec. Ord. 13526 ..................................................................................................................... 2, 3, 4
Exec. Ord. 12958 ................................................................................................................................ 4

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                              iv
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

**INTRODUCTION**

Defendants respectfully submit this opposition to the Plaintiff's Motion for an Order Directing Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel, ECF No. 124 (the "Plaintiff's Motion"). Plaintiff's Motion asks the Court to order the Government to initiate a background investigation so that Plaintiff's counsel in this litigation may obtain a security clearance. Plaintiff indicates that the reason for its request is to facilitate counsel's access to a range of classified information potentially implicated by this case, including not only classified information redacted from the draft Transparency Report, Pl's Mot. ¶ 6, but any classified information at issue in discovery that Plaintiff intends to seek, *see id.* ¶ 7.[1] In short, Plaintiff's motion presumes that in a civil action of this nature—which involves a challenge to the Government's determination that certain information related to national security legal process is properly classified—plaintiff's counsel is entitled to court-ordered access to classified information in order to litigate the case. That approach would be contrary to the principles of law applicable in this case.

First, as this Court has already recognized, the First Amendment does not permit a person subject to secrecy obligations to disclose classified national security information. *See* Order Granting in Part and Denying in Part Mot. to Dismiss Am. Complaint, ECF No. 113 (May 2, 2016) at 8 (citing *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (per curiam)). In cases where a party subject to secrecy requirements claims a First Amendment right to publish that information, courts review whether the information at issue is properly classified through the submission of declarations by the Government, including classified declarations submitted solely for *in camera, ex parte* review to which private counsel does not have access. *See id.* (citing *Stillman v. CIA*, 319 F.3d 546, 548–49 (D.C. Cir. 2003) (describing procedures for challenge to

---

[1] Plaintiff's Motion indicates that it intends to seek discovery regarding "the initial classification review of the draft Transparency Report, the subsequent classification review that produced the redacted draft Transparency Report, other classification determinations and justifications relating to disclosure of aggregate numbers of FISA orders received (if any), other analyses of the effect on national security of disclosure of such information, and classification determinations regarding Defendants' sharing of information pertaining to specific FISA orders (if any) with Twitter." Pl's Mot. ¶ 7.

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                                      1
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

classification decision).  Plaintiff's Motion presents no authority to the contrary and, as explained below, the authority Plaintiff does cite is manifestly inapposite.

Second, the law is also clear that the authority to determine who may have access to classified information "is committed by law to the appropriate agency of the Executive Branch," and "flows primarily from [a] constitutional investment of power in the President." *Dep't of the Navy v. Egan*, 484 U.S. 518, 526–27, 29 (1988); *see also Dorfmont v. Brown*, 913 F.2d 1399, 1401 (9th Cir. 1990).  Pursuant to his constitutional authority, the President has issued an Executive Order which, *inter alia*, governs how and when a person may be granted access to classified information, and which includes two distinct but related requirements in that regard— a) a requirement that there be not only a favorable determination of eligibility for access by an agency head or the agency head's designee, but also b) a "need-to-know" determination made "within the executive branch . . . that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." Exec. Order No. 13526, 75 Fed. Reg. 707 (Dec. 29, 2009) at § 6.1(dd).  Plaintiff's Motion mentions none of this authority, and in demanding that the Court order a clearance background investigation, disregards the Government's clear discretion in granting access to classified information.

Third, courts have rightly declined to grant access to classified information to private counsel in civil actions not only in review of the claims raised here, *see e.g., Stillman,* 319 F.3d 546, but in cases where state secrets are at issue or risk of disclosure.  *See Sterling v. Tenet*, 416 F.3d 338, 348 (4th Cir. 2005) (rejecting access by private counsel); *Halkins v. Helms*, 598 F.2d 1, 7 (D.C. Cir. 1978) (same); *cf. Mohamed v. Jeppesen Dataplan, Inc*., 614 F.3d 1070, 1089 (9th Cir. 2010) (rejecting "protective procedures" where state secrets are at risk of disclosure). Indeed, the Supreme Court has directed that review of classified information "even by the judge alone, in chambers" should be limited solely to that which is necessary.  *See United States v. Reynolds*, 345 U.S. 1, 10 (1953).

