BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
BRIAN STRETCH
United States Attorney
ANTHONY J. COPPOLINO
Deputy Branch Director
JULIA A. BERMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

 P.O. Box 883
 Washington, D.C.  20044
 Telephone:  (202) 616-8480
 Facsimile:  (202) 616-8470
 Email: julia.berman@usdoj.gov

Attorneys for Defendants the Attorney General, et al.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC., | Case No. 14-cv-4480 |
| Plaintiff, | |
| v. | |
| LORETTA E. LYNCH, United States Attorney General, *et al.*, | |
| Defendants. | |

### EXHIBIT 1

*Twitter, Inc. v. Lynch, et al.*, Case No. 14-cv-4480
Defendants' Opposition to Plaintiff's Motion for an Order Directing
Defendants to Initiate an Expedited Security Clearance Process for Plaintiff's Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AYMAN LATIF; MOHAMED SHEIKH                  3:10-cv-00750-BR
ABDIRAHMAN KARIYE; RAYMOND
EARL KNAEBLE, IV; NAGIB ALI                  ORDER
GHALEB; ABDULLATIF MUTHANNA;
FAISAL NABIN KASHEM; ELIAS
MUSTAFA MOHAMED; IBRAHEIM Y.
MASHAL; SALAH ALI AHMED;
AMIR MESHAL; STEPHEN DURGA
PERSAUD; and MASHAAL RANA,

        Plaintiffs,

v.

LORETTA E. LYNCH, in her
official capacity as Attorney
General of the United States;
JAMES B. COMEY, in his official
capacity as Director of the
Federal Bureau of Investigation;
and CHRISTOPHER M. PIEHOTA, in
his official capacity as Director
of the FBI Terrorist Screening
Center,

        Defendants.


BROWN, Judge.

    This matter comes before the Court on the parties' remaining

Cross-Motions for Summary Judgment.  Those Motions are:


1 - ORDER

1.    Plaintiffs' individual Renewed Motions (#210, #212, #214, #216, #218, #220) for Partial Summary Judgment; and

2.    Defendants' Cross-Motions (#241, #242, #247, #248, #249, #250) for Partial Summary Judgment regarding individual Plaintiffs.

On March 28, 2016, the Court issued an Opinion and Order (#321), *Latif v. Lynch*, No. 3:10-cv-00750-BR, 2016 WL 1239925, at *15 (D. Or. Mar. 28, 2016), in which it granted in part and denied in part Defendants' Combined Cross-Motion (#251) for Partial Summary Judgment; denied Plaintiffs' Renewed Combined Motion (#206) for Partial Summary Judgment; and deferred ruling on Defendants' Cross-Motions (#241, #242, #247, #248, #249, #250) for Partial Summary Judgment regarding individual Plaintiffs and Plaintiffs' individual Renewed Motions (#210, #212, #214, #216, #218, #220) for Partial Summary Judgment to permit Defendants to supplement the record as the Court directed with sufficient information for the Court to complete its analysis and rule on those Motions.  In particular, the Court concluded in its Opinion and Order that it could not completely resolve the parties' Cross-Motions as to procedural due-process because it could not "determine from this record whether the unclassified summaries of Defendants' reasons for placing Plaintiffs on the No-Fly List conveyed sufficient material information to Plaintiffs to satisfy procedural due-process standards because the record does not

reflect what information Defendants withheld or the reasons for

withholding such information." *Latif*, 2016 WL 1239925, at *15.

Accordingly, the Court directed Defendants to

> submit to the Court as to each Plaintiff the following:
> (1) a summary of any material information (including
> material exculpatory or inculpatory information) that
> Defendants withheld from the notice letters sent to
> each Plaintiff and (2) an explanation of the
> justification for withholding that information,
> including why Defendants could not make additional
> disclosures.

*Id.*, at 20.  The Court stated:

> Defendants' supplemental submission may be in the form
> of declarations or other statements from an officer or
> officers with personal knowledge of the No-Fly List
> determinations as to each Plaintiff.  If necessary to
> protect sensitive national security information,
> Defendants may make such submissions *ex parte* and *in
> camera*.  If Defendants submit any materials *ex parte*
> and *in camera*, however, Defendants must also make a
> filing on the public record that memorializes the
> submission and provides as much public disclosure of
> the substance of Defendants' submission as national
> security considerations allow.

*Id.*  As noted, this matter is now back before the Court on those

still unresolved Cross-Motions for Summary Judgment.[1]

Since the Court's March 28, 2016, Opinion and Order,

Plaintiffs filed on April 12, 2016, a Notice (#324) of the Death

of a Party, Steven William Washburn.  Because Washburn only

sought prospective relief, Plaintiffs concede all claims as to

---

[1] The Court incorporates herein the factual background and
legal analysis in its March 28, 2016, Opinion and Order (#321),
*see Latif*, 2016 WL 1239925, and will not restate those matters in
this Order.

3 - ORDER

Washburn may now be dismissed as moot.  Accordingly, the Court
**DISMISSES with prejudice** Plaintiff's Third Amended Complaint as
to Washburn.

On May 5, 2016, after obtaining an extension of time to
file their supplemental materials, Defendants filed a Second
Supplemental Memorandum (#327) in Support of their Motion for
Summary Judgment together with a Notice (#328) of Lodging *Ex
Parte*, *In Camera* Materials in which Defendants publicly stated it
had lodged "with the Department of Justice's Classified
Information Security Officer ("CISO") the classified declaration
of Michael Steinbach" for secure storage and transmission to the
Court.  On May 26, 2016, Plaintiffs filed a Response (#329) to
Defendants' Second Supplemental Memorandum in Support of their
Motion for Summary Judgment.

On July 7, 2016, the Court issued the following Order
(#330):

> The Court makes this record to give notice to
> Plaintiffs that the Court has by separate *Ex Parte*
> Order filed with the Classified Information Security
> Officer directed Defendants to make a supplemental
> filing, *ex parte* and under seal if necessary, no later
> than August 1, 2016, regarding the materials referenced
> in Defendants' Notice (#328) of Lodging *Ex Parte*, *In
> Camera* Materials.  After the Court considers that
> filing, the Court will determine whether the record is
> then sufficient for the Court to resolve the parties'
> pending cross-motions and will inform the parties
> accordingly.

On July 19, 2016, Defendants filed a Motion (#331) for Extension
of Time to File Supplemental Submission.  On July 25, 2016,

4 - ORDER

Plaintiffs opposed Defendants' Motion and requested "further information for the public record about the subject matter of the supplemental filing that Defendants have been directed to submit, including the basis for making that filing ex parte and in camera." Pls.' Opp'n (#333) to Defs.' Mot. for Extension of Time to File Supplemental Materials. On August 3, 2016, the Court granted Defendants' Motion for Extension of Time and concluded it was "unable to provide any additional explanation on the record." Order (#334) (issued Aug. 3, 2016).

On August 29, 2016, Defendants filed a Notice (#335) of Lodging *ex Parte*, *in Camera* Materials in response to the Court's Order (#330).

Having reviewed and considered all of the material Defendants submitted in response to the Court's March 28, 2016, Opinion and Order (#321) and the Court's July 7, 2016, Order (#330), the Court is satisfied that the materials filed by Defendants sufficiently address the issues raised in the Court's *Ex Parte* Order filed with the CISO on July 7, 2016.

In addition, after a thorough review of the materials submitted with Defendants' Notice (#328) of Lodging *Ex Parte*, *In Camera* Materials filed in response to the Court's March 28, 2016, Opinion and Order (#321), the Court concludes Defendants have provided sufficient justifications for withholding additional information in response to each of the Plaintiffs' revised DHS

5 - ORDER

TRIP inquiries.

Accordingly, based on the Court's Opinion and Order (#321) and this Order, the Court now **GRANTS** Defendants' Cross-Motions (#241, #242, #247, #248, #249, #250) for Partial Summary Judgment regarding individual Plaintiffs and **DENIES** Plaintiffs' individual Renewed Motions (#210, #212, #214, #216, #218, #220) for Partial Summary Judgment.

## CASE-MANAGEMENT ORDER

Consistent with the Court's March 28, 2016, Order (#321), the Court directs the parties to submit a single, joint status report **no later than October 20, 2016,** with a proposed expedited briefing schedule for the Court to consider Defendants' argument that the revisions in the DHS TRIP procedures "effectively abrogate the Ninth Circuit's holdings that this Court has jurisdiction to continue to adjudicate Plaintiffs' remaining claims." Opinion and Order (#321) at 61-62; *Latif*, 2016 WL 1239925, at *20.

IT IS SO ORDERED.

DATED this 6th day of October, 2016.

_____
ANNA J. BROWN
United States District Judge

6 - ORDER