UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TWITTER, INC., | Case No. 14-cv-4480-YGR |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| JEFFERSON B. SESSIONS, III, Attorney General of the United States, | |
| THE UNITED STATES DEPARTMENT OF JUSTICE, | |
| JAMES E. COMEY, Director of the Federal Bureau of Investigation, and THE FEDERAL BUREAU OF INVESTIGATION, | |
| Defendants. | |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of information that a party believes is confidential, proprietary, competitive, private, or subject to the law enforcement privilege, the Privacy Act, or for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. This Order does not pertain to nor establish any procedures governing the production of classified national security information, *see* Exec. Order 13526; nor does it limit or waive any party's right to assert any common law or statutory privilege.

2. DEFINITIONS

2.1 <u>Challenging Party</u>: Any Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), as well as Privacy Act Information.

2.3 <u>Counsel of Record</u>: Attorneys, as well as their support staff (including but not limited to paralegals, secretaries, law clerks, and investigators) who are not employees of a Party to this action but are retained by a Party to represent the Party to this action and (1) are currently designated as counsel of record for that party; (2) are affiliated with the law firm or entity so designated; or (3) are governmental supervisory counsel.

2.4 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "LEP."

2.5 <u>Disclosure or Discovery Material</u>: All items or information, including from any non-party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

2.7 <u>Final Disposition</u>: The later of (a) the dismissal of all claims and defenses in this action, with or without prejudice, or (b) the issuance of final judgment (following the completion and exhaustion of all appeals, rehearings, remands, trials, or review of this action permitted by law) and the expiration of time for filing any motions or applications for extensions of time to seek such relief.

2.8 <u>Law Enforcement Privileged Information ("LEP Information")</u>: Information identified by Defendants as subject to the law enforcement privilege under applicable law.

2.9 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Party or Parties</u>: Any named party to this litigation, including any of its officers, directors, employees, agents, consultants, retained experts, or Counsel, and all future parties to this Litigation.

2.11 <u>Privacy Act Information</u>: Information related to specific individuals which may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a.

2.12 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparation of exhibits or demonstrations, and organizing, storing, or retrieving of data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "LEP."

2.15 <u>Public Domain</u>: Specific information that has been made public through an officially acknowledged prior disclosure—as such an action has been described in case law, including but not limited to *Wolf v. C.I.A.*, 473 F.3d 370, 378 (D.C. 2007), and *Fitzgibbon v. CIA*, 911 F.2d 755 (D.C. Cir. 1990)—by an official who is authorized by the Executive Branch of the United States Government to make such public disclosure.

2.16 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

3.1 The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

3.2 Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing—in accordance with the requirements of Section 11 of this Order, or with the written consent of the Designating Party or by order of the Court.

3.3 This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all, or to seek relief that information is not subject to this Order.

3.4 Nothing in this Order shall be construed to limit Defendants' legal obligation to refer evidence of wrongdoing for investigation or to comply with an order from a court, administrative agency, or other governmental or regulatory body of competent jurisdiction (except as described in paragraph 8.1).

   3.5  Nothing in this Order precludes a party or nonparty from using its own Confidential Information or Privacy Act Information in any way that it chooses.

4. DURATION

The confidentiality obligations imposed by this Order shall remain in effect even after the Final Disposition of this litigation, and until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

   5.1  <u>Exercise of Restraint and Care in Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order shall take care to limit any such designation to specific material that qualifies under this Order.  If only a portion or portions of material, documents, items, or oral or written communications qualify for designation as Protected Material, the Designating Party, to the extent practicable, shall designate as "CONFIDENTIAL" Information or LEP Information only the portion or portions which qualify for classification as Protected Material.  The Parties shall exercise reasonable diligence to prevent the portions of the material, documents, items, or communications for which designation as Protected Material is not warranted from being unjustifiably swept within the ambit of this Order.

   Accordingly, nothing in this Order shall be construed to permit mass, indiscriminate, or routinized designation of information or items as Protected Material.  Designations shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process, or to impose unnecessary expense or burdens on other parties) may expose the Designating Party to sanctions.

   5.2  <u>Designations to be Made in Good Faith</u>.  By designating any information or items as "CONFIDENTIAL" or "LEP" under the terms of this Order, the Designating Party is certifying that there is a good faith basis in law and fact for the designation and invocation of the protection of this Order at the time of designation.

     5.3    <u>Mistaken Designation</u>. If it comes to a Party or Non-Party's attention that information or items that it designated as Protected Material do not qualify for such designation, that Party or Non-Party shall promptly notify all other parties that it is withdrawing the mistaken designation.

     5.4    <u>Manner and Timing of Designations</u>

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form (aside from transcripts, *see infra* § 5.4(b))</u> (*e.g.*, paper or electronic documents, including pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, if such materials contain Protected Material), that the Producing Party affix the legend "CONFIDENTIAL," or "LEP," to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed to be Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which document, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "LEP" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party to the extent practicable shall identify the protected portion(s) and specify the level of protection being asserted. This paragraph does not require any Party to make original documents or materials available for inspection.

1       (b) <u>for testimony given in deposition or other pretrial or trial proceedings</u>, that any Party or testifying persons or entities may designate any portion of the testimony or exhibits "CONFIDENTIAL" Information or LEP Information either on the record before the close of the deposition or in writing on or before the later of thirty (30) days after receipt of the final transcript or the date by which any review by the witness and corrections to the transcript are to be completed under Federal Rule of Civil Procedure 30.  Only those portions of the testimony that are designated as Protected Material shall be covered by the provisions of this Order.  If any portion of a videotaped deposition is designated, the original and all copies shall be labeled with the appropriate legend. Pending designation as set forth above, the entire transcript, including exhibits, shall be deemed to be Protected Material.  If no designation is made within the time period above, the transcript shall be considered not to contain any information subject to protection under this Order.  This paragraph does not require any Party to agree to the videotaping of any deposition.  Transcript pages containing Protected Material shall be bound separately by the court reporter, who shall affix to the top of each such page the legend "CONFIDENTIAL" or "LEP," as instructed by the Party or Non-Party making the designation as to the Protected Material.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or items are stored the legend "CONFIDENTIAL" or "LEP."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as Protected Material.

5.5     <u>Inadvertent Failures to Designate</u>.  If a Producing Party discovers that it produced documents or things containing "CONFIDENTIAL" Information or LEP Information that were not properly designated as Protected Material, the Producing Party may timely notify all other Parties of the error and identify the affected information or items and their proper designation.  Thereafter, the information or items so designated will be

treated as Protected Material. The Producing Party shall also promptly provide re-labeled copies of any newly designated items or information to each Receiving Party reflecting the change in designation. Upon receipt of the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy—at the Receiving Party's option—all Disclosure or Discovery Material reasonably accessible to the Receiving Party that was not properly designated.

An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "LEP" shall not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party shall make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Scope. This section shall apply to all challenges to any Protected Material designation, including (but not limited to) challenges (i) that information designated as Protected Material duplicates specific, exact information in the Public Domain (or otherwise known to the Receiving Party and not subject to any non-disclosure obligation) at the time of disclosure to a Receiving Party, or that such information has become part of the Public Domain after its disclosure to a Receiving Party as a result of publication (not involving a violation of this Order); or (ii) that information otherwise designated as "LEP" or "CONFIDENTIAL" information does not meet the requirements for such designation (*i.e.*, that it does not fall within the scope of the applicable privilege).

6.2 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its rights to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.3 Meet-and-Confer. The Challenging Party shall initiate a challenge to a Protected Material designation by providing written notice of each designation it is

challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Producing Party shall respond promptly to any challenge to a Protected Material designation. The Designating Party shall review the designation in good faith, and, if no change in designation is offered, shall explain the basis for the chosen designation. The parties shall meet and confer in good faith to resolve the dispute as to the Protected Material designation, including through voice-to-voice communication. If the parties cannot resolve the challenge within twenty-one (21) days of the date the Designating Party received written notice of the Receiving Party's challenge (or any other time period upon which the parties may agree), they shall meet and confer in-person (if such in-person conference has not already occurred) and then may proceed pursuant to the procedures set forth in Section 6.4.

   6.4 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge after complying with the meet-and-confer requirements above, the parties shall file a "joint letter brief," as required by Rule 8(b) of the Court's Standing Order in Civil Cases, which attests that the parties met and conferred *in person*, and then concisely summarizes the issues the Parties were unable to resolve. In no event may a joint letter brief be filed later than 7 days after the discovery cut-off date, as prescribed in Civil Local Rule 37-3.

   6.5 <u>Burden</u>. The burden of persuasion in any challenge to the designation of any material as Protected Material shall be on the Designating Party. Until the court rules on the challenge, the Parties shall afford the material in question the level of protection designated by the Designating Party.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

   7.1 <u>Basic Principles</u>. A Receiving Party may use Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only under the conditions described in this Order and to the categories of persons

identified herein. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 12, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Subject to Sections 6.1–6.5, the restrictions on Disclosure or Discovery Material shall not apply to information which, at or prior to disclosure thereof in this action, is or was in the public domain as defined by Section 2.14.

Nothing in this Protective Order shall in any way restrict the use or dissemination by a Party or third Party of its own "CONFIDENTIAL" Information, LEP Information, or Discovery Material.

7.2     <u>Disclosure of Protected Material</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as CONFIDENTIAL or "LEP," only to:

(a) the Receiving Party's Counsel of Record in this action, including attorneys who are principals of, employed by, or working for Counsel of Record, as well as non-attorney employees and contractors of Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) current employees of the Receiving Party, to whom disclosure is reasonably necessary for this litigation, as well as their immediate paralegals and staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) contractors of the Receiving Party, to whom disclosure is reasonably necessary for this litigation;

(d) Experts (as defined in this Order) retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent reasonably necessary to perform such work and provided that (i) such Expert has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) such Expert is not a current officer, director, or employee of a Party or of a competitor of a Party, nor is anticipated at the

1  time of retention to become an officer, director, or employee of a Party or of a
2  competitor of a Party;
3  (e) the court and its personnel, including court reporters, stenographers,
4  videographers, and other Professional Vendors to whom disclosure is reasonably
5  necessary for this litigation and who have signed the "Acknowledgment and
6  Agreement to Be Bound" (Exhibit A);
7  (f) during their testimony or preparation for their testimony, witnesses in the
8  action to whom disclosure is reasonably necessary, who have signed the
9  "Acknowledgment and Agreement to Be Bound" (Exhibit A);
10  (g) the author or original recipient of a document, who has signed the
11  "Acknowledgment and Agreement to Be Bound" (Exhibit A);
12  (h) any other person with the prior written consent of the Producing Party, and
13  who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).
14  7.3  Protected Material shall be stored in a secure location, in such a way that
15  only persons identified under Section 7.2 of this Order can access the designated
16  information.  Except as provided in this Order, persons authorized to access Protected
17  Material are prohibited from disclosing, providing access to, or assisting other persons in
18  disclosing or accessing Protected Material.
19  8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
20  LITIGATION
21  8.1  If a Party is served with a subpoena or court order or demand for documents
22  by an administrative agency-or other government or regulatory body of competent
23  jurisdiction-that would compel disclosure of any information or items designated in this
24  action as Protected Material ("Document Demand"), the Receiving Party must:
25  (a) so notify the Designating Party, in writing (by email if possible)
26  immediately and in no event more than three court days after receiving the subpoena or
27  order.  Such notification must include a copy of the subpoena or court order;
28

10
STIPULATED PROTECTIVE ORDER – Case No. 14-cv-4480-YGR

723397160

1              (b) promptly notify, in writing, the party who caused the Document Demand to

2       issue in the other litigation that some or all of the material covered by the Document

3       Demand is subject to this Order;

4              (c) deliver a copy of this Order promptly to the party that causes the Document

5       Demand to issue; and

6              (d) cooperate with respect to all reasonable procedures sought to be pursued by

7       the Designating Party whose Protected Material may be affected. If the Designating

8       Party timely seeks a protective order, the Party served with the Document Demand

9       shall not produce any information designated in this action as "CONFIDENTIAL"

10      Information or LEP Information before a determination by the court from which the

11      subpoena or order issued, unless the Party has obtained the Designating Party's

12      permission.

13         8.2    The purpose of this subdivision is to provide a reasonable procedure to alert

14      interested parties to the existence of this Protective Order and to afford the Designating

15      Party an opportunity to try to protect its Protected Material from disclosure. The

16      Designating Party shall bear the burden and the expense of seeking protection in the other

17      court or proceeding of its Protected Material, and nothing herein shall be construed as

18      authorizing or encouraging a Receiving Party to disobey a lawful directive from another

19      court.

20  9.  PRODUCTION OF PROTECTED MATERIAL BY NON-PARTIES

21      To the extent information is produced in this action by any Non-Party and designated as

22  "CONFIDENTIAL" or LEP Information the provisions of this Order shall apply with equal force

23  to such Non-Parties and their designated Protected Material.

24  10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

25      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed privileged or

26  Protected Material to any person or in any circumstance not authorized under this Order, the

27  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

28  disclosures, (b) use its best efforts to retrieve all copies of the Protected Material within five (5)

business days of receipt of such notice or discovery, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound," which is attached hereto as Exhibit A, and abstain from using the privileged or Protected Material(s) for any purpose until further order of the Court.  Any violation of the terms of this subdivision shall immediately be brought to the Court's attention.

11.     USE OF PROTECTED MATERIAL IN MOTIONS AND COURT PROCEEDINGS

 11.1    A Party may not file in the public record any Protected Material without prior written authorization from the Designating Party or from a court, secured after appropriate notice to all interested persons.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

 11.2    If a Party reasonably anticipates the possibility that Protected Material may be disclosed during any court proceeding, or portion thereof, the Party shall identify the possibility to the Court, in advance of the proceedings so that the Court may determine whether the courtroom should be closed to the public for that portion (and so Defendants can evaluate the application of Government policy regarding the closure of judicial proceedings).

12.     RETURN OR DESTRUCTION OF PROTECTED MATERIAL UPON FINAL DISPOSITION OF ACTION

 12.1    <u>Certification that any Protected Material has been returned or destroyed</u>. Unless otherwise ordered or agreed in writing by the Producing Party, each Receiving Party must return or destroy all Protected Material to the Producing Party within sixty days after the Final Disposition of this action.  As used in this subdivision, "all Protected Material" shall include all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material.

 Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within sixty (60) days of the Final Disposition of this action.  The

written certification must identify (by category, where appropriate) all the Protected Material that was returned or destroyed and affirm that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material must be marked in accordance with Section 5.4(a) and remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

        12.2    <u>Retention of Jurisdiction</u>.

As set forth in Section 4, above, the Parties agree that the terms of this Protective Order shall survive and remain in effect after the Final Disposition of the above-captioned matter. The Court shall retain jurisdiction after Final Disposition of this matter to hear and resolve any disputes arising out of this Order.

13. INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

        13.1    Pursuant to Rules 16(b) and 26(c) of the Federal Rules of Civil Procedure, and Rule 502 of the Federal Rules of Evidence, this Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Namely, disclosure of privileged material in connection with this litigation will be deemed unintentional and inadvertent. Such unintentional and inadvertent disclosure will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state proceeding—of any claims of attorney-client privilege, work product protection, the deliberative process privilege, the law enforcement privilege, or any other privilege that the Producing Party would otherwise be entitled to assert with respect to the information or documents and their subject matter. The parties shall not argue, in this forum or any other, that any privileges were waived as a result of disclosures in this litigation, irrespective of the procedures used to locate privileged materials.

13.2    The return of any discovery item to the inadvertently Producing Party shall not in any way preclude the Receiving Party from moving the court for a ruling that the document or thing was never privileged.

13.3    Nothing in this Order shall prohibit a party, consistent with the Federal Rules of Civil Procedure, Federal Rules of Evidence, or Orders entered by the court, from withholding from review and/or production any document or portions thereof covered by any privilege(s) or protection(s).

14.  PRIVACY ACT AUTHORIZATION

14.1    Pursuant to 5 U.S.C. § 552a(b)(11), Defendants are authorized to release to Plaintiff's counsel, the Court, and those persons defined in paragraph 7.2 of this Order, records or information containing Privacy Act-protected material, unredacted of such information, without obtaining prior written consent of the individuals whose names, addresses, and other identifying information may be present in such documents. Such disclosure is subject to the conditions set forth in this Order.

14.2    So long as counsel for Defendants exercise reasonable efforts to prevent the disclosure of information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, other than as permitted under the terms of this Order, disclosures under this Order, including inadvertent disclosures of such information shall not be construed as a violation of the Privacy Act.

15.  MISCELLANEOUS

15.1    <u>Right to Further Relief</u>.  Nothing in this Order prevents any person from seeking its modification by the court in the future.

15.2    <u>Right to Assert Further Objections</u>.  No Party, by stipulating to the entry of this Order, waives any right it would otherwise have under applicable law to object to the disclosure or production of any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any material covered by this Order.

15.3   <u>Successors</u>.  This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, Counsel, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

15.4   <u>Jurisdiction</u>.  The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Material produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

15.5   <u>Liability</u>. Neither the United States nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by Plaintiff under this Order, or of any information contained in such documents.

THE PARTIES, THROUGH COUNSEL OF RECORD, SO STIPULATE.

  */s/ Lee H. Rubin*
 Lee H. Rubin

 Attorneys for Plaintiff
 Twitter, Inc.

  */s/ Julia A. Berman*
 Julia A. Berman

 Attorneys for Defendants

PURSUANT TO STIPULATION OF THE PARTIES, IT IS SO ORDERED.

Dated:   March 27, 2017

HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

# EXHIBIT A ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Twitter, Inc. v. Sessions, et al.*, Case No. 14-cv-4480-YGR.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____