UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TWITTER, INC.**, <br> Plaintiff, <br> v. <br> **JEFFERSON B. SESSIONS, III,** *ET AL.*, <br> Defendants. | Case No. 14-cv-04480-YGR <br><br> **ORDER GRANTING IN PART AND DENYING IN PART TWITTER'S REQUEST TO COMPEL FURTHER RESPONSES TO DISCOVERY; SETTING FURTHER CASE MANAGEMENT CONFERENCE** <br><br> Dkt. No. 167 |

Pending before the Court is the parties' Joint Letter Brief (Dkt. No. 167), filed three days after the Court heard argument on the Motion of defendants Jefferson B. Sessions, III, et al. ("the Government") for Summary Judgment. Subsequent to the filing of the Joint Letter Brief, the Court issued the following orders: (1) granting the stipulated protective order submitted by the parties (Dkt. No. 170); (2) denying without prejudice the Government's motion for summary judgment, and granting plaintiff Twitter's motion for an order directing the Government to expedite a security clearance for Twitter's counsel (Dkt. No. 172, "MSJ Order"); and (3) denying the Government's motion for reconsideration of the Court's denial of summary judgment (Dkt. No. 186, "Recon Order"). The Court is informed that the discovery disputes stated in the Joint Letter Brief remain at issue and the security clearance has not yet issued.

Having carefully considered the Joint Letter Brief, and the pleadings, papers, arguments, and rulings issued in this matter, the Court **ORDERS** that Twitter's request to compel further responses from the Government and overrule its objections is **GRANTED IN PART AND DENIED IN PART**, as detailed and for the reasons stated below.

In addition, the Court **SETS** this matter for a further case management conference on **April 9, 2018**, at 2:00 p.m., in Courtroom 1, Federal Courthouse, 1301 Clay Street, Oakland.

## I. DISCUSSION

The parties' Joint Letter Brief indicates that they met and conferred but were unable to "resolve their disputes over the relevance of the discovery set out below." (Joint Letter Brief at 1.) Twitter seeks discovery regarding the national security justification for categorically prohibiting more granular reporting than the reporting bands set forth in the USA FREEDOM Act, and the original January 2014 declassification decision by the Director of National Intelligence ("DAG Letter") that preceded it. The information is relevant to the question of whether the Government can satisfy its burden under the strict scrutiny analysis. Twitter therefore seeks an order overruling the Government's relevance objections, compelling production of, at least, the *unclassified* documents responsive to the Requests for Production Numbers 1-5 and 8-16, and compelling further responses to Interrogatory Numbers 2-17.

The Government disputes the relevance of Twitter's requests for information about: (1) the basis for the conclusions contained in the Declaration of (now-former) FBI Executive Assistant Director (EAD) Michael Steinbach that Twitter's proposed numerical disclosures in its April 1, 2014 Draft Transparency Report are classified information, including discovery as to the sources upon which EAD Steinbach relied in making that determination; (2) the Government's original January 2014 declassification of certain aggregate data that it contended would otherwise be prohibited from disclosure; and (3) the policies, procedures, and bases upon which the Government decides what information in a National Security Letter ("NSL") or Foreign Intelligence Surveillance Act ("FISA") request is classified.

The Government, in the Joint Letter Brief, took the position that the discovery sought by Twitter conflicts with the appropriate standard of review. However, the Court subsequently determined that the deferential standard urged by the Government is incorrect, and that strict scrutiny applies to the restrictions imposed. (MSJ Order at 15; *see also* Recon Order at 5.) In denying summary judgment, the Court concluded that the Government had "fail[ed] to provide sufficient details indicating that the decision to classify the information in the Draft Transparency Report was based on anything more specific than the reporting bands in section 1874 and the FBI's position that more granular information 'could be expected to harm national security.'"

2

(MSJ Order at 17.) Further, the declarations relied mainly on a "generic, and seemingly boilerplate, description of the mosaic theory and a broad brush concern that the information at issue will make more difficult the complications associated with intelligence gathering in the internet age." (*Id.* at 18.) Thus, the Court found that "[w]ithout some more specific articulation of the inference the Government believes can be drawn from the information Twitter itself seeks to publish . . . the Court cannot find that the Government has met the high burden to overcome a presumption that its restrictions are unconstitutional." *Id.* at 18.

The Government's citation to authorities requiring the Court to defer to the Executive's classification decisions are inapposite. As the Court previously found, the classification decision of an Executive branch official, alone, is not sufficient to meet the standards of strict scrutiny review. *Id.* at 10-12, *see also N.Y. Times Co. v. Sullivan*, 376 U.S. 713, 727-28 (Government could not obstruct the flow of information to its citizenry based solely on a statement that the matters were classified).

Thus, the Court finds that the discovery at issue here is, in the main, appropriate and further responses are required.

**II. RULING ON SPECIFIC REQUESTS:**

The Government's relevance objections are **OVERRULED**. Turning to specific requests, the following requests are **DENIED**:

Interrogatory Number 7: the Government's objection on the grounds that the response would require consideration of a hypothetical and the burden outweighs the likely benefit is **SUSTAINED**. No further response is required.

Interrogatory Numbers 10 and 11: the Government's objection on the grounds that the requests are duplicative is **SUSTAINED**. No further response is required.

Interrogatory Number 15: No further response is required. However, the Government may supplement this response regarding its legal contentions if it so desires.

Request for Production of Documents Number 11: No further response is required. However, the Government may supplement this response regarding its legal authorities if it so desires.

3

As to Requests for Production Numbers 1-5 and 8-10, and 12-16, and Interrogatory Numbers 2-6, 8, 9, and 12-17, Twitter's request to compel further responses is **GRANTED**. The Government shall provide further responses no later than **March 5, 2018**.

To the extent the Government is withholding responsive information or documents based upon privilege, it shall produce a privilege log listing the documents withheld, their date and author, and the asserted privilege(s).

To the extent the Government is withholding responsive documents based upon an assertion that the responsive information is classified, it shall detail provide the non-classified portion along with an explanation of why other information is withheld as classified, the classifying authority who determined it was classified, what level of classification, and when determination made, and be prepared to submit for in camera review if ordered.

All of the Government's responses as stated herein shall be provided no later than **March 5, 2018**.

**IT IS SO ORDERED.**

Dated: February 12, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**