MAYER BROWN LLP
ANDREW JOHN PINCUS (*Pro Hac Vice*)
apincus@mayerbrown.com
1999 K Street, NW
Washington, DC 20006
Tel: (202) 263-3220 / Fax: (202) 263-3300

MAYER BROWN LLP
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
DONALD M. FALK (SBN 150256)
dfalk@mayerbrown.com
SAMANTHA C. BOOTH (SBN 298852)
sbooth@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Tel: (650) 331-2000 / Fax: (650) 331-2060

*Attorneys for Plaintiff Twitter, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| TWITTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. 14-cv-4480-YGR <br><br> **DECLARATION OF LEE H. RUBIN IN SUPPORT OF TWITTER'S MOTION CHALLENGING DEFENDANTS' PRIVILEGE DESIGNATIONS** <br><br> Date: February 5, 2019 <br> Time: 2:00 p.m. <br> Courtroom 1, Fourth Floor <br> Judge: Hon. Yvonne Gonzalez Rogers |

I, Lee H. Rubin, hereby declare as follows:

1. I am a partner in the law firm of Mayer Brown LLP and lead counsel to Plaintiff Twitter, Inc., in the above-captioned action. I submit this declaration in support of Twitter's Motion Challenging Defendants' Privilege Designations. Unless otherwise indicated, this declaration is based on my personal knowledge, and if called as a witness, I could and would testify competently to the matters discussed herein.

2. On November 10, 2016, Twitter served on Defendants its First Set of Requests for Production and First Set of Interrogatories. Attached hereto as **Exhibit A** is a true and correct copy of Twitter's First Set of Requests for Production.

3. In December 2016, Defendants objected to virtually all of Twitter's discovery requests on, *inter alia*, relevance grounds. After meeting and conferring, the parties ultimately submitted their dispute to the Court via a joint letter brief, *see* Dkt. No. 167, which the Court resolved on February 12, 2018, Dkt. No. 188.

4. In particular, the Court's February 12, 2018 Order granted Twitter's motion to compel supplemental responses to its Interrogatories, Set One, Nos. 2–6, 8, 9, and 12–17, and to its First Set of Requests for Production, Nos. 1–5, 8–10, and 12–16. *Id.*

5. The Court originally set a deadline for these supplemental productions of March 5, 2018. That deadline was extended on numerous occasions at the Government's request. *See, e.g.*, Dkt. Nos. 200, 221, 231, 235.

6. Ultimately, and as explained herein, the Government completed its supplementation of its *unclassified* responses to Twitter's first set of discovery requests on December 14, 2018. The Government has produced very little of substance from its unclassified systems. With the exception of some materials relating to the Government's correspondence with some other communications providers (*e.g.*, LinkedIn, Yahoo, Google, Microsoft), the Government has claimed the deliberative process privilege, the attorney-client privilege, and the

attorney work product over virtually every non-public document responsive to Twitter's discovery requests.[1]

7. Twitter first learned of the breadth of the Government's privilege claims when Twitter received the Government's first privilege log (the FBI's SECRET enclave privilege log) on or about May 25, 2018. In addition to withholding those documents on the basis of classification, the Government asserted the attorney-client, the deliberative process, and the attorney work product privilege over nearly all of the more than 400 entries in that log.

8. On July 12, 2018, the Government produced a second tranche of documents comprised primarily of intra- and inter-agency emails. The substance of these emails was essentially entirely redacted under claims of deliberative process, attorney-client, and attorney work product privilege.

9. In a letter dated July 31, 2018, Twitter apprised the Government of its "serious concerns about the government's near-blanket assertion of the deliberative process privilege, the attorney-client privilege, and attorney work product protection" in both its SECRET enclave privilege log and the July 2018 production (the "Twitter's Privilege Letter"). Attached hereto as **Exhibit B** is a true and correct copy of a letter I sent to Julia Heiman, counsel for Defendants, via email on July 31, 2018.

10. Approximately one week later, on August 7, 2018, Twitter alerted the Court to its concerns over the apparent breadth of the Government's privilege claims in its Statement of Non-Opposition to one of the Government's extension requests. Dkt. No. 220. Twitter explained that the "Government has asserted the deliberative process privilege, the attorney-client privilege, and the attorney work product privilege over all but a handful of the 453 documents listed on the Government's SECRET enclave privilege log. Likewise, the Government has asserted all three privileges over all, or nearly all, documents from its

---

[1] The Government still has not completed its review for responsive material in its TOP SECRET classified systems.

unclassified enclave, with the exception of documents which were already public or which reflect third party communications with the FBI or DOJ." *Id.*

11. Over the next couple of weeks, the parties met and conferred regarding the issues raised in Twitter's Privilege Letter, including telephonically on or about August 16, 2018.

12. On August 31, 2018, I received a letter from counsel for Defendants, Julie Heiman, regarding the privilege issues raised in Twitter's Privilege Letter (the "DOJ Response Letter"). Attached hereto as **Exhibit C** is a true and correct copy of the letter I received via email from Ms. Heiman on or about August 31, 2018.

13. On or about October 12, 2018, October 26, 2018, and November 5, 2018, the DOJ produced its unclassified privilege logs to Twitter. The FBI produced its unclassified privilege logs on or about November 20, 2018. These logs (which are at issue in the present Motion) were thus produced several months after the Government promised to provide "additional information" in its privilege logs regarding the nature of its allegedly privileged communications.

14. On November 14, 2018, the DOJ produced its supplemental responses to Twitter's Interrogatories, Set One, as required by the Court's February 2018 order. *Cf. supra*, ¶ 4. The DOJ's supplemental responses identified various entries in the Government's October 12, 2018 privilege log as responsive to Twitter's Interrogatory Request Nos. 3 and 5.[2] The Government has claimed privilege over all documents identified as responsive to Twitter's Interrogatories 3 and 5 (and in most cases, the Government has asserted all three—that is, the

---

[2] Interrogatory No. 3 asks the Government to "[i]dentify the author and date of any Document Relating to a classification decision regarding the draft Transparency Report that was created on or before September 9, 2014." Exhibit D, at 3.

Interrogatory No. 5 asks the Government to "[i]dentify the author and date of any Document Relating to a classification decision related to the development and release of the unclassified, redacted draft Transparency Report." Exhibit D, at 5.

DECLARATION OF LEE H. RUBIN IN SUPORT OF TWITTER'S
MOTION CHALLENGING DEFENDANTS' PRIVILEGE DESIGNATIONS
- Case No. 14-cv-4480-YGR

deliberative process privilege, the attorney work product privilege, and the attorney-client privilege—over all documents).[3]

15. Later that same day, counsel for Twitter advised the Government of apparent inconsistencies in its supplemental responses, and the DOJ produced "Corrected" supplemental responses to Twitter's Interrogatories, Set One, on November 21, 2018. Attached hereto as **Exhibit D** is a true and correct copy of these Corrected Supplemental DOJ Responses to Twitter's Interrogatories, Set One, which I received via email from Ms. Heiman on November 21, 2018.

16. On December 14, 2018, the FBI produced its supplemental responses to Twitter's Interrogatories, Set One. Like the DOJ supplemental responses, the substantive content of the materials identified by the FBI as responsive to Interrogatory Nos. 3 and 5 has been withheld under claims of deliberative process, attorney-client, and attorney work product privilege. Attached hereto as **Exhibit E** is a true and correct copy of the FBI's Supplemental Responses to Twitter's Interrogatories, Set One.

17. Despite meeting and conferring, the parties were unable to resolve their dispute over the breadth of the Government's privilege claims.

18. Accordingly, at the November 26, 2018 case management conference, Twitter indicated its intent to challenge the Government's privilege assertions over all documents relating to its 2014 classification decision.

19. In accordance with the Court's November 30, 2018 Minute Order following that case management conference, Dkt. No. 247, Twitter has compiled a set of "bellwether" privilege log entries that reflect a representative sampling of the documents that the Government has either (a) specifically identified as responsive to Twitter's Interrogatory Nos. 3 and 5 (which seek

---

[3] The chief exception is Sample 5 of Exhibit F, which the Government lists in its privilege log but then fails to claim any privilege over. Based on a comparison of the Government's description for this entry with other entries, however, Twitter believes the Government intended to assert all three privileges over this entry as well.

information related to the Government's classification of portions of Twitter's draft Transparency Report, *see supra*, n.2), or (b) which, based on the Government's privilege log descriptions, appear similar to those documents and/or otherwise responsive to Twitter's requests for discovery relating to Twitter's publication request and the Government's 2014 classification decision. Attached hereto as **Exhibit F** is a true and correction compilation of excerpts from the FBI and DOJ unclassified privilege logs identified in ¶ 13, *supra* (the "Bellwether Documents").

20. Because each of the Government's privilege logs entries has been designated "Confidential" by Defendants under the parties' joint stipulated protective order, Dkt. No. 170, Exhibit F has been filed under seal.

21. The Bellwether Documents in Exhibit F are illustrative only. Based on counsels' review of the DOJ and FBI privilege logs, there are numerous similar entries that appear to relate to Twitter's publication request and/or the Government's 2014 classification decision.

22. The Government has applied materially inconsistent redactions of duplicate documents produced during discovery. For example, the Government has produced what appears from unredacted material to be the same email twice, but in one production the content of the email is fully redacted under claim of all three privileges, and in the second production the content is unredacted. Attached hereto as **Exhibit G** is a compilation of true and correct copies of duplicate documents produced by the Government pursuant to the Court's February 12, 2018 Order, *supra* ¶ 4.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of December, 2018, at Palo Alto, CA.

| | | |
|---|---|---|
| Dated: December 21, 2018 | MAYER BROWN LLP | |

/s/ Lee H. Rubin
LEE H. RUBIN (SBN 141331)
lrubin@mayerbrown.com
SAMANTHA C. BOOTH (SBN 298852)
sbooth@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone:   (650) 331-2000
Facsimile:    (650) 331-2060

Attorneys for Plaintiff
TWITTER, INC.