UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TWITTER, INC.,** | Case No.  14-cv-04480-YGR |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE RE: DISCLOSURE OF DECLARATION SUBMITTED *IN CAMERA*** |
| **MATTHEW G. WHITAKER,** *ET AL.*, | Dkt. No. 250, 256 |
| Defendants. | |

**TO DEFENDANTS MATTHEW G. WHITAKER, ET AL.:**

**YOU ARE HEREBY ORDERED TO SHOW CAUSE** why you should not be compelled to disclose to plaintiff's counsel Lee H. Rubin the declaration of Michael Steinbach, former FBI Executive Assistant Director, submitted *in camera* to the Court in connection with defendants' motion for summary judgment.

On December 5, 2018, plaintiff Twitter, Inc. filed its Request that its Counsel Receive Access to the Classified Steinbach Declaration Lodged With the Court on November 22, 2016. (Dkt. No. 250, ["the Request"].)  In the Request, Twitter seeks an order granting its counsel access to the declaration of Michael Steinbach, former Federal Bureau of Investigation ("FBI") Executive Assistant Director[1] previously lodged with the Court *in camera*, in connection with defendants' motion for summary judgment (Dkt. No. 145).[2]

---

[1] Mr. Steinbach was replaced as Executive Assistant Director of the National Security Branch of the Federal Bureau of Investigation by Carl Ghattas.  (*See* Dkt. No. 175, 175-1.)

[2] Twitter's lead counsel Lee H. Rubin has had his security clearance "favorably adjudicated" by the FBI as of September 17, 2018.  (Dkt. No. 250-1, Rubin Decl. Exh. A.) Twitter previously provided authority for such access in its Motion for an Order Directing Defendants to Initiate Expedited Security Clearance. (Dkt. No. 124, ["Motion to Expedite"].)

United States District Court
Northern District of California

United States District Court
Northern District of California

The Government defendants filed their response to the Request, contending that Twitter could not have access to the classified version of the Steinbach Declaration because, despite the appropriate security clearance, Twitter's counsel had not been determined by the FBI to have a "need to know" the information therein. (Dkt. No. 256.)  The Government contends:

> [t]he declaration encompasses far more sensitive national security information than an individual recipient of national security process might know or have reason to learn.  The declaration contains Sensitive Compartmented Information, and is classified at the TOP SECRET level. Disclosure of such information reasonably could be expected to cause exceptionally grave damage to the national security.

(*Id*. at 1, citing Dkt. No. 175-1, ¶ 17 [Decl. of EAD Ghattas filed August 8, 2017].)

As the Court previously found, the *in camera* declaration of Michael Steinbach was insufficient to establish that national security harms could reasonably be expected to result from disclosure of Twitter's Draft Transparency Report, and thus to support the Government's decision that the information therein was properly determined to be "classified."  (Dkt. No. 172 at 17-18.) Steinbach "fail[ed] to provide sufficient details indicating that the decision to classify the information in the Draft Transparency Report was based on anything more specific than the reporting bands in section 1874 and the FBI's position that more granular information 'could be expected to harm national security.'"  (*Id*. at 17.)  Steinbach's declaration relied on a "generic, and seemingly boilerplate, description of the mosaic theory and a broad brush concern that the information at issue will make more difficult the complications associated with intelligence gathering in the internet age."  (*Id*. at 18.)  The Court found the Steinbach declaration failed to establish the redacted information in Twitter's Draft Transparency Report was properly classified since the declaration did not demonstrate that disclosure of the information would present a grave and serious threat of damage to national security to satisfy strict scrutiny.  (*Id*. at 2.)  Thus, the Court denied the Government's motion for summary judgment without prejudice "to a renewed motion upon a more fulsome record."  (*Id*. at 21.)[3]

---

[3] In the Court's July 6, 2017 Order denying defendants' motion for summary judgment, the Court also ordered that defendants "move forward on granting Twitter's lead counsel, Andrew J. Pincus and Lee H. Rubin, security clearances that would permit review of relevant classified materials in this matter." (Dkt. No. 172 at 21.)

United States District Court
Northern District of California

1    Shortly thereafter, upon issuance of the Ninth Circuit's decision in *In re National Security*

2  *Letter*, 863 F.3d 1110 (9th Cir. 2017) ("*In re NSL*"), the Government renewed its motion for

3  summary judgment.  The Court found no reconsideration of the summary judgment denial was

4  warranted since the *In re NSL* decision supported the Court's determination that a content-based

5  challenge, as here, was subject to strict scrutiny and required consideration of the same factors the

6  Court had analyzed in determining that the Government's showing fell short of that standard.

7  (Dkt. No. 186 at 6-7, 10.)  The Court reiterated that the Steinbach declaration had failed to support

8  the classification decision.  (*Id*. at 7.)[4]

9    Now, the Government asserts that the Steinbach declaration itself contains sensitive

10 national security information and its disclosure, even to a person with the appropriate security

11 clearance, "can reasonably be expected to cause exceptionally grave damage to the national

12 security." (Dkt. No. 256 at 2.)  Given the Court's prior findings regarding the insufficiency of the

13 Steinbach declaration and the "generic . . . seemingly boilerplate" information therein, the

14 Government's argument fails to persuade.

15    Further, the Government's position that the Court may "in no event" grant Twitter access

16 to information in this action that the Government has deemed classified (Dkt. No. 256 at 10)

17 ignores the Court's role in determining whether any assertion of the common law state secrets

18 privilege[5], or of classification itself, is well-founded.  "Judicial control over the evidence in a case

19 cannot be abdicated to the caprice of executive officers."  *United States v. Reynolds*, 345 U.S. 1,

20 9–10 (1953).  "[T]he [state secrets] privilege may not be used to shield any material not strictly

21

22    [4] The Court also noted, in its Order Denying Reconsideration, that the Government had
23 filed an additional declaration in support of reconsideration in which Carl Ghattas, the successor to
   Michael Steinbach as Executive Assistant Director, stated that he had reviewed Steinbach's
24 declaration and concurred with the conclusions therein regarding the need for classification.  The
   Court found that additional declaration did not support the Government's classification decision.
25 (*Id*. at 7.)

26    [5] The Supreme Court has indicated that the state secrets privilege is a product of federal
   common law.  *See Reynolds*, 345 U.S. at 6–7 and n. 9. *see also In re Nat'l Sec. Agency*
27 *Telecommunications Records Litig.*, 564 F. Supp. 2d 1109, 1119, 1123 (N.D. Cal. 2008)
   ("*Reynolds* itself, holding that the state secrets privilege is part of the federal common law, leaves
28 little room for defendants' argument that the state secrets privilege is actually rooted in the
   Constitution.").

necessary to prevent injury to national security; and, whenever possible, sensitive information must be disentangled from nonsensitive information to allow for the release of the latter." *Ellsberg v. Mitchell*, 709 F.2d 51, 57 (D.C. Cir. 1983).  "[T]o ensure that the state secrets privilege is asserted no more frequently and sweepingly than necessary, it is essential that the courts continue critically to examine instances of its invocation."  *Id.* at 58.  The process set forth by the Supreme Court in *Reynolds* "places on the court a special burden to assure itself that an appropriate balance is struck between protecting national security matters and preserving an open court system." *Al-Haramain Islamic Found., Inc. v. Bush*, 507 F.3d 1190, 1203 (9th Cir. 2007). "[A]n executive decision to *classify* information is insufficient to establish that the information is privileged."  *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1082 (9th Cir. 2010) *en banc* (emphasis in original).

The Government is ordered to file a written response to this Order to Show Cause no later than **January 18, 2019.**

Twitter shall file a written response no later than **January 25, 2019**.

The Government may file a reply no later than **February 1, 2019.**

The Government shall indicate whether oral argument is requested.  If so, a hearing on this Order to Show Cause shall be set for **Friday, February 15, 2019, at 9:30 a.m.**  The Government has indicated that it initiated an agency review process concerning its intention to assert the state secrets privilege in connection with the Steinbach Declaration, and that such process would take 60-90 days.  Should that review process be completed prior to the February 15, 2019 hearing but after the completion of briefing, the Government shall file a status report so indicating.

IT IS SO ORDERED.

Dated:  January 2, 2019

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE