JOSEPH H. HUNT
Assistant Attorney General
ALEX G. TSE
Acting United States Attorney
ANTHONY J. COPPOLINO
Deputy Branch Director
JULIA A. HEIMAN
Senior Counsel
CHRISTOPHER HEALY
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 616-8480
Facsimile:  (202) 616-8470
Email: julia.heiman@usdoj.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC., | Case No. 14-cv-4480-YGR |
| Plaintiff, | **DEFENDANTS' RESPONSE TO THE ORDER TO SHOW CAUSE RE: DISCLOSURE OF DECLARATION SUBMITTED *IN CAMERA*** |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General of the United States, *et al.*, | Date: February 15, 2019 Time: 9:30 a.m. |
| Defendants. | Courtroom 1, Fourth Floor Hon. Yvonne Gonzalez Rogers |

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*

1
2

## <u>**TABLE OF CONTENTS**</u>

3

I.     INTRODUCTION .................................................................................................. 1

4

II.    ARGUMENT ......................................................................................................... 4

5

    A.  The Information at Issue is Properly Classified, and the Court has Issued No Finding
        to the Contrary .......................................................................................................... 4

6

7

    B.  Defendants Have Objected to the Disclosure of the Classified Steinbach Declaration
        to Plaintiff or its Counsel Throughout this Litigation. ................................. 7

8

9

    C.  An Order of Disclosure to Plaintiff's Counsel Under the Circumstances Presented
        Here Would Be Unsupported by Law. ........................................................ 9

10

11

    D.  None of the Cases on which Plaintiff Relies Provides Authority for Court-Ordered
        Access to Classified Information over the Government's Objection. ........................ 14

12

III.   CONCLUSION .................................................................................................... 17

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*

i

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Admiral Ins. Co. v. U.S. Dist. Court,*
    881 F.2d 1486 (9th Cir. 1989) ...................................................................... 4

*Al-Haramain Islamic Found. Inc. v. Obama,*
    705 F.3d 845 (9th Cir. 2012) ...................................................................... 16

*Al-Haramain Islamic Found., Inc. v. Bush,*
    507 F.3d 1190 (9th Cir. 2007) ........................................................... 12, 13, 14

*Al-Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury,*
    686 F.3d 965 (9th Cir. 2012) ............................................................. 11, 12, 15

*CIA v. Sims,*
    471 U.S. 159 (1985) .................................................................................. 13, 15

*Dep't of Navy v. Egan,*
    484 U.S. 518 (1988) ............................................................................... *passim*

*Doe v. Gonzales,*
    449 F.3d 415 (2d Cir. 2006) ...................................................................... 16–17

*Doe v. Gonzalez,*
    386 F. Supp. 2d 66 (D. Conn. 2005) ........................................................ 16–17

*Dorfmont v. Brown,*
    913 F.2d 1399 (9th Cir. 1990) ...................................................................... 9, 10

*Fitzgibbon v. CIA,*
    911 F.2d 755 (D.C. Cir. 1990) ......................................................................... 15

*Frugone v. CIA,*
    169 F.3d 772 (D.C. Cir. 1999) ......................................................................... 13

*Gen. Dynamics Corp. v. United States,*
    563 U.S. 478 (2011) ................................................................................... 11, 16

*Hamdan v. U.S. Dep't of Justice,*
    797 F.3d 759 (9th Cir. 2015) ........................................................................... 14

*Holder v. Humanitarian Law Project,*
    561 U.S. 1 (2010) ................................................................................... 13, 15

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*

*Horn v. Huddle,*
    647 F. Supp. 2d 55 (D.D.C. 2009) ................................................................................... 17

*Horn v. Huddle,*
    699 F. Supp. 2d 236 (D.D.C. 2010) ................................................................................. 17

*Hunt v. CIA,*
    981 F.2d 1116 (9th Cir. 1992) ........................................................................................... 14

*In re Copley Press, Inc.,*
    518 F.3d 1022 (9th Cir. 2008) ............................................................................................. 4

*In re Nat'l Sec. Agency Telecomms. Litig.,*
    700 F. Supp. 2d 1182 (N.D. Cal. 2010) .......................................................................... 16

*In re NSA Telecommunications Records Litigation,*
    595 F. Supp. 2d 1077 (N.D. Cal. 2009) .......................................................................... 16

*KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner,*
    710 F. Supp. 2d 637 (N.D. Ohio 2010) ........................................................................... 16

*Latif v. Holder,*
    28 F. Supp. 3d 1134 (D. Or. 2014) .............................................................................. 17, 18

*Latif v. Sessions,*
    No. 3:10-CV-00750-BR, 2017 WL 1434648 (D. Or. Apr. 21, 2017) ............................... 17, 18

*McGehee v. Casey,*
    718 F.2d 1137 (D.C. Cir. 1983) ....................................................................................... 14

*Shaffer v. DIA,*
    102 F. Supp. 3d 1 (D.D.C. 2015) ...................................................................................... 14

*Sterling v. Tenet,*
    416 F.3d 338 (4th Cir. 2005) ............................................................................................. 11

*Stillman v. CIA,*
    319 F.3d 546 (D.C. Cir. 2003) ............................................................................................. 4

*United States v. Nixon,*
    418 U.S. 683 (1974) .......................................................................................................... 13

*United States v. Ott,*
    827 F.2d 473 (9th Cir.1987) ............................................................................................. 10

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*

*United States. v. Reynolds,*
  345 U.S. 1 (1953) ............................................................................... 11, 12, 14

*Wilson v. CIA,*
  586 F.3d 171 (2d Cir. 2009) ................................................................ 14

**STATUTES**
50 U.S.C. § 1702(c)............................................................................... 16

**FEDERAL REGULATIONS**
28 C.F.R. § 17.18 ................................................................................. 7

**EXECUTIVE MATERIALS**
Exec. Order No. 13526, Fed. Reg. 707 (Dec. 29, 2009)  ...................... *passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*

1    **I.      INTRODUCTION**

2         Defendants respectfully submit this response to the Order to Show Cause Re: Disclosure

3    of Declaration Submitted *In Camera*, ECF No. 261 ("Order to Show Cause").  That Order

4    requires Defendants to demonstrate why they should not be "compelled to disclose" the

5    Classified Declaration of Executive Assistant Director ("EAD") Steinbach ("Classified

6    Steinbach Declaration") to Plaintiff's counsel.  Defendants had submitted the Classified

7    Steinbach Declaration at the summary judgment stage solely for the Court's *ex parte*, *in camera*

8    review to explain, in classified detail, the harm that reasonably could be expected to result from

9    the disclosure of the classified information in Plaintiff's draft Transparency Report.

10        The Court should discharge the Order to Show Cause as the result it contemplates is

11   legally unprecedented and premised on clear errors of fact and law.  Defendants are aware of no

12   case in which a party or its attorney received court-ordered access to classified materials over

13   the Government's objection in a setting where the Government was considering, but had not yet

14   had the opportunity to perfect, an assertion of the state secrets privilege to protect that

15   information from disclosure.  Neither the facts nor the law support the compelled disclosure of

16   classified information.

17        The Order to Show Cause cites "the Court's prior findings regarding the insufficiency of

18   the Steinbach declaration and the 'generic … seemingly boilerplate' information therein," as the

19   reasons why the Court is not persuaded that the Classified Steinbach Declaration should be

20   protected from disclosure to Plaintiff's counsel with an appropriate security clearance.  Order to

21   Show Cause at 3.  Yet this conclusion is premised on multiple errors.  First, the Court's Order

22   erroneously conflates two distinct issues:  (1) whether the Classified Steinbach Declaration was

23   sufficient to explain why the data contained in Twitter's draft Transparency Report is properly

24   classified and consistent with the First Amendment may not be published; and (2) whether the

25   Classified Steinbach Declaration *itself* contains classified information to which the Government

26   will not grant access by Plaintiff's counsel.  The Court previously considered the Classified

27   Steinbach Declaration in deciding whether the restriction on Twitter's speech (in the draft

28   Transparency Report) was sufficiently narrowly tailored to prevent a national security risk of

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                          1

1   "sufficient gravity" to pass "rigorous" First Amendment scrutiny.  Order Denying Govt's Mot.

2   For Summ. J. Without Prejudice, ECF No. 172 ("July 6, 2017 Order") at 16, 17.  That is an

3   entirely separate question from whether the declaration itself contains classified information to

4   which the Plaintiff's counsel may be granted access.  That the Court was not persuaded by the

5   explanation in the declaration on summary judgment concerning whether Twitter's draft report

6   contains classified information has no bearing on, *see* Order to Show Cause at 2 (discussing

7   Twitter's Draft Transparency Report and "the information therein"), and in no way constituted

8   any sort of ruling on, whether the Classified Steinbach Declaration itself contains classified

9   information or may be available to the Plaintiff's counsel.

10      Second, the Court's suggestion that Defendants only "[n]ow" have asserted that the

11  Classified Steinbach Declaration "itself contains sensitive national security information" that

12  must be protected from disclosure, *see id.* at 3, is also plainly incorrect.  Even before it was

13  filed, Defendants made clear that the declaration itself would contain classified information that

14  would be submitted solely for *ex parte* review and could not be shared with Plaintiff's counsel.

15  Oct. 24, 2016 Tr., ECF No. 138, at 31:2–17.  After it was filed, Defendants reiterated that the

16  declaration contained classified information submitted solely for *ex parte* review.  *See*

17  Unclassified Decl. of EAD Steinbach, ECF No. 147-1, at 1 n.1.  On its face, the Classified

18  Steinbach Declaration states that it contains classified information submitted solely for the

19  Court's *ex parte*, *in camera* review.  The Classified Steinbach Declaration is plainly marked as

20  classified and includes multiple paragraphs that are individually marked as classified.  And that

21  declaration itself explains that the marked paragraphs contain classified information.  There can

22  be no confusion or ambiguity that the Government submitted information it determined was

23  classified in that declaration.  And the subsequent Declaration of EAD Carl Ghattas submitted

24  in August 2017, which specifically stated a determination that counsel for Twitter may not

25  access the Classified Steinbach Declaration, reiterated that the declaration itself contained

26  information that was currently and properly classified.  *See* Aug. 8, 2017 EAD Ghattas

27  Declaration, ECF No. 175-1.

28

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                        2

The Court's suggestion in the Order to Show Cause that the Government is only now contending that the Classified Steinbach Declaration contains classified information is plainly wrong, and at no point has the Court considered this question in previously reviewing that declaration on summary judgment.  Defendants have objected to its disclosure to Plaintiff's counsel throughout these proceedings, and explained that litigation regarding this very issue, *i.e.* Plaintiff's request for access to such a declaration, likely would necessitate consideration of whether to invoke the state secrets privilege.  Oct. 24, 2016 Tr., ECF No. 138, at 25:8–25.  Thus, the apparent factual predicate for the Order to Show Cause – the purported insufficiency of the Classified Steinbach Declaration regarding the national security harms on whether Twitter may publish information in its Transparency Report – is both wrong and irrelevant to whether this Court may grant access to the Classified Steinbach Declaration to Plaintiff's counsel.

The Order to Show Cause also erroneously conflates two separate legal questions: (1) whether a court has authority to *grant access* to information that the Executive Branch contends is classified; and (2) whether a court may resolve a dispute as to whether information is properly classified or protected by the state secrets privilege.  The Court takes issue with the Government's contention that "in no event" may it grant access to Plaintiff's counsel to information that the Government has deemed classified, observing that courts have a "role in determining whether any assertion of the common law state secrets privilege, or of classification itself, is well-founded."  Order to Show Cause at 3.  But those well-established judicial functions lend no support for an order requiring disclosure under the circumstances presented here.  Any decision concerning whether information is properly classified or subject to the state secrets privilege, which would be subject to appeal before any disclosure, concerns whether information may be protected generally by the Executive Branch, but is not a determination on whether a person may be granted access to information pursuant to a security clearance.  The Executive Branch—not the courts—retains the authority and discretion to determine who may be granted access to information it determines is properly classified.  *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988).  Here, the Government has considered disclosure of the Classified

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                                  3

Steinbach Declaration to Plaintiff's counsel and determined that counsel does not meet the requirements for access to the information at issue under Executive Order 13526. *See* Aug. 8, 2017 EAD Ghattas Decl. ¶¶ 18–19. The Court has not addressed whether the information in the Classified Steinbach Declaration is subject to the state secrets privilege, and it lacks authority under *Egan* to override the Executive Branch's denial of access by Plaintiff's counsel to the declaration—at least until any privilege issue is finally resolved on further review.

Defendants have made every effort to avoid this path—including by seeking resolution of Plaintiff's claims on the merits under the model set forth in *Stillman v. CIA*, 319 F.3d 546 (D.C. Cir. 2003) and its progeny—because, once invoked, the state secrets privilege could render such resolution impossible. But the Court's consideration of Plaintiff's request to compel access to the Classified Steinbach Declaration, ECF No. 250, has rendered it necessary for the Government to consider an assertion of the state secrets privilege at this point. As the Court recognized in its Order to Show Cause, the Government has not completed deliberations on an assertion of privilege and thus has not yet set forth—as it would do when asserting the state secrets privilege or defending a classification decision—the harm that reasonably could be expected to result from disclosure of the Classified Steinbach Declaration. For the reasons explained herein and in the Defendants' Response to the Court's November 26, 2018 Order, ECF No. 256, an order of disclosure now under these circumstances would raise serious constitutional issues, and would be subject to immediate appellate review.[1] As permitted by the Order to Show Cause, the Government intends to advise the Court of the status of the state secrets assertion process by the February 15, 2019 hearing date on this matter.

---

[1] *See In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008); *Admiral Ins. Co. v. U.S. Dist. Court*, 881 F.2d 1486, 1491 (9th Cir. 1989); *see also*, *e.g.*, *Stillman*, 319 F.3d at 547–49 (reviewing and reversing an order that classified information be disclosed to plaintiff's counsel in that case).

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                                    4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.     ARGUMENT

### A.  The Information at Issue is Properly Classified, and the Court has Issued No Finding to the Contrary.

The Order to Show Cause states that "[t]he Court found the Steinbach declaration failed to establish the redacted information in Twitter's Draft Transparency Report was properly classified," and further states that the Court had determined the information in the Classified Steinbach Declaration was "generic" and "seemingly boilerplate."  Order to Show Cause at 2, 3. But as demonstrated by the Government's submissions in this case, the information in the Classified Steinbach Declaration is classified, and the Court has not concluded otherwise. Rather, as discussed below, the Court's prior decisions were focused on whether the Government's showing had met the high standard that the Court held to be applicable to any restriction on Plaintiff's speech in this case.  That is a far different question from that which is presented here:  whether Plaintiff's counsel may be granted access to the Classified Steinbach Declaration.

As to the question now before the Court, the record is clear.  Defendants submitted the Classified Steinbach Declaration to provide, in classified detail, an explanation of why disclosure of the information that Plaintiff seeks to publish reasonably could be expected to result in damage to the national security.   That declaration contains information that is broader and more sensitive than the data in the draft Transparency Report.  Indeed, the contents of the Classified Declaration of EAD Steinbach are broader and more sensitive than any information that a recipient of any national security process might know or have reason to learn, and, indeed, are classified at a higher level.  Specifically, as explained on the face of the Classified Steinbach Declaration, and in the August 8, 2017 Declaration of EAD Ghattas, the Classified Steinbach Declaration contains information classified at the TOP SECRET level, as well as Sensitive Compartmented Information.  *See* Aug. 8, 2017 Ghattas Decl. ¶ 17.  Nothing in the Court's prior orders is to the contrary.

Both on summary judgment and on the motion for reconsideration of denial of the Government's motion for summary judgment, the Court's orders have focused on a different

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                                    5

1   question from that now before the Court.  Rather than considering whether the information in

2   the draft Transparency Report was currently and properly classified (or whether the Classified

3   Steinbach Declaration itself contained properly classified information), in adjudicating

4   Defendants' summary judgment motion, the Court examined whether the Government's

5   restriction of Plaintiff's speech with respect to the data in its draft Transparency Report could

6   survive "rigorous scrutiny" under its construction of the First Amendment.  July 6, 2017 Order

7   at 16, 17.  To do so, the Court examined whether "grave or imminent harm" could be expected

8   to arise from disclosure of the draft Transparency Report.  *Id.*  The Court did not, at that time,

9   purport to resolve any question of the propriety of the classification of the Classified Steinbach

10  Declaration, *see id.* at 17–18, but looked instead at whether the restriction on Twitter's speech

11  was "narrowly tailored to prevent a national security risk *of sufficient gravity*" to pass muster

12  under the heightened level of scrutiny that the Court had applied.  *Id.* at 17 (emphasis added).

13  And as to this question, the Court did not reach a resolution of the First Amendment claim.

14  Rather, it determined that the Classified Steinbach Declaration was not sufficient at the

15  summary judgment stage to sustain the Government's position on the merits.  *See id.* at 2 ("[t]he

16  restrictions are not narrowly tailored to prohibit only speech that would pose a clear and present

17  danger or imminent harm to national security . . . . [t]he Government has not presented

18  evidence, beyond a generalized explanation, to demonstrate that disclosure of the information in

19  the Draft Transparency Report would present such a grave and serious threat of damage to

20  national security as to meet the applicable strict scrutiny standard.").  The case then proceeded

21  to discovery.

22         In particular, the Court previously did not consider whether the classified explanation of

23  harm contained in the Classified Steinbach Declaration was itself properly protected from

24  disclosure.  The Court's prior reference to a "generic" and "seemingly boilerplate" discussion in

25  the Classified Steinbach Declaration was directed at whether the Defendants had made a

26  sufficient showing on the Plaintiff's First Amendment claims *with respect to the content of the*

27  *draft Transparency Report*, not whether the declaration itself contained classified information.

28  Order to Show Cause at 3.  Indeed, those descriptors referred specifically to the discussion of

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                                        6

1   mosaic theory that was presented in the declaration, and not with respect to whether information

2   contained in the Classified Steinbach Declaration itself was properly classified.  *See* July 6,

3   2017 Order at 17–18 ("the declaration largely relies on a generic, and seemingly boilerplate,

4   description of the mosaic theory and a broad brush concern" regarding the disclosure of the

5   information at issue.)  Even if this description of statements contained in the declaration were

6   correct—and Defendants respectfully submit that it is not—it does not constitute a finding that

7   the Classified Steinbach Declaration did not contain classified information or could be disclosed

8   to Plaintiff's counsel.

9         To be sure, there is unclassified information in the Classified Steinbach Declaration, and

10  Defendants have largely provided the substance of that information to Plaintiff verbatim, in the

11  Unclassified Declaration of EAD Steinbach submitted with their motion for summary judgment.

12  *See* ECF No. 147-1.  But that unclassified information is not the material that Defendants are

13  seeking to protect from disclosure.  Rather, the information to which Plaintiff's counsel seeks

14  access includes information that has been determined by two Original Classification Authorities

15  to be properly classified, including at the TOP SECRET level, and includes Sensitive

16  Compartmented Information.  *See* Classified Decl. of EAD Steinbach; Aug. 8, 2017 Ghattas

17  Decl. ¶ 17.  "Sensitive Compartmented Information is information that not only is classified for

18  national security reasons as Top Secret, Secret, or Confidential, but also is subject to special

19  access and handling requirements because it involves or derives from particularly sensitive

20  intelligence sources and methods." 28 C.F.R. § 17.18.  The Court has not previously purported

21  to make any finding regarding the Government's showing with respect to the propriety of the

22  classification of this information in the declaration, and the suggestion to the contrary in the

23  Order to Show Cause is incorrect.

### B. Defendants Have Objected to the Disclosure of the Classified Steinbach Declaration to Plaintiff or its Counsel Throughout this Litigation.

25         The Order to Show Cause also suggests that Defendants only recently have raised an

26  objection to the disclosure of the Classified Steinbach Declaration to Plaintiff's counsel.  Order

27  to Show Cause at 3.  That is incorrect.

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                    7

To begin with, the Classified Steinbach Declaration, on its face, states that it is submitted only *ex parte*, *in camera*.  *See* Classified Steinbach Decl.  In his unclassified declaration, too, EAD Steinbach noted his understanding that the classified declaration would be made available to the Court "solely for its *ex parte* and *in camera* review." Unclassified Decl. of EAD Steinbach, ECF No. 147-1, at 1 n.1.  He further emphasized that "[f]or the reasons explained in the classified declaration, disclosure of the information contained therein reasonably could be expected to result in damage to the national security," and concluded that, therefore, "[t]he FBI does not consent to its disclosure beyond the presiding judge."  *Id.*; *see also* Defendants' Responses to Plaintiff's First Set of Requests for Production ("RFPs"), ECF No. 147-1, at 18–28 (objecting to the production of classified information to Plaintiff, including in response to those requests for production to which the Classified Steinbach Declaration would be responsive:  RFPs 1(a), 2(a), 3(a), 4(a), 8(a), 9(a), 11(a), 12(a), 13(a), 15(a)).  The Classified Steinbach Declaration is marked as "TOP SECRET" and its paragraphs contain markings indicating their classification level.

Moreover, even prior to the submission of their summary judgment motion (and, therefore, the accompanying Classified Steinbach Declaration), Defendants raised concerns about submitting a classified declaration to the Court while the Plaintiff's motion for a background investigation for counsel was pending, precisely because the evidence provided to the Court in such a declaration would be broader and more sensitive than anything that could be shared with Plaintiff or its counsel.[2]  Oct. 24, 2016 Tr., ECF No. 138, at 31:2–17.  Indeed, in 2016, Defendants pointed to the possibility of the very situation that has unfolded here—the potential that a request for access to such a classified submission would require the Government to consider an assertion of the state secrets privilege, which, in turn, could complicate or render impossible a resolution of the merits of Plaintiff's claims.  *Id.* at 25:8–25 (discussing that the Government's explanation of why publication of the information in Twitter's draft

---

[2] A fulsome description of the procedural background relevant to Plaintiff's request for access to the Classified Declaration of EAD Steinbach appears in Defendants' Response to the Court's November 26, 2018 Order.  *See* ECF No. 256 at 3–7.

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                                8

Transparency Report reasonably could be expected to harm national security would itself be classified, and that a request for access to such information could result in "the Government [having] to consider whether to assert the state secrets privilege with . . . potentially serious consequences for the litigation."); *see also id.* 12:21–13:8 (explaining that a request for access to classified information "would raise questions about whether the case could be litigated on the merits at all"); *id.* 27:8–14.  The Court nonetheless ordered the Government to proceed, including with its *ex parte* presentation, noting that, otherwise, the Government would later be precluded from making such a motion.  *See id.* at 31:13–24; 32:4–13.

       To avoid such preclusion, Defendants submitted the Classified Steinbach Declaration alongside their motion for summary judgment.  *See* Notice of Lodging of Classified Declaration, ECF No. 144.  However, after the Court denied without prejudice Defendants' summary judgment motion, and granted Plaintiff's motion to initiate a background investigation of its counsel, *see* July 6, 2017 Order, Defendants submitted a declaration from EAD Ghattas again attesting to the sensitivity of the information in the Classified Steinbach Declaration and explaining why Plaintiff's counsel did not meet the requirements for access to that information under Executive Order 13526.  *See* Aug. 8, 2017 Ghattas Decl., ECF No. 175-1, ¶¶ 9–16.

       In sum, throughout these proceedings—including even before they had submitted the Classified Steinbach Declaration to the Court—Defendants have objected to the disclosure of that declaration to Plaintiff or its counsel because it contains classified information.

## C.  An Order of Disclosure to Plaintiff's Counsel Under the Circumstances Presented Here Would Be Unsupported by Law.

        As also explained in Defendants' Response to the Court's November 26, 2018 Order, the Constitution vests in the President and Executive Branch the authority and discretion to determine who may be granted access to classified information.  *Egan*, 484 U.S. at 527 (citing U.S. Const., Art. II, § 2); *see also*, *e.g.*, *Dorfmont v. Brown*, 913 F.2d 1399, 1401 (9th Cir. 1990).  Executive Order 13526 was promulgated under that constitutional authority.  It vests in the heads of executive agencies both the responsibility to safeguard classified information and the responsibility to determine whether an individual may access classified information when

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                                        9

1    necessary conditions are met.  *See* Exec. Order 13526, 75 Fed. Reg. 707 (Dec. 29, 2009).  These

2    include the requirement that there be a favorable determination of eligibility for access by an

3    agency head (or designee), as has occurred in this case, *see* Fourth Updated Joint Case

4    Management Statement, ECF No. 244 at 7; that the Executive Branch must determine that a

5    person has a "need-to-know" the information before that person may be granted access to

6    classified information; and the person must sign a non-disclosure agreement.  *See* Executive

7    Order 13526, § 4.1(a)(1)-(3).[3]  These preconditions do not apply only to persons outside of the

8    Government who seek access to classified information.  To the contrary, this safeguard, together

9    with all safeguards set forth in Part 4 of the Executive Order, apply to all Government

10   personnel; thus, even Government officials possessing the highest levels of clearance are

11   prohibited from accessing classified information if they lack a need-to-know.

12        A "need-to-know" under Executive Order 13526 is specifically defined as a

13   determination "*within the executive branch* . . . that a prospective recipient requires access to

14   specific classified information in order to perform or assist in a lawful and authorized

15   governmental function."  *Id.* at §§ 4.1(a), 4.1(e), 6.1(dd) (emphasis added).  Here, this necessary

16   condition for access to classified information is not just absent, the Executive Branch has, in

17   fact, specifically concluded that Plaintiff's counsel does not possess a need-to-know.  Indeed,

18   EAD Ghattas "determined that [Plaintiff's counsel] do not have a need for access to or a need-

19   to-know, the classified FBI information at issue in this case," including the Classified Steinbach

20   Declaration.  Aug. 8, 2017 Ghattas Decl. ¶¶ 18, 19.  That is, EAD Ghattas determined that "it

21   does not serve a governmental function, within the meaning of the Executive Order, to allow

22   plaintiff's counsel access to the classified FBI information at issue in this case to assist in

23

24

25

26        [3] *Cf. United States v. Ott*, 827 F.2d 473, 476–77 (9th Cir.1987) (rejecting defendant's
     argument that "because his various attorneys all had high security clearances . . . disclosure to
27   them of the FISA materials would not entail or risk dissemination of sensitive information to
     non-cleared personnel").
28

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                    10

1   representing the interests of a private plaintiff who has filed this civil suit against the

2   government." *Id.* ¶ 18.[4]

3          Because the FBI has determined that Plaintiff's counsel lacks the "need-to-know"

4   required to access the classified declaration at issue, the requirements for access under

5   Executive Order 13526 are not satisfied, and the Court lacks the authority to order its disclosure

6   over the Executive Branch's objection.  *See Egan*, 484 U.S. at 529 ("the protection of classified

7   information must be committed to the broad discretion of the agency responsible, and this must

8   include broad discretion to determine who may have access to it"); *see also Dorfmont,* 913 F.2d

9   at 1401 ("The decision to grant or revoke a security clearance is committed to the discretion of

10  the President by law.").

11         The potential disclosure at issue here—to an attorney whose background investigation

12  was favorably adjudicated—may seem to be of no moment, but the Supreme Court has

13  recognized the danger inherent in *any* disclosure of sensitive national security information,

14  "even [to] the judge, alone, in chambers."  *United States v. Reynolds*, 345 U.S. 1, 10 (1953); *see

15  also*, *e.g.*, *Sterling v. Tenet*, 416 F.3d 338, 344 (4th Cir. 2005) (recognizing that even *in camera*

16  disclosures of classified information beyond those that were absolutely necessary constituted

17  "play[ing] with fire").  Citing *General Dynamics Corp. v. United States*, where disclosure to

18  cleared counsel led to the unauthorized disclosure of military secrets, the Ninth Circuit has

19  acknowledged that the Government "might have a legitimate interest in shielding . . . materials

20  even from someone with the appropriate security clearance."  *Al-Haramain Islamic Found., Inc.

21  v. U.S. Dep't of Treasury*, 686 F.3d 965, 983 (9th Cir. 2012) (citing *Gen. Dynamics Corp. v.

22  United States*, 563 U.S. 478 (2011)).  Thus, even where classified information was the basis for

23  a decision that rendered a plaintiff organization "financially defunct," *id.* at 980, the Ninth

24  Circuit did not order the Government to disclose the classified information on which that

25  decision was based, but indicated that the Government must *consider* whether such disclosure,

26  ─────────────────

27         [4] Indeed, the Executive Order makes clear that the need-to-know requirement may be
    waived only for specific categories of officials and even then only by an Executive Branch
    agency, *i.e.*, the head of an agency or senior agency official under certain circumstances.

28  Executive Order 13256, § 4.4.

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                          11

1    or another accommodation such as an unclassified summary, would be possible, consistent with

2    national security.  *See id.* at 983–84.  As noted, the Government has considered disclosure of the

3    Classified Steinbach Declaration to Plaintiff's counsel here, and has determined that counsel

4    does not meet the requirements for access to the information at issue under Executive Order

5    13526.  *See* Aug. 8, 2017 EAD Ghattas Decl. ¶¶ 18–19.  Instead, consistent with the Ninth

6    Circuit's guidance, the Government has provided an unclassified summary to the Plaintiff in the

7    form of the Unclassified Steinbach Declaration, *see* ECF No. 147-1.

8            The Order to Show Cause suggests that the Court nonetheless could grant Plaintiff

9    access to the Classified Steinbach Declaration based on the Court's view of its role in

10   "assessing any assertion of the state secrets privilege or the question of whether a classification

11   decision itself is well-founded."  Order to Show Cause at 3.  But the Court's role in assessing

12   whether any assertion of the state secrets privilege was procedurally and substantively proper,

13   *see, e.g., Al-Haramain Islamic Found., Inc. v. Bush*, 507 F.3d 1190, 1202–03 (9th Cir. 2007)

14   (citing *Reynolds*, 345 U.S. at 7–8), does not support an order of disclosure in the circumstances

15   presented.  Here, Defendants have not yet had an opportunity to complete consideration of, and

16   perfect, any assertion of privilege.  Rather than assessing a claim of privilege under the

17   standards set forth by the Supreme Court and the Ninth Circuit, in the present posture, the Court

18   would be compelling disclosure without allowing the Executive to explain in detail the

19   information that it seeks to protect, and why it seeks such protection.  Defendants are unaware

20   of any case in which disclosure of classified information was ordered under such circumstances.

21           Moreover, the standard applicable to the Court's review of any assertion of the state

22   secrets privilege would be significantly different from that which the Court has applied in this

23   case.  Thus far, in the instant case, to the extent the Court has examined the Government's

24   explanation of why information at issue in this case cannot be disclosed, the Court has looked

25   only at the proposed disclosure of the classified contents of Plaintiff's draft Transparency

26   Report (rather than the entirety of the Classified Steinbach Declaration), *see supra* 5–7, and as

27   to the draft report has applied an exceptionally high standard of review under the First

28   Amendment, with a presumption against the Government's determinations.  *See* July 6, 2017

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                          12

1  Order at 17–18; Nov. 28, 2017 Order at 3.  Resolution of whether information in a Government

2  declaration is properly classified and subject to the state secrets privilege is plainly distinct from

3  resolution of the Plaintiff's First Amendment claim as to information in its own report.

4   "[C]ourts have traditionally shown the utmost deference" to the Executive Branch's

5  constitutional authority to classify and control access to national security information.  *Egan*,

6  484 U.S. at 530 (quoting *United States v. Nixon*, 418 U.S. 683, 710 (1974)); *see also*, *e.g.*,

7  *Holder v. Humanitarian Law Project*, 561 U.S. 1, 34 (2010) ("when it comes to collecting

8  evidence [on national security matters], the lack of competence on the part of the courts is

9  marked, and respect for the Government's conclusions is appropriate") (quotation and citation

10  omitted); *CIA v. Sims*, 471 U.S. 159, 180 (1985) ("[I]t is the responsibility of the [Executive],

11  not that of the judiciary, to weigh the variety of complex and subtle factors in determining

12  whether disclosure of information may lead to an unacceptable risk of compromising the

13  Agency's intelligence-gathering process.").  Thus, in *Al-Haramain*, the Ninth Circuit

14  "acknowledge[d] the need to defer to the Executive on matters of foreign policy and national

15  security," noting the Court "surely cannot legitimately find [itself] second guessing the

16  Executive in this arena."  *Al-Haramain*, 507 F.3d at 1203.

17   There, when reviewing an assertion of the state secrets privilege, the Ninth Circuit

18  observed that a disclosure of the information at issue in that case "may seem . . . innocuous";

19  however, the Court concluded that its "judicial intuition" about the potential harm of disclosure

20  was "no substitute for documented risks and threats posed by the potential disclosure of national

21  security information."  *Id.*; *see also*, *e.g.*, *Frugone v. CIA*, 169 F.3d 772, 775 (D.C. Cir. 1999)

22  ("Mindful that courts have little expertise in either international diplomacy or

23  counterintelligence operations, we are in no position to dismiss the CIA's facially reasonable

24  concerns"); *Egan*, 484 U.S. at 529 (judgments as to harm that reasonably could be expected to

25  result from disclosure of information "must be made by those with the necessary expertise in

26  protecting classified information").  Thus, under the relevant case law, if the Government were

27  to proceed to invoke the state secrets privilege, the standard of review applicable to the Court's

28  consideration of that assertion would be whether ''from all the circumstances of the case . . .

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*            13

1   there is a reasonable danger that compulsion of the evidence will expose matters which, in the

2   interest of national security, should not be divulged.'' *Reynolds*, 345 U.S. at 10; *Al-Haramain*

3   *Islamic Found.,* 507 F.3d at 1196; *Mohamed v. Jeppesen Dataplan, Inc.* 614 F.3d 1070, 1079,

4   1081 (9th Cir. 2010).  That standard is substantially different from the First Amendment

5   standard previously applied in this case as to Plaintiff's proposed speech.  For this reason, the

6   case law regarding the state secrets privilege does not support an order of disclosure of the

7   Classified Steinbach Declaration based on the proceedings to date in this matter.

8         As with the standard applied to review an assertion of the state secrets privilege, the

9   approach of the courts in assessing a classification determination is markedly different from the

10   standard applied thus far in the instant case.  When courts consider whether information is

11   properly classified, they require the Government to explain "with reasonable specificity" the

12   "logical connection" between the information at issue and the reasons for classification.  *Shaffer*

13   *v. DIA*, 102 F. Supp. 3d 1, 11 (D.D.C. 2015) (citing *McGehee v. Casey*, 718 F.2d 1137, 1148

14   (D.C. Cir. 1983)).  In assessing a classification determination, "[t]he court's task is not to

15   second-guess the Agency, but simply to ensure that its reasons for classification are rational and

16   plausible ones."  *Wilson v. CIA*, 586 F.3d 171, 185–86 (2d Cir. 2009).[5]  As with the standard

17   applicable in the state secrets setting, this, plainly, is not the approach the Court has thus far

18   applied in this case.  *See supra* 6.

     **D.  None of the Cases on which Plaintiff Relies Provides Authority for Court-Ordered Access to Classified Information over the Government's Objection.**

21         Finally, although the Order to Show Cause states that "Twitter previously provided

22   authority for such access [to the Classified Steinbach Declaration] in its Motion for an Order

23   Directing Defendants to Initiate Expedited Security Clearance," *see* Order to Show Cause at 1

24        [5] Similarly, in the context of assessing whether classified materials are properly withheld
25   from disclosure under the Freedom of Information Act's Exemption (b)(1), which protects
classified information from disclosure, "the Supreme Court, [the Ninth Circuit], and other
26   circuits have emphasized the importance of deference to executive branch judgments about
national security secrets."  *Hamdan v. U.S. Dep't of Justice*, 797 F.3d 759, 773 (9th Cir. 2015).
27   Thus, where Government affidavits explaining the basis for classification "give reasonably
detailed justifications for withholding, and they appear to be in good faith, the inquiry ends and
28   the nondisclosure is upheld."  *Id.* (citing *Hunt v. CIA*, 981 F.2d 1116, 1119 (9th Cir. 1992).

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                        14

n.2, the cases to which Plaintiff cites do not provide the authority this Court describes.  Indeed, in none of the cases on which Plaintiff relies has a plaintiff or its counsel received court-ordered access to classified information over the Government's objection.

This fact is unsurprising, given that, as discussed above, *see supra* 9–10, 13, determinations as to which disclosures would harm national security fall within the constitutional purview and expertise of the Executive Branch—courts thus defer to that expertise as long as the Government has set forth a reasoned basis for its judgment.  *Sims*, 471 U.S. at 179 (decisions of the CIA Director, "who must of course be familiar with 'the whole picture,' as judges are not, are worthy of great deference given the magnitude of the national security interests and potential risks at stake.  It is conceivable that the mere explanation of why information must be withheld can convey valuable information to a foreign intelligence agency."); *Fitzgibbon v. CIA*, 911 F.2d 755, 763 (D.C. Cir. 1990) (evaluating harms to national security concerning the disclosure of classified sources "is a task to which judges and courts are unsuited"); *cf. Humanitarian Law Project*, 561 U.S. at 34.

None of the cases upon which Plaintiff relies contravene this principle.  In the sole circuit court decision Plaintiff cites, *Al-Haramain*, the court did not order access to classified material.  *See Al-Haramain Islamic Found., Inc.*, 686 F.3d 965.  In that case, plaintiffs brought a due process challenge to their groups' designation as terrorist organizations, which had "indefinitely render[ed] [those organizations] financially defunct." *Id*. at 980.  Notwithstanding this deprivation of property, the Ninth Circuit declined to find that due process disallowed the Government from relying on classified information unavailable to plaintiffs to support its determination that plaintiffs were terrorist organizations.  *See id.* at 980.  Instead, the court considered "possible avenues" in such cases to mitigate the lack of notice and opportunity to respond, including through possible unclassified summaries or access for cleared counsel.  *Id.* at 984.  In so doing, the Court acknowledged that "disclosure may not always be possible," and that the Government "might have a legitimate interest in shielding [classified] materials even from someone with the appropriate security clearance."  *Id.* at 983.  Indeed, the Court highlighted the Supreme Court's observation that a disclosure "to a limited number of lawyers

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                                    15

1    [had] led to 'unauthorized disclosure of military secrets.'" *Id.* (quoting *Gen. Dynamics Corp.*,

2    563 U.S. at 482).  The Government was not required to provide counsel access to any classified

3    material and did not do so in that case.[6]

4          The district court orders to which Plaintiff refers similarly do not provide authority for

5    the proposition that a court may order access to properly classified information.  Plaintiff cites

6    *In re NSA Telecommunications Records Litigation*, 595 F. Supp. 2d 1077, 1089 (N.D. Cal.

7    2009), in which a court ordered the Government to undertake a background investigation of

8    plaintiffs' counsel.  But subsequent to this order, and even though plaintiffs' counsel received a

9    favorable suitability determination, the Government vigorously and successfully opposed access

10   by plaintiffs' counsel to the classified information at issue in that case.  *See In re Nat'l Sec.*

11   *Agency Telecomms. Litig.*, 700 F. Supp. 2d 1182, 1191–92 (N.D. Cal. 2010) (describing the

12   Government's determination that plaintiffs' counsel lacked the requisite "need to know," and

13   refusal to grant access) *rev'd sub nom. Al-Haramain Islamic Found. Inc. v. Obama*, 705 F.3d

14   845 (9th Cir. 2012) (reversing and vacating judgment against United States for lack of waiver of

15   sovereign immunity).  No such access was ultimately compelled—in the end, a final judgment

16   of liability against the Government, based, in part, on its refusal to rebut plaintiffs' claims with

17   classified information, was reversed by the Ninth Circuit and dismissed.  *See id.*

18         In another case Plaintiff cites, *Doe v. Gonzalez*, 386 F. Supp. 2d 66 (D. Conn. 2005), the

19   case was similarly dismissed after an appeal, without disclosure of classified information to

20   plaintiffs' counsel.  *See Doe v. Gonzales*, 449 F.3d 415 (2d Cir. 2006).  In that case, the

21   plaintiffs had brought suit seeking to disclose the identity of a recipient of a National Security

22   Letter.  In the order Plaintiff cites, the court considered the Government's classified *ex parte, in*

23   *camera* submissions regarding why that information should be protected, and indicated that "it

24   _____

25   [6] Likewise, in *KindHearts for Charitable Humanitarian Dev., Inc. v. Geithner*, 710 F.
     Supp. 2d 637 (N.D. Ohio 2010), another due process case brought by a designated terrorist
26   organization upon which Plaintiff relies, *see* ECF. No. 124 ¶ 9, the district court did not compel
     the Government to provide counsel access to classified information, and no such access
27   occurred.  On the contrary, Congress has, by statute, specifically authorized the *ex parte*
     submission of classified information in support of such terrorist designation. 50 U.S.C.
28   § 1702(c).

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                              16

1    would be appropriate, if possible, to seek to obtain clearance for plaintiffs' lead counsel in

2    connection with subsequent proceedings so that she can review the *ex parte* classified

3    evidence." *Doe*, 386 F. Supp. 2d at 71.  Ultimately, after an appeal, however, the Government

4    determined the NSL recipient's identity no longer required protection from disclosure, *Doe*, 449

5    F.3d 415, and the appeal was mooted and the case dismissed.  No classified information was

6    disclosed to plaintiffs' counsel.

7            In *Horn v. Huddle*, 647 F. Supp. 2d 55, 66 (D.D.C. 2009), similarly, Plaintiff correctly

8    mentions that the district court's order contemplating counsel access was vacated due to a

9    settlement in that case.  *See* ECF. No. 124 ¶ 9.  Before the settlement, however, the Government

10   had appealed the district court's order, and the D.C. Circuit had granted a stay of that order

11   pending appeal and set a schedule for expedited briefing. *See* Case No. 09-5311, Dkt. No.

12   1205471 (D.C. Cir.).  Both the underlying district court case and the appeal were dismissed as a

13   result of the settlement. *See* Case No. 09-5311, Dkt. No. 1241679 (D.C. Cir.); *Horn v. Huddle*,

14   699 F. Supp. 2d 236, 238–39 (D.D.C. 2010).  No classified information was released to

15   plaintiffs' counsel.

16           Finally, in *Latif v. Holder*, 28 F. Supp. 3d 1134 (D. Or. 2014), subsequent to the order

17   Plaintiff cites, the district court relied on a classified declaration that the Government submitted

18   *ex parte*, *in camera* in determining that classified information had been properly *withheld* from

19   the plaintiffs in that case.  *See* Order, *Latif v. Lynch*, No. 3:10-cv-00750-BR, (D. Or. Oct. 6,

20   2016), attached hereto as Ex. 1 ("October 6, 2016 Order") at *3–5.  Far from supporting an

21   order of disclosure in the instant setting, *Latif* further demonstrates that a court may

22   appropriately consider a classified declaration *ex parte*, *in camera* when assessing whether

23   classified information was properly protected.  In that case, the court assessed several plaintiffs'

24   challenges to their alleged placements on the No-Fly List, including their claims that due

25   process required the Government to provide more information to them regarding the reasons for

26   their placement on the list.  *See Latif v. Sessions*, No. 3:10-CV-00750-BR, 2017 WL 1434648,

27   at *1–2 (D. Or. Apr. 21, 2017).  Although the district court may have referred to a possibility

28   that the Government "may choose" to provide counsel access to classified information, *see*

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                                          17

1   *Latif*, 28 F. Supp. 3d at 1162, the court did not determine that such disclosure was necessary or

2   appropriate in that case.  *See* October 6, 2016 Order at *5–6.  Rather, the court considered a

3   classified declaration that the Government submitted *ex parte*, *in camera* explaining why

4   classified information could not be provided to each plaintiff, beyond the unclassified

5   summaries that they had received.  October 6, 2016 Order at *5–6; 2017 WL 1434648, at *3–4.

6   The *Latif* court did not order the release of classified information; on the contrary, based on a

7   classified *ex parte*, *in camera* declaration that explained the potential harm of disclosure, the

8   court determined that classified information was properly withheld from the plaintiffs.  October

9   6, 2016 Order at *5–6; 2017 WL 1434648, at *3–4.

10       For the foregoing reasons, the Order to Show Cause is mistaken that Plaintiff has

11   provided authority for the proposition that Plaintiff's counsel may be granted access to the

12   classified information at issue in the Classified Steinbach Declaration over the Government's

13   objection.

14   **III.     CONCLUSION**

15       For all the reasons explained herein, and in the Defendants' Response to the Court's

16   November 26, 2018 Order, the Court may not compel Defendants to disclose to Plaintiff's

17   counsel the Classified Steinbach Declaration and may not otherwise order its disclosure to

18   counsel.  As contemplated by the Order to Show Cause, Defendants will advise the Court by no

19   later than February 15 as to the status of deliberations concerning whether to assert the state

20   secrets privilege to protect the Classified Steinbach Declaration from disclosure.  Should the

21   Court determine to order disclosure before any privilege assertion, Defendants request that any

22   such order be stayed pending consideration of whether to appeal and during the pendency of

23   any appeal.

24

25

26

27

28

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                                                                      18

1    Dated:  January 18, 2018                    Respectfully submitted,

2

3                                               JOSEPH H. HUNT
                                                Assistant Attorney General

4
                                                ALEX G. TSE
5                                               Acting United States Attorney

6                                               ANTHONY J. COPPOLINO
7                                               Deputy Branch Director

8                                               _____/s/ Julia A. Heiman_____
9                                               JULIA A. HEIMAN, Bar No. 241415
                                                Senior Counsel
10                                              CHRISTOPHER HEALY
                                                Trial Attorney
11                                              U.S. Department of Justice
                                                Civil Division, Federal Programs Branch
12                                              P.O. Box 883
13                                              Washington, D.C. 20044
                                                julia.heiman@usdoj.gov
14                                              *Attorneys for Defendants*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Twitter, Inc. v. Whitaker, et al.,* Case No. 14-cv-4480-YGR
Defendants' Response to the Order to Show Cause
Re: Disclosure of Declaration Submitted *In Camera*                              19

Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AYMAN LATIF; MOHAMED SHEIKH              3:10-cv-00750-BR
ABDIRAHMAN KARIYE; RAYMOND
EARL KNAEBLE, IV; NAGIB ALI              ORDER
GHALEB; ABDULLATIF MUTHANNA;
FAISAL NABIN KASHEM; ELIAS
MUSTAFA MOHAMED; IBRAHEIM Y.
MASHAL; SALAH ALI AHMED;
AMIR MESHAL; STEPHEN DURGA
PERSAUD; and MASHAAL RANA,

        Plaintiffs,

v.

LORETTA E. LYNCH, in her
official capacity as Attorney
General of the United States;
JAMES B. COMEY, in his official
capacity as Director of the
Federal Bureau of Investigation;
and CHRISTOPHER M. PIEHOTA, in
his official capacity as Director
of the FBI Terrorist Screening
Center,

        Defendants.


BROWN, Judge.

     This matter comes before the Court on the parties' remaining

Cross-Motions for Summary Judgment.  Those Motions are:


1 - ORDER

      1.    Plaintiffs' individual Renewed Motions (#210, #212, #214, #216, #218, #220) for Partial Summary Judgment; and

      2.    Defendants' Cross-Motions (#241, #242, #247, #248, #249, #250) for Partial Summary Judgment regarding individual Plaintiffs.

On March 28, 2016, the Court issued an Opinion and Order (#321), *Latif v. Lynch*, No. 3:10-cv-00750-BR, 2016 WL 1239925, at *15 (D. Or. Mar. 28, 2016), in which it granted in part and denied in part Defendants' Combined Cross-Motion (#251) for Partial Summary Judgment; denied Plaintiffs' Renewed Combined Motion (#206) for Partial Summary Judgment; and deferred ruling on Defendants' Cross-Motions (#241, #242, #247, #248, #249, #250) for Partial Summary Judgment regarding individual Plaintiffs and Plaintiffs' individual Renewed Motions (#210, #212, #214, #216, #218, #220) for Partial Summary Judgment to permit Defendants to supplement the record as the Court directed with sufficient information for the Court to complete its analysis and rule on those Motions.  In particular, the Court concluded in its Opinion and Order that it could not completely resolve the parties' Cross-Motions as to procedural due-process because it could not "determine from this record whether the unclassified summaries of Defendants' reasons for placing Plaintiffs on the No-Fly List conveyed sufficient material information to Plaintiffs to satisfy procedural due-process standards because the record does not

reflect what information Defendants withheld or the reasons for
withholding such information." *Latif*, 2016 WL 1239925, at *15.

Accordingly, the Court directed Defendants to

> submit to the Court as to each Plaintiff the following:
> (1) a summary of any material information (including
> material exculpatory or inculpatory information) that
> Defendants withheld from the notice letters sent to
> each Plaintiff and (2) an explanation of the
> justification for withholding that information,
> including why Defendants could not make additional
> disclosures.

*Id.*, at 20.  The Court stated:

> Defendants' supplemental submission may be in the form
> of declarations or other statements from an officer or
> officers with personal knowledge of the No-Fly List
> determinations as to each Plaintiff.  If necessary to
> protect sensitive national security information,
> Defendants may make such submissions *ex parte* and *in
> camera*.  If Defendants submit any materials *ex parte*
> and *in camera*, however, Defendants must also make a
> filing on the public record that memorializes the
> submission and provides as much public disclosure of
> the substance of Defendants' submission as national
> security considerations allow.

*Id.*  As noted, this matter is now back before the Court on those
still unresolved Cross-Motions for Summary Judgment.[1]

Since the Court's March 28, 2016, Opinion and Order,
Plaintiffs filed on April 12, 2016, a Notice (#324) of the Death
of a Party, Steven William Washburn.  Because Washburn only
sought prospective relief, Plaintiffs concede all claims as to

---

[1] The Court incorporates herein the factual background and
legal analysis in its March 28, 2016, Opinion and Order (#321),
*see Latif*, 2016 WL 1239925, and will not restate those matters in
this Order.

3 - ORDER

Washburn may now be dismissed as moot.  Accordingly, the Court
**DISMISSES with prejudice** Plaintiff's Third Amended Complaint as
to Washburn.

On May 5, 2016, after obtaining an extension of time to
file their supplemental materials, Defendants filed a Second
Supplemental Memorandum (#327) in Support of their Motion for
Summary Judgment together with a Notice (#328) of Lodging *Ex
Parte*, *In Camera* Materials in which Defendants publicly stated it
had lodged "with the Department of Justice's Classified
Information Security Officer ("CISO") the classified declaration
of Michael Steinbach" for secure storage and transmission to the
Court.  On May 26, 2016, Plaintiffs filed a Response (#329) to
Defendants' Second Supplemental Memorandum in Support of their
Motion for Summary Judgment.

On July 7, 2016, the Court issued the following Order
(#330):

> The Court makes this record to give notice to
> Plaintiffs that the Court has by separate *Ex Parte*
> Order filed with the Classified Information Security
> Officer directed Defendants to make a supplemental
> filing, *ex parte* and under seal if necessary, no later
> than August 1, 2016, regarding the materials referenced
> in Defendants' Notice (#328) of Lodging *Ex Parte, In
> Camera* Materials.  After the Court considers that
> filing, the Court will determine whether the record is
> then sufficient for the Court to resolve the parties'
> pending cross-motions and will inform the parties
> accordingly.

On July 19, 2016, Defendants filed a Motion (#331) for Extension
of Time to File Supplemental Submission.  On July 25, 2016,

4 - ORDER

Plaintiffs opposed Defendants' Motion and requested "further information for the public record about the subject matter of the supplemental filing that Defendants have been directed to submit, including the basis for making that filing ex parte and in camera." Pls.' Opp'n (#333) to Defs.' Mot. for Extension of Time to File Supplemental Materials. On August 3, 2016, the Court granted Defendants' Motion for Extension of Time and concluded it was "unable to provide any additional explanation on the record." Order (#334) (issued Aug. 3, 2016).

On August 29, 2016, Defendants filed a Notice (#335) of Lodging *ex Parte*, *in Camera* Materials in response to the Court's Order (#330).

Having reviewed and considered all of the material Defendants submitted in response to the Court's March 28, 2016, Opinion and Order (#321) and the Court's July 7, 2016, Order (#330), the Court is satisfied that the materials filed by Defendants sufficiently address the issues raised in the Court's *Ex Parte* Order filed with the CISO on July 7, 2016.

In addition, after a thorough review of the materials submitted with Defendants' Notice (#328) of Lodging *Ex Parte*, *In Camera* Materials filed in response to the Court's March 28, 2016, Opinion and Order (#321), the Court concludes Defendants have provided sufficient justifications for withholding additional information in response to each of the Plaintiffs' revised DHS

5 - ORDER

TRIP inquiries.

Accordingly, based on the Court's Opinion and Order (#321) and this Order, the Court now **GRANTS** Defendants' Cross-Motions (#241, #242, #247, #248, #249, #250) for Partial Summary Judgment regarding individual Plaintiffs and **DENIES** Plaintiffs' individual Renewed Motions (#210, #212, #214, #216, #218, #220) for Partial Summary Judgment.

## CASE-MANAGEMENT ORDER

Consistent with the Court's March 28, 2016, Order (#321), the Court directs the parties to submit a single, joint status report **no later than October 20, 2016,** with a proposed expedited briefing schedule for the Court to consider Defendants' argument that the revisions in the DHS TRIP procedures "effectively abrogate the Ninth Circuit's holdings that this Court has jurisdiction to continue to adjudicate Plaintiffs' remaining claims." Opinion and Order (#321) at 61-62; *Latif*, 2016 WL 1239925, at *20.

IT IS SO ORDERED.

DATED this 6th day of October, 2016.

ANNA J. BROWN
United States District Judge

6 - ORDER