Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
United States of America

T: +1 650 331 2000
F: +1 650 331 2060
mayerbrown.com

March 29, 2019

**Lee H. Rubin**
Partner
T: +1 650 331 2037
lrubin@mayerbrown.com

Hon. Yvonne Gonzalez Rogers
United States District Court
for the Northern District of California
1301 Clay Street
Courtroom 1, 4th Floor
Oakland, CA 94612

Re:   Twitter v. Barr, No. 14-cv-4480-YGR (N.D. Cal.)

Dear Judge Rogers:

Please take notice that, pursuant to Federal Rule of Civil Procedure 56 and paragraph 9(a) of the Court's Standing Order in Civil Cases ("Standing Order"), Twitter hereby requests a pre-filing conference be set for Friday, April 5, 2019, at 2:00 p.m.—or such other date at the Court's earliest convenience.  At the pre-filing conference, Twitter will ask the Court to grant Twitter leave to move for summary judgment on its First Amendment challenges alleging facial deficiencies in the Foreign Intelligence Surveillance Act ("FISA"), which render the Government's application of FISA disclosure restrictions to Twitter unconstitutional.

Specifically, Twitter will seek to move for summary judgment on its claims that FISA's restrictions on aggregate reporting are facially unconstitutional "content-based restriction[s] on Twitter's First Amendment right" to the extent the FISA permits, for example, nondisclosure obligations of unlimited duration, and that FISA's categorical secrecy provisions impose an unconstitutional "prior restraint" on aggregate reporting without the procedural safeguards mandated by *Freedman v. Maryland*, 380 U.S. 51 (1965), and its progeny (collectively, Twitter's "FISA Claims").  Dkt. No. 114 (Second Amended Complaint), ¶ 84; *see also id.* ¶¶ 17, 45, 62, 65, 66 & Prayer for Relief (iv), (v), (viii).

As Twitter has previously explained, *see* Dkt. No. 244, at 2 (CMC Statement), these claims provide doctrinally independent bases for finding the Government's conduct unconstitutional, and may be resolved separately from Twitter's claim that the specific restrictions on aggregate reporting imposed on Twitter's 2014 draft Transparency Report were not narrowly tailored—as required for content-based speech restrictions under strict scrutiny (Twitter's "2014 Transparency Report Redaction Claim").

Twitter will request that any leave be granted without prejudice to a later motion for summary judgment on Twitter's 2014 Transparency Report Redaction Claim, as to which numerous evidentiary disputes currently pending before the Court preclude any motion for summary judgment at this time.  *See* Dkt No. 250 (Twitter's Request for Access to the Classified Steinbach Declaration); Dkt. No. 265 (Twitter's Opposition to the Government's "need-to-know"

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Hon. Yvonne Gonzalez Rogers
March 29, 2019
Page 2

objection); Dkt. No. 258 (Twitter's Privilege Motion to Compel Production of certain "Bellwether Documents"); Dkt. No. 283 (Reply in support of Privilege Motion). All of these discovery disputes pertain solely to evidence regarding the Government's actual and proffered justifications for classifying specific data in Twitter's 2014 Transparency Report, and therefore have no bearing on Twitter's FISA Claims. Rather, Twitter's claims that the FISA is facially deficient under strict scrutiny and procedurally deficient under *Freedman* present purely legal questions that can be resolved wholly by reference to the statutory scheme itself and to the discrete evidence (obtained in discovery) confirming the FISA as a source of the challenged prior restraints. Given the Government's repeated pledges to seek interlocutory appeal of an adverse discovery ruling by the Court—in particular, on any ruling related to Twitter's cleared counsel's ability to review the Classified Steinbach Declaration—*see, e.g.*, Dkt. No. 256, at 12; Dkt. No. 264, at 3, 18, Twitter faces a real prospect of a multi-year delay in the adjudication of its FISA Claims if Twitter is not permitted to seek partial summary adjudication now. As *Freedman*'s requirement of "expeditious" judicial review implicitly recognizes, that delay may result in severe prejudice to Twitter—not to mention other prospective speakers who, like Twitter, have been subject to prior restraints on aggregate reporting under a statutory regime that lacks the procedural safeguards *Freedman* requires. Indeed, resolution of Twitter's claims has already been delayed due to the Government's unbending resistance to Twitter's efforts to secure basic discovery in this case, and repeated requests for extensions of discovery deadlines. *See, e.g.*, Dkt. No. 167 (February 17, 2017 Joint Letter Brief), at 3–4 (objecting to virtually all of Twitter's discovery requests on relevance grounds); Dkt. No. 188 (February 12, 2018 Order), at 3 (overruling relevance objections *in toto*); Dkt Nos. 189, 219, 228, 237 (various motions to extend discovery deadlines set by the Court).

In short, leave to move for summary judgment on Twitter's FISA Claims without prejudice to a later motion would ensure that the Court's resolution of Twitter's FISA Claims is not unduly delayed by potentially protracted appellate proceedings on discovery disputes that ultimately will bear only on Twitter's 2014 Transparency Report Redaction Claim.

The Government has indicated that it will object to Twitter's request on the ground that Twitter's claims "should not be subject to piecemeal adjudication." Dkt. No. 286, ¶ 9. But it is the Government's assertion that it can unilaterally determine that Twitter's cleared counsel has no "need to know" the contents of the Classified Steinbach Declaration or, alternatively, that the Classified Declaration is a state secret, that has created the risk of piecemeal litigation here. As noted above, the Government has effectively promised to seek an interlocutory appeal of any ruling that would grant Twitter access to classified information. Twitter's current request is simply an attempt to keep this case moving forward while any appeals on these issues—which have no bearing on Twitter's FISA Claims—are pending.

Relatedly, allowing Twitter to proceed with a partial summary judgment motion on its FISA Claims will avoid any confusion later in the case about the consequences of the Government's assertion of the state secrets privilege. Specifically, the Government has suggested in its recent state secrets motion and alternative motion to dismiss Twitter's Second Amended Complaint, Dkt. No. 281, that a ruling upholding its invocation of the state secrets privilege would require

Hon. Yvonne Gonzalez Rogers
March 29, 2019
Page 3

wholesale dismissal of Twitter's complaint. That is incorrect. As this Court has already recognized, *Freedman*'s "procedural safeguards" are separate and distinct from the "substantive concerns warranting [strict] scrutiny." Dkt. No. 172, at 8; *see also* Dkt. No. 186, at 4 ("[E]ven if particular content-based restrictions are permitted, the government does not have unfettered freedom to implement such a restriction through a system of prior administrative restraints…. It must also have procedural safeguards that reduce the danger of suppressing constitutionally protected speech." (internal quotation marks and citations omitted)). And the facial deficiencies in the FISA regime, such as nondisclosure orders of unlimited duration, are entirely distinct from the question of whether the Government has made the particularized showing required under strict scrutiny to justify its redactions of Twitter's 2014 draft Transparency Report. Thus, even if a court were to uphold as valid the Government's invocation of the state secrets privilege *and* agree that the privilege requires dismissal of Twitter's 2014 Transparency Report Redaction Claim (propositions that Twitter intends vigorously to contest, including in its forthcoming opposition to the Government's state secrets motion), that would *still* provide no basis for dismissal of Twitter's FISA Claims, which depend on wholly distinct evidence that has nothing to do with the Classified Steinbach Declaration.

To be sure, a finding that the FISA statutory scheme lacks the procedural safeguards mandated by the First Amendment would bolster Twitter's position that the Government's restrictions on its 2014 draft Transparency Report are not narrowly tailored as required by the First Amendment. But in that scenario, resolving the FISA Claims first would only focus later briefing, advancing the Court's goal of judicial efficiency. And a merits ruling *against* Twitter on whether the specific redactions in the 2014 draft Transparency Report were narrowly tailored would have no bearing on Twitter's separate legal claims that the FISA is facially unconstitutional—both substantively and procedurally.

For all these reasons, permitting Twitter to file its requested motion for partial summary judgment would advance a fundamental constitutional interest of expeditiously resolving Twitter's First Amendment claims, while simultaneously posing no risk of duplicative or unnecessary proceedings. Twitter accordingly requests the Court set a pre-filing conference for April 5, 2019, at 2:00 p.m., or at another date and time that the Court may prefer.


Sincerely,


/s/ Lee H. Rubin

Lee H. Rubin