

**U.S. Department of Justice**
Civil Division
Federal Programs Branch

| | |
|---|---|
| **Mailing Address** | **Overnight Delivery Address** |
| P.O. Box 883 | 1100 L St., N.W. |
| Washington, D.C. 20044 | Washington, D.C. 20001 |

Julia Heiman
Senior Counsel

Tel:  (202) 616-8480
Fax:  (202) 616-8470
Julia.Heiman@usdoj.gov

April 3, 2018

*Via ECF*

Hon. Yvonne Gonzalez Rogers
United States District Court
for the Northern District of California
1301 Clay Street
Courtroom 1, 4th Floor
Oakland, CA 94612

      Re:    *Twitter v. Barr*, Case No. 4:14cv1480-YGR (N.D. Cal.)

Dear Judge Gonzalez Rogers:

      This letter responds to Plaintiff's letter of March 29, 2019 ("Plaintiff's Letter"), which asks the Court to set a pre-filing conference at which Plaintiff will seek leave to file a motion for partial summary judgment addressing what Plaintiff terms its "FISA Claims," facial challenges to the constitutionality of nondisclosure provisions in the Foreign Intelligence Surveillance Act ("FISA").  Pl.'s Letter at 1.  For the reasons set forth herein, the Court should deny Plaintiff's request.  If the Court does set a pre-filing conference, Defendants respectfully ask that the Court do so on a date after April 5, 2019—the date requested by Plaintiff—as undersigned counsel will be at a hearing on a summary judgment motion in the Eastern District of Virginia on April 5.

      Plaintiff's request to move forward with its proposed motion for partial summary judgment rests on three incorrect premises:  (1) that Plaintiff's Second Amended Complaint contains free-standing "FISA Claims" that may be litigated independently of Plaintiff's other claims; (2) that proceeding with Plaintiff's proposed motion is the only way to prevent the delay of the resolution of the merits of Plaintiff's claims; and (3) that Plaintiff's challenge to FISA's nondisclosure provisions may proceed separate and apart from Defendants' assertion of the state secrets privilege.  Plaintiff errs as to all three points.

      First, while Plaintiff's Letter presents Plaintiff's claims as consisting of "FISA Claims" and one "2014 Transparency Report Redaction Claim," *see* Pl.'s Letter at 1, 2, there are no such free-standing claims in the Second Amended Complaint.  Rather, the currently-operative complaint contains three claims, all of which are styled as as-applied challenges to the Government's determination that the draft Transparency Report could not lawfully be published

because it contained properly classified information. *See* Second Am. Compl., Count I ("Information contained in Twitter's draft Transparency Report was improperly classified and the government's prior restraint on Twitter's speech violates the First Amendment."), Count II (same); Count III ("The Espionage Act is unconstitutional as applied to Twitter."). Thus, while Plaintiff's Letter argues that there are "claims" that present "purely legal questions," which may be resolved without reference to the facts of this case, Pl.'s Letter at 2, that argument is inconsistent with the way Plaintiff actually pled its Second Amended Complaint. Instead, litigation of any facial challenge to provisions of FISA that Plaintiff seeks to address at this time would concern a legal theory embedded in just one subpart of one claim in the currently-operative complaint.[1] *See, e.g., Clift v. City of Burlington, Vermont*, 2013 WL 12347195, at *1 (D. Vt. Mar. 12, 2013) (denying request to bifurcate facial and as-applied challenges "in the interest of avoiding the piecemeal and ultimately lengthy process" involving two successive appeals from "decisions addressing overlapping issues"); *Nat'l Org. for Marriage v. McKee*, 2010 WL 598646, at *1 (D. Me. Feb. 17, 2010) (noting bifurcation of facial claims "would not contribute to judicial economy").

Second, although Plaintiff argues that it is necessary to proceed with litigation of its facial challenge to avoid undue delay in the resolution of the merits of what it terms its "FISA Claims," *see* Pl.'s Letter at 2, Plaintiff overlooks that the delay in the resolution of the merits of all of its claims has been occasioned by the Plaintiff's insistence on discovery—and then demand for access to classified information—in a setting in which neither should be necessary or appropriate. *See Stillman v. CIA*, 319 F.3d 546 (D.C. Cir. 2003). Throughout this litigation, including in their recent submission addressing the Attorney General's assertion of the state secrets privilege, Defendants have urged the Court to deny Plaintiff's request for access to classified information and return to the process for consideration of the merits of Plaintiff's claims proposed by Defendants. *See* ECF No. 281 at 1–3, 5–9, 25. Proceeding in that fashion would obviate the need for the potentially lengthy appeals process of which Plaintiff warns. *See* Pl.'s Letter at 2. To facilitate the expeditious resolution of Plaintiff's claims, the Court should first consider and deny the Plaintiff's request for access to the Classified Steinbach Declaration and then determine how to resolve the claims actually pled in the Complaint, instead of considering partial summary judgment on one legal theory.

Third, and most importantly, Plaintiff cannot establish that it has the required Article III standing at the summary judgment stage to challenge any FISA nondisclosure provision. *See Trump v. Hawaii*, 138 S. Ct. 2392, 2416 (2018); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Resolution of that question is very much implicated by the Government's pending state secrets privilege assertion—not separate from the pending motions before the Court, as Plaintiff contends.

---

[1] As Defendants noted in their summary judgment motion, because Plaintiff's request for relief as to FISA is untethered to the three claims expressly pled in its complaint, the scope of Plaintiff's facial challenge is not entirely clear. *See* ECF No. 145 at 24 n.12. Plaintiff's Letter adds no clarity in this regard as it cites the lack of express limitation on the duration of FISA nondisclosure provisions as an "example" of the aspects of FISA that Plaintiff is seeking to challenge. Pl.'s Letter at 1.

To begin with, although Plaintiff's Letter discusses FISA as though it were monolithic, *see*, *e.g.*, Pl.'s Letter at 2 (arguing that "FISA is facially deficient"), there are several provisions in that statute providing for nondisclosure obligations in various circumstances. Specifically, FISA contains five different titles providing for different kinds of national security legal process, which, in turn, contain different provisions imposing nondisclosure obligations, or permitting (or requiring) nondisclosure obligations to be imposed on recipients of different forms of national security legal process. The nondisclosure provisions function through different mechanisms; for example, Title V imposes obligations directly through the statute itself, *see* 50 U.S.C. § 1861(d)(1), while Title I nondisclosure obligations operate through orders of the FISC, 50 U.S.C. § 1805(c)(2)(B), and Title VII provides nondisclosure obligations "may" be included in directives issued by the Government, *see* 50 U.S.C. § 1881a(h)(1)(A). Moreover, the procedural mechanisms accompanying the different forms of nondisclosure obligations also vary. To take one example, Title V specifically provides that a recipient of an order to produce materials under Title V may challenge the legality of that order and "any nondisclosure order imposed in connection with the production," and sets forth the mechanisms by which such a challenge may be made. *See* 50 U.S.C. § 1861(f)(2)(A)(i). As should be apparent, a plaintiff can challenge a particular statutory requirement only if that requirement has been applied to it.

And whether Plaintiff has received *any* process under FISA, as well as the particular provisions of FISA that may be applicable, if any, are facts subject to the Attorney General's assertion of the state secrets privilege now before the Court. *See* Decl. of William P. Barr, the Attorney General of the United States, ECF No. 281-1, ¶¶ 4, 6–8 (asserting privilege over information regarding any national security legal process that may have been served on Twitter, and describing the national security harm that reasonably could be expected to result from the disclosure of such information). The Attorney General and FBI Acting Executive Assistant Director ("EAD") McGarrity explained to the extent possible on the public record in their unclassified declarations the serious damage to national security that reasonably could be expected to result from the disclosure of such information, and Acting EAD McGarrity provided further, classified explanation in his classified declaration. Accordingly, the very challenge that Plaintiff styles as its "FISA Claims" and now wishes to litigate separate from the pending dispute over access to classified information cannot proceed until that dispute is addressed because the Attorney General's assertion of privilege forecloses disclosure of information confirming whether or not Twitter has received FISA process and if so which particular process. Indeed, that privilege assertion would foreclose a determination of standing to address Plaintiff's so called "FISA Claims" irrespective of the Court's resolution of Plaintiff's demand for access to classified information because the very information needed to make any finding of standing or lack thereof is subject to the state secrets privilege assertion over whether or what type of FISA process Plaintiff may have received.

In sum, Twitter's demand to seek partial summary judgment on a single legal theory cannot be divorced from pending proceedings concerning its demand for access to classified information—proceedings that are the result of Twitter's own strategy decisions. And far from being a more efficient course, such a partial motion would set the case on another complex tangent unmoored from the core claims in this case. For all these reasons, the Court should deny Plaintiff's request. We thank the Court for its consideration of this letter.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Director

 /s/ *Julia A. Heiman*
JULIA A. HEIMAN
Senior Counsel
CHRISTOPHER HEALY
Trial Attorney
Civil Division
Federal Programs Branch
U.S. Department of Justice