JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
ANTHONY J. COPPOLINO
Deputy Branch Director
JULIA A. HEIMAN
Senior Counsel
CHRISTOPHER HEALY
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 616-8480
Facsimile: (202) 616-8470
Email: julia.heiman@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General of the United States, *et al.*, <br><br> Defendants. | Case No. 14-cv-4480-YGR <br><br> **ERRATA TO ECF NO. 281-1, EXHIBIT A TO DEFENDANTS' REQUEST THAT THE COURT DISCHARGE THE ORDER TO SHOW CAUSE AND DENY PLAINTIFF'S REQUEST FOR ACCESS TO THE CLASSIFIED STEINBACH DECLARATION, OR, IN THE ALTERNATIVE, MOTION TO DISMISS IN LIGHT OF THE ATTORNEY GENERAL'S ASSERTION OF THE STATE SECRETS PRIVILEGE** <br><br> Hon. Yvonne Gonzalez Rogers |

*Twitter, Inc. v. Barr, et al.,* Case No. 14-cv-4480-YGR
Errata to ECF No. 281-1, Exhibit A to Defs.' Req. that the Court Discharge the Order
to Show Cause and Deny Pl.'s Req. for Access to the Classified Steinbach Decl., or in the Alternative,
Motion to Dismiss in Light of the Attorney General's Assertion of the State Secrets Privilege

Defendants respectfully submit this errata to ECF No. 281-1, the Declaration of William P. Barr, the Attorney General of the United States, Exhibit A to Defendants' Request that the Court Discharge the Order to Show Cause and Deny Plaintiff's Request for Access to the Classified Steinbach Declaration, or, in the Alternative, Motion to Dismiss in Light of the Attorney General's Assertion of the State Secrets Privilege ("the Declaration").  The Declaration states that it includes, as Exhibit 1 thereto, the Attorney General's Policies and Procedures Governing Invocation of the State Secrets Privilege (Sept. 23, 2009) ("State Secrets Guidance").  *See* 281-1, ¶ 15.  On April 30, 2019, the Court notified counsel for the parties that the State Secrets Guidance was missing from the ECF filing.  A complete version the Declaration, including Exhibit 1 thereto, is attached as Appendix 1 to the instant submission.  Undersigned counsel apologizes for her inadvertent failure to include the State Secrets Guidance in the ECF filing and for any inconvenience that omission caused to the Court or to Plaintiff.

Dated:  April 30, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

DAVID L. ANDERSON
United States Attorney

ANTHONY J. COPPOLINO
Deputy Branch Director

　　　　/s/ Julia A. Heiman
JULIA A. HEIMAN, Bar No. 241415
Senior Counsel
CHRISTOPHER HEALY
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, D.C. 20044
julia.heiman@usdoj.gov
*Attorneys for Defendants*

*Twitter, Inc. v. Barr, et al.*, Case No. 14-cv-4480-YGR                                                2
Errata to ECF No. 281-1, Exhibit A to Defs.' Req. that the Court Discharge the Order
to Show Cause and Deny Pl.'s Req. for Access to the Classified Steinbach Decl., or in the Alternative,
Motion to Dismiss in Light of the Attorney General's Assertion of the State Secrets Privilege

# Appendix 1

# Exhibit A

JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
ANTHONY J. COPPOLINO
Deputy Branch Director
JULIA A. HEIMAN
Senior Counsel
CHRISTOPHER HEALY
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C. 20044
Telephone: (202) 616-8480
Facsimile: (202) 616-8470
Email: julia.heiman@usdoj.gov

Attorneys for Defendants the Attorney General, *et al.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC., | Case No. 14-cv-4480-YGR |
| Plaintiff, | |
| v. | |
| WILLIAM P. BARR, United States Attorney General, *et al.*, | **DECLARATION OF WILLIAM P. BARR, ATTORNEY GENERAL OF THE UNITED STATES** |
| Defendants. | Hon. Yvonne Gonzalez Rogers |

I, William P. Barr, hereby state and declare as follows:

1. I am the Attorney General of the United States and the head of the United States Department of Justice ("DOJ" or "the Department"), an Executive Department of the United States. *See* 28 U.S.C. §§501, 503, 509. The purpose of this declaration is to assert, at the request

*Twitter, Inc. v. Barr, et al.*, Case No. 14-cv-4480-YGR
Declaration of William P. Barr,
Attorney General of the United States

1

1 | of the Federal Bureau of Investigation ("FBI"), and in my capacity as the Attorney General and
2 | head of DOJ, a formal claim of the state secrets privilege in order to protect the national security
3 | interests of the United States. The statements made herein are based on my personal knowledge,
4 | on information provided to me in my official capacity, and on my evaluation of that information.

5 |     2.    In the course of my official duties, I have been informed that the plaintiff in this
6 | action, Twitter Inc. ("Twitter"), has brought First Amendment claims challenging the
7 | Government's determination that Twitter's draft Transparency Report cannot be published
8 | because it contains information regarding Twitter's receipt of national security legal process that
9 | is properly classified. I understand that following the submission of Twitter's Second Amended
10 | Complaint, the Government filed a motion for summary judgment in this matter supported by the
11 | Classified Declaration of the Executive Assistant Director ("EAD") of the FBI, Michael
12 | Steinbach (the "Classified Steinbach Declaration"), after the Court had indicated that the
13 | Government should include with its summary judgment motion an *ex parte* presentation in
14 | support of its motion, or risk being precluded from making such a submission later. I
15 | understand, further, that the Classified Steinbach Declaration was submitted for the solely for the
16 | Court's *ex parte, in camera* review.

17 |     3.    I have read and carefully considered the public and classified declarations of
18 | Michael C. McGarrity ("McGarrity Declaration"), Acting Executive Assistant Director of the
19 | National Security Branch of the FBI and have reviewed the Classified Steinbach Declaration and
20 | certain other filings and court orders relevant to this matter. After careful and actual personal
21 | consideration of the matter, I have concluded that disclosure of the four categories of information
22 | described below and in more detail in the classified McGarrity Declaration could reasonably be
23 | expected to cause significant harm to the national security, and I therefore formally assert the
24 | state secrets privilege over this information. The classified McGarrity Declaration, which is
25 | available for the Court's *ex parte, in camera* review, describes in classified detail the information
26 | over which I am asserting the state secrets privilege. As Attorney General, I possess original
27 | classification authority under Section 1.3 of Executive Order 13526, dated December 29, 2009.
28 | *See* 75 Fed. Reg. 707. The classified McGarrity Declaration is properly classified under Section

*Twitter, Inc. v. Barr, et al.*, Case No. 14-cv-4480-YGR
Declaration of William P. Barr,
Attorney General of the United States

2

1.2 of Executive Order 13526 because disclosure of the information contained in that declaration also could reasonably be expected to cause significant harm to national security.

4. In unclassified terms, my privilege assertion encompasses the following categories of sensitive national security information that appear in the Classified Steinbach Declaration:

(i) **Information Regarding National Security Legal Process that Has Been Served on Twitter:** Information regarding national security legal process that has been served on Twitter, including not only the quantity and type of any such process, but also particular information regarding the subject matter of certain FBI national security investigations as well as the communications targeted with national security legal process.

(ii) **Information Regarding How Adversaries May Seek to Exploit Information Reflecting the Government's Use of National Security Legal Process.** Information describing how adversaries might exploit provider-specific data regarding receipt of national security legal process, both with respect to Twitter and with respect to any other provider.

(iii) **Information Regarding the Government's Investigative and Intelligence Collection Capabilities.** Information that would reveal or tend to reveal the Government's collection capabilities.

(iv) **Information Concerning the FBI's Investigation of Adversaries and Awareness of their Activities.** Information revealing specific targets of investigation and activities of adversaries of the United States.

5. As indicated above and explained further below, I have determined that disclosure of information falling into the foregoing categories could reasonably be expected to cause significant harm to national security.

6. First, I agree with the FBI's assessment that disclosure of classified information regarding national security legal process that has been served on Twitter reasonably could be expected to cause significant harm to national security. My privilege assertion encompasses both types of information in this category—(i) particular information regarding the subject matter of certain FBI national security investigations and communications targeted with national security legal process, and (ii) detail regarding the quantity of national security legal process that Twitter has received. For reasons stated in the FBI's classified declaration, the disclosure of such information reasonably could be expected to cause serious damage to national security.

*Twitter, Inc. v. Barr, et al.*, Case No. 14-cv-4480-YGR
Declaration of William P. Barr,
Attorney General of the United States

3

7. In particular, I agree with the FBI that the disclosure of details regarding the quantity of national security legal process that Twitter has received reasonably could be expected to cause significant harm to national security. As the FBI explained, such information would reveal or tend to reveal information about the extent, scope, and reach of the Government's national security collection capabilities and investigative interests. The disclosure of such information, as the FBI explained, would allow adversaries of the United States, including current and future targets of FBI national security investigations, significant insight into the U.S. Government's counterterrorism and counterintelligence efforts and capabilities, or, significantly, the lack thereof; and into particular intelligence sources and methods.

8. As the FBI explained, by detailing the amount of each particular type of process Twitter had received during a particular period, and over time, this data would reveal the extent to which Twitter was or was not a safe channel of communication for our adversaries. The Director of National Intelligence ("DNI") declassified certain aggregate data formats reflecting the Government's use of national security legal process in order to permit public reporting by recipients of such process in a manner that would increase transparency while minimizing harm to national security. However, as the FBI explained, the disclosure of data regarding the receipt of national security legal process by Twitter that is more granular than that which has been declassified by the DNI would reveal such information as: (i) incremental increases or decreases in collection, which would show whether the Government has a significant presence or investigative focus on a particular platform; (ii) the collection of content or non-content information, which would show whether and to what extent the Government is collecting certain types of information on that platform; and (iii) the fact of whether or when the recipient received a particular type of process at all, which may reflect different collection capabilities and focus on that platform, different types of information collected, and locations of FBI targets. Additional details concerning why disclosure of information in this category reasonably could be expected to cause serious damage to national security are set forth in the FBI's classified declaration.

9. Second, I concur with the FBI's determination that the disclosure of details of how adversaries might exploit provider-specific data regarding receipt of national security legal

*Twitter, Inc. v. Barr, et al.*, Case No. 14-cv-4480-YGR   4
Declaration of William P. Barr,
Attorney General of the United States

process, both with respect to Twitter and with respect to any other provider, reasonably could be expected to cause significant harm to national security. I agree with the FBI's judgment that, because the information within this category could be used to draw inferences from provider-specific data about the Government's collection efforts and guide adversaries to sophisticated strategies to employ in their activities against the Intelligence Community, its disclosure reasonably could be expected to cause serious damage to the national security.

10. Third, I agree with the FBI that disclosure of information that would reveal or tend to reveal the Government's collection capabilities reasonably could be expected to cause significant harm to national security. As the FBI explained, particularly where there are multiple communication options to choose from and additional services that may come on the market, if adversaries are able to discern the Government's collection capabilities and deduce which platforms are safest for their communications, they can reasonably be expected to leave platforms where the Government has collection capability in favor of the "safe" communications channels, likely resulting in a loss of intelligence. The specific information that falls into this category, and further reasons why its disclosure reasonably could be expected to cause serious damage to national security, are set forth in the FBI's classified declaration.

11. Fourth, I agree with the FBI's determination that disclosure of information revealing specific targets of investigation and activities of adversaries of the United States reasonably could be expected to cause significant harm to national security. As the FBI explained, the particularized descriptions of these targets and activities contained in the Classified Steinbach Declaration reveal not only the Government's awareness of the activity described in each instance, but, more importantly, would disclose to adversaries that those activities were subject to Government surveillance as well as the Government's intelligence sources and methods used to acquire that information.

12. In particular, as the FBI noted, the disclosure of the identities of investigative targets would alert those targets to the Government's interest in their activities and cause them to alter their conduct to avoid detection of their future activities, which would seriously impede efforts to gain further intelligence on their activities. Similarly, as the FBI further explained, the

*Twitter, Inc. v. Barr, et al.*, Case No. 14-cv-4480-YGR
Declaration of William P. Barr,
Attorney General of the United States

5

1  disclosure of information that would tend to describe, reveal, confirm or deny the existence or
2  use of sources and methods of surveillance would again enable a subject to evade detection and,
3  more generally, provide insights into how the Government undertakes investigations – and
4  thereby damage future investigations that might rely on similar methods. I agree with the FBI's
5  assessment that either outcome reasonably could be expected to cause serious or exceptionally
6  grave damage to national security by denying the United States access to information crucial to
7  the defense of the United States both at home and abroad.

8     13.    Finally, I have determined that the foregoing categories of information should be
9  protected from disclosure in this litigation pursuant to this privilege assertion regardless of the
10 fact that counsel for Twitter has completed one aspect of the security clearance process, a
11 favorable background investigation. As the FBI explains, the detailed, comprehensive, and
12 highly classified information in EAD Steinbach's classified declaration was intended solely for
13 the Court's *ex parte, in camera* review, and the disclosure of such information to private counsel
14 in civil actions such as this reasonably could be expected to risk or result in inadvertent,
15 involuntary, or intentional disclosures that could cause serious, or in some cases, exceptionally
16 grave damage to national security. I therefore assert the state secrets privilege over that
17 classified declaration in my capacity as the head of the Department of Justice and thereby
18 formally object to its disclosure to Plaintiff's counsel.

19     14.    Any further elaboration on the public record concerning the four categories of
20 classified national security information at issue here, and the harm that reasonably could be
21 expected from their disclosure, would reveal information that could cause the very harms my
22 assertion of the state secrets privilege is intended to prevent. The classified McGarrity
23 Declaration, submitted for *ex parte, in camera* review, provides a more detailed explanation of
24 the information over which I am asserting the privilege and the harms to national security that
25 reasonably could be expected to result from disclosure of that information.

26     15.    Under the *Attorney General's Policies and Procedures Governing Invocation of*
27 *the State Secrets Privilege* (Sept. 23, 2009) ("State Secrets Guidance"), the Department of Justice
28 will defend an assertion of the state secrets privilege in litigation, and seek dismissal of a claim

*Twitter, Inc. v. Barr, et al.*, Case No. 14-cv-4480-YGR                                                    6
Declaration of William P. Barr,
Attorney General of the United States

on that basis, only when "necessary to protect against the risk of significant harm to national security." *See* Exhibit 1 (State Secrets Guidance), ¶ 1(A). The policy provides further that an application of a privilege assertion must be narrowly tailored and that dismissal be sought pursuant to the privilege assertion only when necessary to prevent significant harm to national security. *Id.* ¶ 1(B). Moreover, "[t]he Department will not defend an invocation of the privilege in order to: (i) conceal violations of the law, inefficiency, or administrative error; (ii) prevent embarrassment to a person, organization, or agency of the United States government; (iii) restrain competition; or (iv) prevent or delay the release of information the release of which would not reasonably be expected to cause significant harm to national security." *Id.* ¶ 1(C). The policy also establishes detailed procedures for review of a proposed assertion of the state secrets privilege in a particular case. *Id.* ¶ 2. Those procedures require submissions by the relevant government departments or agencies specifying "(i) the nature of the information that must be protected from unauthorized disclosure; (ii) the significant harm to national security that disclosure can reasonably be expected to cause; [and] (iii) the reason why unauthorized disclosure is reasonably likely to cause such harm." *Id.* ¶ 2(A). Based on my personal consideration of the matter, I have determined that the requirements for an assertion and defense of the state secrets privilege have been met in this case in accord with the Department's State Secrets Guidance.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this _15th_ day of _March_, 2019.

*[signature]*

WILLIAM P. BARR
Attorney General of the United States

*Twitter, Inc. v. Barr, et al.*, Case No. 14-cv-4480-YGR
Declaration of William P. Barr,
Attorney General of the United States

7

# Exhibit 1



# Office of the Attorney General
## Washington, D.C. 20530

September 23, 2009

MEMORANDUM FOR HEADS OF EXECUTIVE DEPARTMENTS AND AGENCIES
MEMORANDUM FOR THE HEADS OF DEPARTMENT COMPONENTS

FROM: THE ATTORNEY GENERAL

SUBJECT: Policies and Procedures Governing Invocation of the State Secrets Privilege

I am issuing today new Department of Justice policies and administrative procedures that will provide greater accountability and reliability in the invocation of the state secrets privilege in litigation. The Department is adopting these policies and procedures to strengthen public confidence that the U.S. Government will invoke the privilege in court only when genuine and significant harm to national defense or foreign relations is at stake and only to the extent necessary to safeguard those interests. The policies and procedures set forth in this Memorandum are effective as of October 1, 2009, and the Department shall apply them in all cases in which a government department or agency thereafter seeks to invoke the state secrets privilege in litigation.

## 1. Standards for Determination

**A. Legal Standard.** The Department will defend an assertion of the state secrets privilege ("privilege") in litigation when a government department or agency seeking to assert the privilege makes a sufficient showing that assertion of the privilege is necessary to protect information the unauthorized disclosure of which reasonably could be expected to cause significant harm to the national defense or foreign relations ("national security") of the United States. With respect to classified information, the Department will defend invocation of the privilege to protect information properly classified pursuant to Executive Order 12958, as amended, or any successor order, at any level of classification, so long as the unauthorized disclosure of such information reasonably could be expected to cause significant harm to the national security of the United States. With respect to information that is nonpublic but not classified, the Department will also defend invocation of the privilege so long as the disclosure of such information reasonably could be expected to cause significant harm to the national security of the United States.

**B. Narrow Tailoring.** The Department's policy is that the privilege should be invoked only to the extent necessary to protect against the risk of significant harm to national security. The Department will seek to dismiss a litigant's claim or case on the basis of the state secrets privilege only when doing so is necessary to protect against the risk of significant harm to national security.

Memorandum for Heads of Executive Departments and Agencies                     Page 2
Memorandum for the Heads of Department Components
Subject: State Secrets Privilege

> **C. Limitations.** The Department will not defend an invocation of the privilege in order to: (i) conceal violations of the law, inefficiency, or administrative error; (ii) prevent embarrassment to a person, organization, or agency of the United States government; (iii) restrain competition; or (iv) prevent or delay the release of information the release of which would not reasonably be expected to cause significant harm to national security.

2. **Initial Procedures for Invocation of the Privilege**

    **A. Evidentiary Support.** A government department or agency seeking invocation of the privilege in litigation must submit to the Division in the Department with responsibility for the litigation in question[1] a detailed declaration based on personal knowledge that specifies in detail: (i) the nature of the information that must be protected from unauthorized disclosure; (ii) the significant harm to national security that disclosure can reasonably be expected to cause; (iii) the reason why unauthorized disclosure is reasonably likely to cause such harm; and (iv) any other information relevant to the decision whether the privilege should be invoked in litigation.

    **B. Recommendation from the Assistant Attorney General.** The Assistant Attorney General for the Division responsible for the matter shall formally recommend in writing whether or not the Department should defend the assertion of the privilege in litigation. In order to make a formal recommendation to defend the assertion of the privilege, the Assistant Attorney General must conclude, based on a personal evaluation of the evidence submitted by the department or agency seeking invocation of the privilege, that the standards set forth in Section 1(a) of this Memorandum are satisfied. The recommendation of the Assistant Attorney General shall be made in a timely manner to ensure that the State Secrets Review Committee has adequate time to give meaningful consideration to the recommendation.

3. **State Secrets Review Committee**

    **A. Review Committee.** A State Secrets Review Committee consisting of senior Department of Justice officials designated by the Attorney General will evaluate the

---

[1] The question whether to invoke the privilege typically arises in civil litigation. Requests for invocation of the privilege in those cases shall be addressed to the Civil Division. The question whether to invoke the privilege also may arise in cases handled by the Environment and Natural Resources Division (ENRD), and requests for invocation of the privilege shall be addressed to ENRD in those instances. It is also possible that a court may require the Government to satisfy the standards for invoking the privilege in criminal proceedings. *See United States v. Araf*, 533 F.3d 72, 78-80 (2d Cir. 2008); *but see United States v. Rosen*, 557 F.3d 192, 198 (4th Cir. 2009). In such instances, requests to submit filings to satisfy that standard shall be directed to the National Security Division.

*Memorandum for Heads of Executive Departments and Agencies*     Page 3
Memorandum for the Heads of Department Components
Subject: State Secrets Privilege

    Assistant Attorney General's recommendation to determine whether invocation of the privilege in litigation is warranted.

    **B. Consultation.** The Review Committee will consult as necessary and appropriate with the department or agency seeking invocation of the privilege in litigation and with the Office of the Director of National Intelligence. The Review Committee must engage in such consultation prior to making any recommendation against defending the invocation of the privilege in litigation.

    **C. Recommendation by the Review Committee.** The Review Committee shall make a recommendation to the Deputy Attorney General, who shall in turn make a recommendation to the Attorney General.[2] The recommendations shall be made in a timely manner to ensure that the Attorney General has adequate time to give meaningful consideration to such recommendations.

4. **Attorney General Approval**

    **A. Attorney General Approval.** The Department will not defend an assertion of the privilege in litigation without the personal approval of the Attorney General (or, in the absence or recusal of the Attorney General, the Deputy Attorney General or the Acting Attorney General).

    **B. Notification to Agency or Department Head.** In the event that the Attorney General does not approve invocation of the privilege in litigation with respect to some or all of the information a requesting department or agency seeks to protect, the Department will provide prompt notice to the head of the requesting department or agency.

    **C. Referral to Agency or Department Inspector General.** If the Attorney General concludes that it would be proper to defend invocation of the privilege in a case, and that invocation of the privilege would preclude adjudication of particular claims, but that the case raises credible allegations of government wrongdoing, the Department will refer those allegations to the Inspector General of the appropriate department or agency for further investigation, and will provide prompt notice of the referral to the head of the appropriate department or agency.

---

[2] In civil cases, the review committee's recommendation should be made through the Associate Attorney General to the Deputy Attorney General, who shall in turn make a recommendation to the Attorney General.

Memorandum for Heads of Executive Departments and Agencies        Page 4
Memorandum for the Heads of Department Components
Subject: State Secrets Privilege

## 5. Reporting to Congress

The Department will provide periodic reports to appropriate oversight committees of Congress with respect to all cases in which the Department invokes the privilege on behalf of departments or agencies in litigation, explaining the basis for invoking the privilege.

## 6. Classification Authority

The department or agency with classification authority over information potentially subject to an invocation of the privilege at all times retains its classification authority under Executive Order 12958, as amended, or any successor order.

## 7. No Substantive or Procedural Rights Created

This policy statement is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity, by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.