UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TWITTER, INC.**,<br><br>                     Plaintiff,<br><br>          v.<br><br>**WILLIAM P. BARR, *ET AL.*,**<br><br>                     Defendants. | Case No.  14-cv-04480-YGR<br><br>**ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT RECONSIDER ITS ORDER DENYING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT** |

**TO ALL PARTIES HEREIN AND THEIR COUNSEL:**

**YOU ARE HEREBY ORDERED TO SHOW CAUSE** why this Court should not reconsider its prior Order Denying Government's Motion for Summary Judgment Without Prejudice (Dkt. No. 172), issued July 6, 2017, in light of new evidence submitted to the Court *in camera*. Specifically, the Court is inclined to reconsider the decision based upon information provided in the classified declaration of Michael C. McGarrity, Acting Executive Assistant Director of the National Security Branch of the Federal Bureau of Investigation, submitted *in camera* for the Court's review. (*See* Dkt. No. 282, Notice of Lodging of Classified Declaration of Michael C. McGarrity for *Ex Parte In Camera* Review.)

The Court notes, by way of background, that the Government's motion for summary judgment (Dkt. No. 145) was based upon the declarations of Michael Steinbach, Executive Assistant Director of the National Security Branch of the Federal Bureau of Investigation. (*See* Notice of Lodging of Classified Declaration of Michael Steinbach for *In Camera*, *Ex Parte* Review, Dkt. No. 144.) The Court denied the Government's motion without prejudice, finding under the applicable constitutional standards that the Steinbach declarations were inadequate to meet the Government's burden to overcome the strong presumption of unconstitutionality of its content-based prior restrictions on Twitter's speech. (Dkt. No. 172 at 17-18.) The Court gave the Government leave to submit additional evidence to support its restrictions, and the Government declined to provide additional evidence at that time or thereafter. (*See, e.g.,* Dkt. No. 182, Transcript of Case Management Conference, at 4:3-23.)

Following a formal request by Twitter (Dkt. No. 250), and an Order to Show Cause ("OSC") concerning disclosure of the classified Steinbach Declaration to Twitter's counsel (Dkt. No. 261), the Government filed a response to the OSC including a motion to dismiss the action based on the state secrets privilege. (Dkt. No. 281.) In connection with that response, the Government submitted, for the first time, an *in camera* classified declaration of Michael C. McGarrity, Acting Executive Assistant Director of the National Security Branch of the Federal Bureau of Investigation. (*See* Dkt. No. 282, Notice of Lodging of Classified Declaration of Michael C. McGarrity for *Ex Parte In Camera* Review.) Drafted to support the Government's assertion of the state secrets privilege, the declaration provides an explanation of the Government's basis for restricting the information that can be published in the Draft Transparency Report, and the grave and imminent harm that could reasonably be expected to arise from its disclosure, in far greater detail than the Government provided previously.

In light of its review of the classified McGarrity Declaration, the Court is inclined to reconsider its prior order denying summary judgment. The Court is inclined to find that classified McGarrity Declaration meets the Government's burden under strict scrutiny to justify classification and restrict disclosure of information in the Draft Transparency Report, based upon a reasonable expectation that its disclosure would pose grave or imminent harm to national security, and that no more narrow tailoring of the restrictions can be made. Further, the Court is inclined to conclude that the classified McGarrity Declaration cannot be disclosed to counsel for Twitter based upon the national security concerns it raises.

The parties shall file their responses to this Order to Show Cause no later than **July 26, 2019**. The Court will entertain a later deadline if the parties so stipulate. Should the Court determine a hearing is necessary, the parties will be provided further notice of the date and time.

**IT IS SO ORDERED.**

Dated: June 21, 2019

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE