JOSEPH H. HUNT
Assistant Attorney General
DAVID L. ANDERSON
United States Attorney
ANTHONY J. COPPOLINO
Deputy Branch Director
JULIA A. HEIMAN
Senior Counsel
CHRISTOPHER HEALY
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch

P.O. Box 883
Washington, D.C.  20044
Telephone:  (202) 616-8480
Facsimile:  (202) 616-8470
Email: julia.heiman@usdoj.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC., | Case No. 14-cv-4480-YGR |
| Plaintiff, | |
| v. | |
| WILLIAM P. BARR, United States Attorney General, *et al.*, | **DECLARATION OF JULIA A. HEIMAN SUBMITTED PURSUANT TO LOCAL CIVIL RULE 79-5(E)** |
| Defendants. | |

Pursuant to 28 U.S.C. § 1746, I, Julia A. Heiman, hereby declare:

1.      I am a Senior Counsel in the United States Department of Justice, Civil Division, Federal Programs Branch.  I am one of the counsel for the Defendants in the above-captioned case.

2.      The statements made herein are based on my personal knowledge, and on information made available to me in the course of my duties and responsibilities as counsel for the Defendants.

3.      Defendants have designated as "Confidential" under the terms of the Protective Order operative in this case certain sensitive materials produced to Plaintiff during the course of discovery.

4.      Plaintiff, in its Motion for Summary Judgment, ECF No. 311, relied on information Defendants had designated as Confidential and submitted a motion under Local Civil Rule 79-5 to submit the material so designated under seal.  *See* ECF No. 316 ("Plaintiff's Administrative Motion").  Specifically, Plaintiff's Administrative Motion identifies for sealing Exhibits 6–10 to the Declaration of Lee Rubin, submitted in support of Plaintiff's Motion for Summary Judgment, ECF No. 312, based on Defendants' designation of those materials as Confidential.

5.      Upon further review of Exhibits 6–10, Defendants have determined that only a subset of those materials require protection from disclosure, and that the balance of those materials may be filed on the public record.  In particular, Defendants have determined that Exhibits 6–8 may be filed in their entirety on the public record.  However, Defendants respectfully request that the Court seal three limited categories of information in Exhibits 9 and 10.  Defendants have attached as Exhibit A hereto unredacted versions of Exhibits 9 and 10 highlighting the narrowed proposed redacted material.  Defendants further submit as Exhibit B hereto versions of Exhibit 6–10 that may be publicly disclosed, striking through any "Confidential" designations in all five exhibits, and reflecting proposed redactions to Exhibits 9 and 10.  Because Defendants seek to protect only a subset of the material addressed in Plaintiff's Administrative Motion, Defendants also submit herewith a modified proposed order specifying the limited information from Exhibits 9 and 10 that Defendants now ask the Court to seal.

6.      The first category of information that Defendants seek to protect from disclosure is the names of FBI employees who are not members of the Senior Executive Service ("SES").

7.      I have been advised by the FBI that the FBI protects the names of such employees from public disclosure as a matter of long-standing policy.  Thus, unlike most Federal employees, the names, grades, and salaries of such FBI employees are not publicly released by the United States Office of Personnel Management.

8.      The FBI seeks to shield such information from disclosure both to protect the privacy interests of its employees, and to protect against the targeting of its employees by criminals or adversaries who may seek to gain unauthorized access to classified or otherwise sensitive information regarding the FBI's work.

9.      On April 23, 2018, this Court granted Defendants' motion to seal analogous FBI employee information.  *See* ECF No. 202.

10.     The second category of information that Defendants seek to protect from disclosure is the mobile telephone number of a third party who was an executive at Yahoo! Inc. when the email exchange comprising Exhibit 10 occurred.

11.     Defendants seek to protect that mobile telephone number from disclosure to protect the privacy interests of that third party.[1]

12.     Finally, the third category of information that Defendants seek to protect from disclosure is the content of an email from that third party, then an executive at Yahoo! Inc., to individuals at the FBI, regarding the lawfulness of Yahoo! Inc.'s plans to publish information regarding its receipt of national security process.  Defendants do not seek to seal the content of the FBI's response, but only the content of the third party inquiry.

13.     Defendants seek to protect the content of that third party's email from disclosure to protect the integrity of the process by which third parties provide information to the Government in the course of seeking advice to ensure the lawfulness of their actions.  If

---

[1] Defendants are not seeking to seal any other contact information for third parties that appears in Exhibits 9 and 10 because Defendants understand that information to be no longer current.  That remaining contact information consists of business email addresses and a business telephone number, and Defendants understand that these third parties are now employed by different businesses.  However, Defendants seek to protect from disclosure the mobile telephone number appearing in Exhibit 9 because of the possibility that that is a personal mobile telephone number that remains current.

providers—or any third parties seeking to ensure that their actions comply with the law—believe that their private communications seeking advice from the Government will be made public, they likely will be hampered in their willingness to be open and candid in the course of seeking advice.  Indeed, the prospect that such communications may be published could dissuade third parties from seeking advice from the Government altogether, a result that would be detrimental to third parties seeking assistance in their compliance efforts, as well as to the public interest more broadly.

14.     For all these reasons, Defendants respectfully ask that the Court seal the above-described information in Exhibits 9 and 10, as reflected in the proposed order submitted herewith.

15.     Plaintiff has indicated in its Administrative Motion that it takes no position on the propriety of sealing the information at issue.  ECF No. 316 at 1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 29, 2019, at Corona del Mar, California.

*/s/ Julia A. Heiman*
JULIA A. HEIMAN, Bar No. 241415
U.S. Department of Justice
Civil Division, Federal Programs Branch

# Exhibit B

Versions of Exhibits 6–10 that May Be
Publicly Disclosed, Reflecting Proposed
Redactions to Exhibits 9 and 10

# EXHIBIT 6
## to Rubin Declaration



**U.S. Department of Justice**

Federal Bureau of Investigation

---

Office of the General Counsel                    *Washington, D.C. 20535*

June 14, 2013

Ted Ullyot
General Counsel
Facebook
1601 Willow Road
Menlo Park, CA 94025

   Re: Facebook's Pending Transparency Report

Dear Mr. Ullyot:

   We appreciate your discussions with us about your proposal to disclose certain information about the volume of legal process Facebook receives.

   As we discussed during our phone call on June 14, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, so long as Facebook agrees to aggregate data for all of the legal process it received for intervals of six months, beginning with the period ending December 31, 2012, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and broken down into two categories: the number of requests and the number of user accounts for which data was requested.

   This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter. Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by Facebook that differ in any respect from the disclosures outlined in this letter. Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter. The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies. For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our calculus about the implications of disclosures by Facebook. In addition, our current determination is based on our prediction about the potential national security consequences of

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits Facebook to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter. If we revise our position, we will notify you. We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us. We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

# EXHIBIT 7
## to Rubin Declaration



**U.S. Department of Justice**

Federal Bureau of Investigation

Office of the General Counsel                    *Washington, D.C. 20535*

June 14, 2013

Mr. John Frank
Vice President/Deputy General Counsel
Office of the General Counsel
Microsoft Corporation
1 Microsoft Way
Redmond, WA 98052

      Re: Microsoft's Pending Transparency Report

Dear Mr. Frank:

      We appreciate your discussions with us about your proposal to disclose certain information about the volume of legal process Microsoft receives.

      As we discussed during our phone call on June 14, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, so long as Microsoft agrees to aggregate data for all of the legal process it received in intervals of six months, beginning with the period ending December 31, 2012, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and broken down into two categories:  the number of requests and the number of user accounts for which data was requested.

      This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter.   Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by Microsoft that differ in any respect from the disclosures outlined in this letter.  Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter.  The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies.  For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

14CV4480TW008843

calculus about the implications of disclosures by Microsoft.  In addition, our current determination is based on our prediction about the potential national security consequences of the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits Microsoft to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter.  If we revise our position, we will notify you.  We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us.  We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

# EXHIBIT 8
## to Rubin Declaration

June 15, 2013

Jane C. Horvath
Director of Global Privacy
1 Infinite Loop
Cupertino, CA  90514

Re: Apple's  Transparency Report

Dear Ms. Horvath:

We appreciate your discussion with us about your proposal to disclose certain information about the volume of legal process Apple receives.

As we discussed during our phone call on June 15, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, in connection with the aggregate data described below, so long as Apple aggregates data for all of the legal process it received for intervals of six months, beginning with the period ending May 31, 2013, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and which you may break down into one or both of the following two categories:  the number of requests and the number of user accounts for which data was requested.

This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter.  Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by Apple that differ in any respect from the disclosures outlined in this letter.  Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter.  The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies.  For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our calculus about the implications of disclosures by Apple.  In addition, our current determination is

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

CONFIDENTIAL

based on our prediction about the potential national security consequences of the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits Apple to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter.  If we revise our position, we will notify you.  We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us.  We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

CONFIDENTIAL

# EXHIBIT 9
to Rubin Declaration

**Herring, Jason V.**

| | |
|---|---|
| **From:** | Herring, Jason V. |
| **Sent:** | Monday, June 17, 2013 6:35 PM |
| **To:** | maureen.delduca@teamaol.com |
| **Cc:** | |
| **Attachments:** | Transparency letter_Model PDF.pdf |

Maureen,

Nice speaking with you today...

Attached is a draft letter that lays out the terms consistent with what we discussed.  Please take a look and let me know if you have any questions or concerns.

Regards. Jason

Jason V. Herring
Deputy General Counsel
Office of the General Counsel
Federal Bureau of Investigation
(S)

Confidentiality Statement:

This message is transmitted to you by the Office of the General Counsel of the Federal Bureau of Investigation.  The message, along with any attachments, may be confidential and legally privileged.  If you are not the intended recipient of this message, please destroy it promptly without further retention or dissemination (unless otherwise required by law).  Please notify the sender of the error by a separate e-mail or by calling    (S)

CONFIDENTIAL

June 17, 2013


ADDRESS
ADDRESS
ADDRESS
ADDRESS


      Re: X Company's  Transparency Report

Dear :

      We appreciate your discussion with us about your proposal to disclose certain information about the volume of legal process X Company receives.

      As we discussed during our phone call on June 17, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, in connection with the aggregate data described below, so long as X Company aggregates data for all of the legal process it received for intervals of six months, beginning with the period ended December 31, 2012, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and which you may break down into one or both of the following two categories:  the number of requests and the number of user accounts for which data was requested.

      This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter.   Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by X Company that differ in any respect from the disclosures outlined in this letter.  Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter.  The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies.  For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our calculus about the implications of disclosures by X Company.  In addition, our current

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

~~CONFIDENTIAL~~

**14CV4480TW001815**

determination is based on our prediction about the potential national security consequences of the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits X Company to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter.  If we revise our position, we will notify you.  We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us.  We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

CONFIDENTIAL

# EXHIBIT 10
## to Rubin Declaration

**Herring, Jason V.**

| | |
|---|---|
| **From:** | Herring, Jason V. |
| **Sent:** | Monday, September 16, 2013 4:57 PM |
| **To:** | ▮ |
| **Cc:** | ▮ ; Bondy, Thomas M. |
| **Subject:** | FW: Yahoo Transparency Report |

▮,

| (I), (K), (L) | Jason |

**From:** Herring, Jason V.
**Sent:** Tuesday, September 03, 2013 3:58 PM
**To:** 'Aaron Altschuler'; Weissmann, Andrew; ▮
**Cc:** ▮
**Subject:** RE: Yahoo Transparency Report

Thanks, Aaron.

I see one issue….For the agreement we made allowing for disclosure of the aggregate number of US Government requests (in ranges of 1000), including both criminal and national security process….that one aggregate number includes NSLs. That is, NSLs cannot be reported separately, even in bands of 1000.

We are requiring the same of other companies who want to include national security process in their transparency reports.

I would be happy to discuss if you want to give me a call. Regards. Jason

```
Jason V. Herring
Deputy General Counsel
Office of the General Counsel
Federal Bureau of Investigation
      (S)
```

```
Confidentiality Statement:

This message is transmitted to you by the Office of the General Counsel of the
Federal Bureau of Investigation.  The message, along with any attachments, may be
confidential and legally privileged.  If you are not the intended recipient of this
message, please destroy it promptly without further retention or  dissemination
(unless otherwise required by law).  Please notify the sender of the error by a
separate e-mail or by calling      (S)
```

**From:** Aaron Altschuler [mailto:altschul@yahoo-inc.com]
**Sent:** Tuesday, September 03, 2013 3:30 PM
**To:** Weissmann, Andrew; ▮ Herring, Jason V.
**Subject:** Yahoo Transparency Report

CONFIDENTIAL

**14CV4480TW001718**



Aaron Altschuler
VP & Associate General Counsel – Global Law Enforcement and Security
Yahoo! Inc.
Direct: 408.349.6493
Mobile: █████████

14CV4480TW001719



**U.S. Department of Justice**

Federal Bureau of Investigation

Office of the General Counsel                                    *Washington, D.C. 20535*

June 17, 2013

Mr. Aaron Altschuler
Vice President/Associate General Counsel
Yahoo, Inc.
701 First Avenue
Sunnyvale, CA 94089

          Re: Yahoo Inc.'s Transparency Report

Dear Mr. Altschuler:

          We appreciate your discussion with us about your proposal to disclose certain
information about the volume of legal process Yahoo, Inc. (Yahoo) receives.

          As we discussed during our phone call on June 17, 2013, we do not intend to seek
enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA
orders, in connection with the aggregate data described below, so long as Yahoo aggregates data
for all of the legal process it received for intervals of six months, with the first period covering
December 1, 2012, through May 31, 2013, from any and all government entities in the United
States (including local, state, and federal, and including criminal and national security-related
requests) into bands of 1000, starting at zero, and which you may break down into one or both of
the following two categories:  the number of requests and the number of user accounts for which
data was requested.

          This position is an exercise of FBI discretion in light of current circumstances and the
precise contours of this letter.  Accordingly, our decision does not reflect the FBI's position with
respect to potential disclosures by Yahoo that differ in any respect from the disclosures outlined
in this letter.  Nor is our decision a precedent for disclosures by any other company that is in
receipt of such process, even if the disclosures were made in the manner that is proposed in this
letter.  The national security implications of disclosures related to the receipt of such process
may vary depending on the identity of the company that is making the disclosure and the overall
number of disclosures by different companies.  For this reason, if other companies also seek to
disclose information about the volume of such process that they receive, that may alter our

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

<del>CONFIDENTIAL</del>

**14CV4480TW001726**

calculus about the implications of disclosures by Yahoo.  In addition, our current determination is based on our prediction about the potential national security consequences of the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits Yahoo to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter.  If we revise our position, we will notify you.  We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us.  We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

14CV4480TW001727

**Herring, Jason V.**

| | |
|---|---|
| **From:** | Herring, Jason V. |
| **Sent:** | Monday, June 17, 2013 5:02 PM |
| **To:** | altschul@yahoo-inc.com |
| **Cc:** | ████████ █ |
| **Subject:** | Transparency Agreement |
| **Attachments:** | Transparency letter_Model PDF.pdf |

Aaron,

Attached is a draft letter that lays out the terms consistent with what we discussed. Please take a look and let me know if you have any questions or concerns.

I understand that time is of the essence. If you'll send your proposed release to me, we'll return any comments to you asap.

Who will be the committing official on behalf of Yahoo?

I would be happy to move this along quickly. Regards. Jason

Jason V. Herring
Deputy General Counsel
Office of the General Counsel
Federal Bureau of Investigation
 (S)

Confidentiality Statement:

This message is transmitted to you by the Office of the General Counsel of the Federal Bureau of Investigation. The message, along with any attachments, may be confidential and legally privileged. If you are not the intended recipient of this message, please destroy it promptly without further retention or dissemination (unless otherwise required by law). Please notify the sender of the error by a separate e-mail or by calling ⬛⬛⬛⬛ (S) ⬛

14CV4480TW001811

June 17, 2013

ADDRESS
ADDRESS
ADDRESS
ADDRESS

Re: X Company's  Transparency Report

Dear :

We appreciate your discussion with us about your proposal to disclose certain information about the volume of legal process X Company receives.

As we discussed during our phone call on June 17, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, in connection with the aggregate data described below, so long as X Company aggregates data for all of the legal process it received for intervals of six months, beginning with the period ended December 31, 2012, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and which you may break down into one or both of the following two categories:  the number of requests and the number of user accounts for which data was requested.

This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter.   Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by X Company that differ in any respect from the disclosures outlined in this letter.  Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter.  The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies.  For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our calculus about the implications of disclosures by X Company.  In addition, our current

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

~~CONFIDENTIAL~~

**14CV4480TW001812**

determination is based on our prediction about the potential national security consequences of the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits X Company to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter.  If we revise our position, we will notify you.  We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us.  We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

CONFIDENTIAL

1   JOSEPH H. HUNT
    Assistant Attorney General
2   DAVID L. ANDERSON
    United States Attorney
3   ANTHONY J. COPPOLINO
    Deputy Branch Director
4   JULIA A. HEIMAN
    Senior Counsel
5   CHRISTOPHER HEALY
    Trial Attorney
6   United States Department of Justice
    Civil Division, Federal Programs Branch
7
8
    P.O. Box 883
9   Washington, D.C.  20044
    Telephone:  (202) 616-8480
10  Facsimile:  (202) 616-8470
    Email: julia.heiman@usdoj.gov
11
12  Attorneys for Defendants

13              IN THE UNITED STATES DISTRICT COURT

14          FOR THE NORTHERN DISTRICT OF CALIFORNIA

15  _____
                                          )
16  TWITTER, INC.,                        )      Case No. 14-cv-4480-YGR
                                          )
17          Plaintiff,                    )
                                          )
18                                        )
                                          )
19              v.                        )
                                          )
20  WILLIAM P. BARR, United States        )
21      Attorney General, *et al.*,       )
                                          )
22      Defendants.                       )
                                          )      **[PROPOSED] ORDER**
23  _____)

24

25

26      The Court having considered the Plaintiff's Administrative Motion to File Under Seal

27  Exhibits 6–10 of the Rubin Declaration, and the supporting Declaration of Julia A. Heiman

28  Submitted Pursuant to Local Rule Civil Rule 79-5(E), IT IS HEREBY ORDERED that the

Plaintiff's Administrative Motion is GRANTED with respect to the three categories of

information identified for protection in Defendants' supporting declaration.  Specifically, IT IS

HEREBY ORDERED that:

| Document or Portion of Document Sought to be Sealed | Evidence Offered in Support of Sealing | Order |
|---|---|---|
| FBI employee name identified for protection in Exhibit 9, page 14CV4480TW001814 | Heiman Declaration ¶¶ 6–9 | |
| FBI employee names identified for protection in Exhibit 10, page 14CV4480TW001718 | Heiman Declaration ¶¶ 6–9 | |
| Communication from third party provider to FBI identified for protection in Exhibit 10, page 14CV4480TW001719 | Heiman Declaration ¶¶ 12–13 | |
| Mobile telephone number of third party identified for protection in Exhibit 10, page 14CV4480TW001719 | Heiman Declaration ¶¶ 10–11 | |
| FBI employee name identified for protection in Exhibit 10, page 14CV4480TW001811 | Heiman Declaration ¶¶ 6–9 | |

**AND IT IS SO ORDERED**.


Dated: _____          _____

                                        HON. YVONNE GONZALEZ ROGERS
                                        UNITED STATES DISTRICT JUDGE