Consistent with this authority, cases like this raising a First Amendment challenge to a Government classification decision begin with an *ex parte*, *in camera* review of the

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480　　　　　　　　　　　　　　　　　　　　　　2
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

1  Government's explanation for why the information at issue is classified, and not with a security
2  background investigation and issuance of security clearances to private counsel, as Plaintiff
3  urges here. So far as the Government is aware, not a single case has ordered access to classified
4  information by private counsel in judicial review of the kind of claim raised here, and Plaintiff
5  identifies no reason why this Court should be the first to chart a different path. For these
6  reasons, set forth further below, Plaintiff's Motion should be denied.

## BACKGROUND

8  The Constitution vests the Executive with exclusive responsibility for the protection and
9  control of national security information. *Egan*, 484 U.S. at 527 (citing U.S. Const., Art. II, § 2).
10 Pursuant to that authority, the President issued Executive Order 13526: Classified National
11 Security Information. This Executive Order delineates what constitutes classified national
12 security information, and defines three levels of classification: (1) "Confidential" information is
13 information the unauthorized disclosure of which reasonably could be expected to cause damage
14 to the national security; (2) "Secret" information is information the unauthorized disclosure of
15 which reasonably could be expected to cause serious damage to the national security; and (3)
16 "Top Secret" information is information the unauthorized disclosure of which reasonably could
17 be expected to cause exceptionally grave damage to the national security. *See* Exec. Order No.
18 13526 at § 1.2.

19 Executive Order 13526 also sets forth the three requirements that must be fulfilled before
20 a person may have access to such information. A person may access classified information only
21 if: (1) a favorable determination of eligibility for access has been made by an agency head or the
22 agency head's designee; (2) the person has signed an approved nondisclosure agreement; and (3)
23 the person has a need-to-know the information. *Id.* at § 1.4(a). The third requirement, a "need-
24 to-know" the information, is specifically defined as "a determination within the executive branch
25 . . . that a prospective recipient requires access to specific classified information in order to
26 perform or assist in a lawful and authorized governmental function." *Id.* at § 6.1(dd). Subject to
27 narrow exceptions not applicable here, *see id.* at § 4.4, an individual—even a Government

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                3
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

official possessing an active security clearance—must fulfill all three requirements before that individual may access classified information.

## DISCUSSION

I. **The Court Should Deny Plaintiff's Request for a Security Clearance and Undertake *Ex Parte*, *In Camera* Review of the Government's Classification Decisions.**

As this Court noted in its May 2, 2016 Order, *Stillman v. CIA*, 319 F.3d 549 (D.C. Cir. 2003), describes the procedures for challenging Government classification decisions in cases of this nature – a First Amendment challenge by persons subject to secrecy restrictions on their ability to publish information determined to be classified. *See* Order ECF No. 113 at 8 (citing *Stillman*, 319 F.3d at 548–49). *Stillman* teaches that, in such a case, a Court must "determine first whether it can resolve the classification *ex parte*" by "evaluat[ing] the pleadings and affidavits . . . submitted by the Government in defense of its classification decision." 319 F.3d at 548. Importantly, *Stillman* also specifically rejects the approach that Plaintiff urges here.

In that case, Danny Stillman, a former employee of the Los Alamos National Laboratory who had had access to classified information as part of his employment, later wrote a book about China's nuclear weapons program. *Id.* at 547. Stillman submitted his book for prepublication review by the Government, and, after the Government informed him that his manuscript could not be published because it contained classified information, he filed suit alleging that that determination violated his First Amendment rights. *Id.* Stillman's attorney, like Plaintiff's counsel here, requested access to the classified materials at the center of that dispute, the manuscript that Stillman sought to publish. *Id.* The district court ordered the Government to conduct a background investigation of Plaintiff's counsel, and to provide counsel access to the classified manuscript. *Id.* The Government conducted the investigation, as it had been ordered to do, and found that counsel was eligible for a clearance, but appealed the district court's decision that counsel should be given access to the classified materials because counsel lacked the need-to-know required by Executive Order 12958.[2] *Id.* On appeal, the D.C. Circuit reversed the district court's decision. *Id.* at 548. The D.C. Circuit explained that "[i]f the Government

---

[2] Executive Order 12958 governed access to classified information prior to the issuance of Executive Order 13526. *See* Executive Order 12958, 60 Fed. Reg. 19825 (Apr. 17, 1995).

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                                          4
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

classified the information properly, then Stillman simply has no first amendment right to publish it." *Id.* Thus, the D.C. Circuit held that the appropriate next step was for the district court to determine, based on its *ex parte* review of the classified materials, and any submissions by the Government and Stillman, "whether it [could], consistent with the protection of Stillman's first amendment rights to speak and publish, and with the appropriate degree of deference owed to the Executive Branch concerning classification decisions, resolve the classification issue *without* the assistance of plaintiff's counsel." *Id.* at 549 (emphasis added). The district court's decision to skip this analysis and to order the Government to initiate a background investigation of Stillman's counsel amounted to an abuse of discretion. *Id.* at 548.

*Stillman* has, since its issuance, guided courts in addressing similar situations. For example, in *Boening v. CIA*, the Court followed *Stillman*'s holding that "prepublication review cases can and should begin with *ex parte* and *in camera* consideration." 579 F. Supp. 2d 166, 174 (D.D.C. 2008). In *Boening*, a CIA employee submitted to the CIA a memorandum (the "M Complaint") arguing that the CIA had violated the law by allegedly maintaining "a special relationship" with a certain foreign individual who, according to the plaintiff, had committed unlawful human rights violations and criminal acts. *Id.* at 168. He also sought to publicly disseminate the M Complaint, but the CIA determined that it contained classified information and therefore could not be published as written. *Id.* at 168–69. Following his retirement from the CIA, the former employee brought a lawsuit alleging that the agency had violated the First Amendment by prohibiting him from publishing the M Complaint as he had written it. *Id.* at 170. In connection with that litigation, the former employee sought access for himself and his counsel to the classified version of the M Complaint, and to the classified declaration the Government had filed in that case in support of its classification decision. *Id.* at 174. Citing *Stillman*, the court denied the plaintiff's motion, notwithstanding that the M Complaint contained classified information that had been known to the plaintiff (since he had written the M Complaint). *Id.* at 174–75; *see also Shaffer v. DIA*, 102 F. Supp. 3d 1, 10 (D.D.C. 2015) (in prepublication review matter finding that "a district court must first attempt to resolve a

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                                   5
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

classification challenge ex parte") (citing *Stillman*, 319 F.3d at 548–49), *appeal dismissed following withdrawal by appellant*, 2015 WL 9008153 (D.C. Cir. Nov. 10, 2015).

The approach that the courts have taken in such cases makes sense. In the assessment of whether information is properly classified, private plaintiffs have neither the authority nor the expertise to assist in a court's analysis. *See, e.g.*, *United States v. Marchetti*, 466 F.2d 1309, 1318 (4th Cir. 1972) ("The significance of one item of information may frequently depend upon knowledge of many other items of information. What may seem trivial to the uninformed, may appear of great moment to one who has a broad view of the scene and may put the questioned item of information in its proper context."). For this reason, courts repeatedly have rejected even the views of individual plaintiffs with experience in national security matters, including former analysts and case officers. *See, e.g.*, *Snepp*, 444 U.S. at 512 ("When a former agent relies on his own judgment about what information is detrimental, he may reveal information that the CIA – with its broader understanding . . . could have identified as harmful."); *Gardels v. CIA*, 689 F.2d 1100, 1106 & n.5 (D.C. Cir. 1982) (former agent's "own views as to the lack of harm which would follow the disclosure requested by plaintiff" is insufficient to justify further inquiry beyond the Agency's "plausible and reasonable" informed position).

Instead, recognizing the Executive Branch's inherent and unique expertise regarding the potential adverse consequences of the disclosure of national security information, courts "defer to the Government's judgment as to the harmful results of publication." *Shaffer*, 102 F. Supp. 3d at 11. The inquiry in such cases focuses on whether the Government "in fact had good reason to classify and therefore censor the materials at issue." *Id.* (citation omitted). Specifically, courts require that the Government justify its redactions "with reasonable specificity, demonstrating a logical connection between the detailed information and the reasons for classification." *Id.* (citation omitted); *see also, e.g, Wilson v. CIA*, 586 F.3d 171, 185–86 (2d Cir. 2009) ("[A] court may require that CIA explanations justify censorship with reasonable specificity, demonstrating a logical connection between the deleted information and the reasons for classification."). "The court's task is not to second-guess the Agency, but simply to ensure that its reasons for classification are rational and plausible ones." *Wilson*, 586 F.3d at 185–86 (citation omitted).

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                      6
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

1  Indeed, Defendants are not aware of a case such as this where a party challenged the
2  Government's classification determination and a court required that party's counsel to be given
3  access to classified information, or ordered discovery into the process by which that information
4  was classified, as Plaintiff intends to seek here, *see* Pl's Mot. ¶ 7.[3]  Furthermore, in proceeding
5  first to *in camera*, *ex parte* review, and avoiding potentially unnecessary disclosure of classified
6  information, courts have been guided by the understanding that every disclosure of classified
7  information—even a disclosure to cleared counsel—carries with it inherent risk.  *See, e.g.*, *Colby*
8  *v. Halperin*, 656 F.2d 70, 72 (4th Cir. 1981) ("Disclosure to one more person, particularly to one
9  found by the [Government] to be a person of discretion and reliability, may seem of no great
10 moment, but information may be compromised inadvertently as well as deliberately.")  Plaintiff
11 cites no reason why this Court should now become the first to disregard this authority and
12 identifies no case law that would support such a step.

13  Plaintiff asserts, without explanation, that "the gravamen of [its] claim requires a detailed
14 analysis of the redacted information in the draft Transparency Report" and that its defense would
15 be "severely handicapped" without it.  Pl's Mot. ¶ 6.  But that misapprehends how the question
16 at issue—why is certain information properly classified—is to be judged.  As set forth herein, the
17 law is clear that determinations as to which disclosures would harm national security fall within
18 the purview and expertise of the Executive Branch, and so long as the Government sets forth a
19 reasoned basis for its judgment, courts defer to that expertise.  *CIA v. Sims*, 471 U.S. 159, 179
20 (1985) (decisions of the CIA Director, "who must of course be familiar with 'the whole picture,'
21 as judges are not, are worthy of great deference given the magnitude of the national security
22 interests and potential risks at stake.  It is conceivable that the mere explanation of why
23 information must be withheld can convey valuable information to a foreign intelligence
24 agency."); *Fitzgibbon v. CIA*, 911 F.2d 755, 763 (D.C. Cir. 1990) (evaluating harms to national
25 security concerning the disclosure of classified sources "is a task to which judges and courts are

---

[3] There have been instances where plaintiffs' attorneys had access to classified information in connection with prepublication review cases. *See Stillman v. Dep't of Defense*, 209 F Supp. 2d 185, 228 (D.D.C. 2002) (citing cases), *rev'd sub nom.*, *Stillman v. CIA*, 319 F.3d 546 (D.C. Cir. 2003).  However, in reversing, the D.C. Circuit decision in *Stillman* made clear that that is not a basis for a court to *require* the Government to provide such access in the course of litigation.

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                              7
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

unsuited"); *cf. Holder v. Humanitarian Law Project*, 561 U.S. 1, 34 (2010) ("when it comes to collecting evidence and drawing factual inferences [on national security matters], the lack of competence on the part of the courts is marked, and respect for the Government's conclusions is appropriate") (citation omitted). Private entities, which also lack access to the broad picture of information pertaining to the nation's security, likewise are in no position to second-guess classification determinations, and review of such national security judgments is appropriately undertaken on an *ex parte, in camera* basis. *See Al-Haramain Islamic Found., Inc. v. Bush*, 507 F.3d 1190, 1203 (9th Cir. 2007) ("The process of *in camera* review ineluctably places the court in a role that runs contrary to our fundamental principle of a transparent judicial system. It also places on the court a special burden to assure itself that an appropriate balance is struck between protecting national security matters and preserving an open court system. That said, we acknowledge the need to defer to the Executive on matters of foreign policy and national security and surely cannot legitimately find ourselves second guessing the Executive in this arena.")

**II.     There is No Support for an Order Requiring Counsel Access in this Setting.**

While neglecting to discuss the *Stillman* line of authority, which is most on point, and which the Court cited in its prior decision, Plaintiff cites *Al-Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury*, 686 F.3d 965 (9th Cir. 2012), and five district court cases in support of its motion. *See* Pl's Mot. ¶ 9. But none of those decisions involved a challenge to a Government determination that material could not be published because it was classified, granted discovery regarding a classification decision, or resulted in the plaintiffs' counsel receiving access to classified information.

In fact, the reasoning of *Al-Haramain* supports a contrary result. There, the plaintiff entities brought a due process challenge to their groups' designations as terrorist organizations. *See* 686 F.3d 965. Notwithstanding that such a designation "indefinitely render[ed] a domestic organization financially defunct," *id.* at 980, the Court held that the Government "may use classified information, without disclosure, when making designation determinations." *Id.* at 982. Although the Court instructed that "possible avenues" be considered in such cases to allow the designated entities to respond to the designations more effectively, including through possible

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                                          8
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

unclassified summaries or access for cleared counsel, *id.* at 984, the Court acknowledged that "disclosure may not always be possible," and that the Government "might have a legitimate interest in shielding [classified] materials even from someone with the appropriate security clearance." *Id.* at 983. Indeed, the Court highlighted the Supreme Court's observation that a disclosure "to a limited number of lawyers [had] led to 'unauthorized disclosure of military secrets.'" *Id.* (quoting *Gen. Dynamics Corp. v. United States*, 563 U.S. 478, 482 (2011)). Consistent with those realities—even in the context of a due process challenge to a designation that "completely shutter[ed] all domestic operations" of the plaintiff entities, *id.* at 979—the Ninth Circuit did not order counsel access as Plaintiff would have this Court do.[4]

      Consistent with the Ninth Circuit's guidance, the district court in *Latif v. Lynch*, the same litigation to which Plaintiff refers, *see* Pl's Mot. ¶ 9, recently determined that unclassified summaries of the Government's reasons for placing the plaintiffs in that litigation on the No-Fly List were adequate, based on the Government's submission of *ex parte*, *in camera* explanations of why additional disclosures could not be made consistent with national security. *See* Order, No. 3:10-cv-00750-BR (D. Or. Oct. 6, 2016), attached hereto as Ex. 1 ("October 6, 2016 Order") at \*\*3–5. The recent *Latif* decision reflects that, although the district court may have referred to a possibility that the Government "may choose" to provide counsel access to classified information, *see Latif v. Holder*, 28 F. Supp. 3d 1134, 1162 (D. Or. 2014), the court did not determine that such disclosure was necessary or appropriate in that case. *See* October 6, 2016 Order.

      Similarly, the remaining orders upon which Plaintiff relies did not address claims analogous to the instant case, or result in plaintiffs' counsel gaining access to classified information. Plaintiff cites *In re National Security Agency Telecommunications Records Litigation*, 595 F Supp. 2d 1077 (N.D. Cal. 2009), *see* Pl's Mot. ¶ 9, a case involving a challenge

---

[4] Likewise, in *KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner*, 710 F. Supp. 2d 637 (N.D. Ohio 2010), another due process case brought by a designated terrorist organization upon which Plaintiff relies, *see* Pl's Mot. ¶ 9, the district court did not compel the Government to provide counsel access to classified information, and no such access occurred. On the contrary, Congress has, by statute, specifically authorized the *ex parte* submission of classified information in support of such terrorist designation. 50 U.S.C. § 1702(c).

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                   9
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

to a Government surveillance program, but fails to note extensive subsequent proceedings in that case in which the Government vigorously and successfully opposed any access by plaintiffs' counsel to the classified information at issue. *See In re Nat'l Sec. Agency Telecomms. Litig.*, 700 F. Supp. 2d 1182, 1191–92 (N.D. Cal. 2010) (describing Government's refusal to grant security clearances) *rev'd sub nom. Al-Haramain Islamic Found. Inc. v. Obama*, 705 F.3d 845 (9th Cir. 2012) (reversing and vacating judgment against United States for lack of waiver of sovereign immunity). No such access was ultimately compelled; a resulting final judgment of liability against the Government, based in part on its refusal to rebut plaintiffs' claims with classified information, was reversed by the Ninth Circuit and the case dismissed. *See id.*

*Horn v. Huddle*, 647 F. Supp. 2d 55 (D.D.C. 2009), also cited by Plaintiff, *see* Pl's Mot. ¶ 9, likewise provides no support for Plaintiff's position. *Horn* was a case in which a former Drug Enforcement Agency employee alleged that other former government employees surveilled him in violation of his Fourth Amendment rights, and the Government asserted the state secrets privilege. *See Horn v. Huddle*, 636 F. Supp. 2d 10, 13 (D.D.C. 2009). Although Plaintiff correctly mentions that the district court's order contemplating counsel access was vacated due to a settlement in that case, *see* Pl's Mot. ¶ 9, it is important to note that, before the settlement, the Government had appealed the district court's order and the D.C. Circuit had granted a stay of that order pending appeal, and set a schedule for expedited briefing. *See* Case No. 09-5311, Dkt. No. 1205471 (D.C. Cir.). Both the underlying district court case and the appeal were dismissed as a result of the settlement. *See* Case No. 09-5311, Dkt. No. 1241679 (D.C. Cir.); *Horn v. Huddle*, 699 F. Supp. 2d 236, 238–39 (D.C. 2010).

So, too, in *Doe v. Gonzales*, 386 F. Supp. 2d 66 (D. Conn. 2005), the final case that Plaintiff cites; *see* Pl's Mot. ¶ 9; as in *Horn*, the Government appealed the decision, and the appeal was subsequently dismissed. *See Doe v. Gonzales*, 449 F.3d 415 (2d Cir. 2006). *Doe* had focused on the plaintiffs' request to disclose information that had been protected by 18 U.S.C. § 2709. The court in that case considered the Government's *ex parte*, *in camera* submissions regarding why the information in question should be protected on a preliminary injunction motion, but indicated that, going forward, "it would be appropriate, if possible, to seek to obtain

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                    10
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

clearance" for plaintiff's counsel. *Doe*, 386 F. Supp. 2d at 71. The Government appealed the court's decision, but subsequently determined that the protected information at issue (the identity of plaintiff "Doe") could be released. *Doe*, 449 F.3d 415. Thus, the appeal was mooted and dismissed. As in every other case cited by Plaintiff, no classified information was disclosed to the plaintiffs' counsel.

Finally, it is of no consequence if other counsel or personnel for plaintiff Twitter may have received security clearances in connection with the receipt of national security legal process prior to litigation. The issue at hand is whether private counsel are entitled to access classified information *in this civil litigation*. Persons that possess a security clearance for one matter are not thereby entitled to gain access to classified information in connection with a related judicial action. *See Gen. Dynamics Corp.*, 563 U.S. at 482–83 (Government protected classified information in litigation against defense contractors with cleared counsel); *N.S.N. Int'l Industry v. E.I. DuPont*, 140 F.R.D. 275 (S.D.N.Y. 1991) (same).[5] Granting access to private counsel in these circumstances would transform security clearance determinations from discretionary judgments by the Executive Branch in order to serve particular governmental functions, to mandatory obligations that arise whenever private litigants that had access to classified information file a civil action against the Government which puts that information at issue. Multiplied by the numerous civil cases that could be brought against the Government in these circumstances, such a requirement would also continually compound the risk of harmful disclosures arising from civil litigation.

For these reasons, the Court should not order the Government to undertake security background investigations for purposes of discovery or access to classified information in this case, particularly where the law is well developed that judicial review of the claim at issue

---

[5] In addition, a finding of "trustworthiness" in granting access to classified information does not entitle a person to access any and all classified information for any purpose. At most, a current clearance may resolve the first inquiry of suitability, but not the separate need to know determination. *See, e.g.*, *United States v. Daoud*, 755 F.3d 479, 484 (7th Cir. 2014) ("It's . . . a mistake to think that simple possession of a security clearance automatically entitles its possessor to access classified information . . . . [I]n addition to having the requisite clearance the seeker must convince the holder of the information of the seeker's need to know.").

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                11
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

should proceed through *in camera, ex parte* review.[6]  Such an order risks sidetracking the case into potentially complex litigation over access to classified information.[7]  In the two years in which this case has been pending, the Plaintiff has interposed claims and theories which have delayed consideration of the core issue in the case: is the information at issue properly classified?  The Court should review this straightforward question under established procedures for judicial review.

## CONCLUSION

For all of these reasons, Defendants respectfully request that the Court deny the Plaintiff's Motion.

Dated: October 21, 2016                      Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

BRIAN STRETCH
United States Attorney

ANTHONY J. COPPOLINO
Deputy Branch Director

  */s/ Julia A. Berman*
JULIA A. BERMAN, Bar No. 241415
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
julia.berman@usdoj.gov

*Attorneys for Defendants*

---

[6] Notably, when the Government prepares a classified declaration to be submitted to an Article III judge for *in camera, ex parte* review, it often provides a level of detail that exceeds the bounds of whatever a party who had pre-litigation access to some classified information would know or have a need to know.

[7] Granting Plaintiff's motion will set the stage for potential disputes over the denial of access by the Government for purposes of this case, or for assertions of privilege in response to discovery demands for classified information.  Such potential disputes can be avoided if the Court follows the course set by other courts for resolving similar First Amendment claims.

*Twitter, Inc. v. Lynch, et al.,* Case No. 14-cv-4480                                                                12
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel