# Exhibit B

Versions of Exhibits 6–10 that May Be
Publicly Disclosed, Reflecting Proposed
Redactions to Exhibits 9 and 10

# EXHIBIT 6
## to Rubin Declaration



**U.S. Department of Justice**

Federal Bureau of Investigation

Office of the General Counsel                    *Washington, D.C.  20535*

June 14, 2013

Ted Ullyot
General Counsel
Facebook
1601 Willow Road
Menlo Park, CA 94025

Re: Facebook's Pending Transparency Report

Dear Mr. Ullyot:

We appreciate your discussions with us about your proposal to disclose certain information about the volume of legal process Facebook receives.

As we discussed during our phone call on June 14, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, so long as Facebook agrees to aggregate data for all of the legal process it received for intervals of six months, beginning with the period ending December 31, 2012, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and broken down into two categories:  the number of requests and the number of user accounts for which data was requested.

This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter.  Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by Facebook that differ in any respect from the disclosures outlined in this letter.  Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter.  The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies.  For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our calculus about the implications of disclosures by Facebook.  In addition, our current determination is based on our prediction about the potential national security consequences of

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits Facebook to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter. If we revise our position, we will notify you. We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us. We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

14CV4480TW008483

# EXHIBIT 7
## to Rubin Declaration



**U.S. Department of Justice**

Federal Bureau of Investigation

---

Office of the General Counsel                    *Washington, D.C. 20535*

June 14, 2013

Mr. John Frank
Vice President/Deputy General Counsel
Office of the General Counsel
Microsoft Corporation
1 Microsoft Way
Redmond, WA 98052

      Re: Microsoft's Pending Transparency Report

Dear Mr. Frank:

      We appreciate your discussions with us about your proposal to disclose certain information about the volume of legal process Microsoft receives.

      As we discussed during our phone call on June 14, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, so long as Microsoft agrees to aggregate data for all of the legal process it received in intervals of six months, beginning with the period ending December 31, 2012, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and broken down into two categories:  the number of requests and the number of user accounts for which data was requested.

      This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter.   Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by Microsoft that differ in any respect from the disclosures outlined in this letter.  Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter.  The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies.  For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

14CV4480TW008843

calculus about the implications of disclosures by Microsoft. In addition, our current determination is based on our prediction about the potential national security consequences of the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits Microsoft to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter. If we revise our position, we will notify you. We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us. We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

# EXHIBIT 8
## to Rubin Declaration

June 15, 2013

Jane C. Horvath
Director of Global Privacy
1 Infinite Loop
Cupertino, CA  90514

      Re: Apple's  Transparency Report

Dear Ms. Horvath:

      We appreciate your discussion with us about your proposal to disclose certain information about the volume of legal process Apple receives.

      As we discussed during our phone call on June 15, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, in connection with the aggregate data described below, so long as Apple aggregates data for all of the legal process it received for intervals of six months, beginning with the period ending May 31, 2013, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and which you may break down into one or both of the following two categories:  the number of requests and the number of user accounts for which data was requested.

      This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter.  Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by Apple that differ in any respect from the disclosures outlined in this letter.  Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter.  The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies.  For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our calculus about the implications of disclosures by Apple.  In addition, our current determination is

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

<del>CONFIDENTIAL</del>

based on our prediction about the potential national security consequences of the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits Apple to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter. If we revise our position, we will notify you. We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us. We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,


Andrew Weissmann
General Counsel

CONFIDENTIAL

# EXHIBIT 9
## to Rubin Declaration

**Herring, Jason V.**

| | |
|---|---|
| **From:** | Herring, Jason V. |
| **Sent:** | Monday, June 17, 2013 6:35 PM |
| **To:** | maureen.delduca@teamaol.com |
| **Cc:** | |
| **Attachments:** | Transparency letter_Model PDF.pdf |

Maureen,

Nice speaking with you today...

Attached is a draft letter that lays out the terms consistent with what we discussed.  Please take a look and let me know if you have any questions or concerns.

Regards. Jason

Jason V. Herring
Deputy General Counsel
Office of the General Counsel
Federal Bureau of Investigation
(S)


Confidentiality Statement:

This message is transmitted to you by the Office of the General Counsel of the Federal Bureau of Investigation.  The message, along with any attachments, may be confidential and legally privileged.  If you are not the intended recipient of this message, please destroy it promptly without further retention or  dissemination (unless otherwise required by law).  Please notify the sender of the error by a separate e-mail or by calling (S)

14CV4480TW001814

June 17, 2013

ADDRESS
ADDRESS
ADDRESS
ADDRESS

      Re: X Company's Transparency Report

Dear :

      We appreciate your discussion with us about your proposal to disclose certain information about the volume of legal process X Company receives.

      As we discussed during our phone call on June 17, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, in connection with the aggregate data described below, so long as X Company aggregates data for all of the legal process it received for intervals of six months, beginning with the period ended December 31, 2012, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and which you may break down into one or both of the following two categories:  the number of requests and the number of user accounts for which data was requested.

      This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter.   Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by X Company that differ in any respect from the disclosures outlined in this letter.  Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter.  The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies.  For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our calculus about the implications of disclosures by X Company.  In addition, our current

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

**14CV4480TW001815**

determination is based on our prediction about the potential national security consequences of the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits X Company to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter.  If we revise our position, we will notify you.  We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us.  We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

CONFIDENTIAL

# EXHIBIT 10
## to Rubin Declaration

**Herring, Jason V.**

| | |
|---|---|
| **From:** | Herring, Jason V. |
| **Sent:** | Monday, September 16, 2013 4:57 PM |
| **To:** | ███████████ |
| **Cc:** | ███████████; Bondy, Thomas M. |
| **Subject:** | FW: Yahoo Transparency Report |

██,

███████████ (I), (K), (L) ██████ Jason

**From:** Herring, Jason V.
**Sent:** Tuesday, September 03, 2013 3:58 PM
**To:** 'Aaron Altschuler'; Weissmann, Andrew; ███████████
**Cc:** ████ ██ █
**Subject:** RE: Yahoo Transparency Report

Thanks, Aaron.

I see one issue….For the agreement we made allowing for disclosure of the aggregate number of US Government requests (in ranges of 1000), including both criminal and national security process….that one aggregate number includes NSLs. That is, NSLs cannot be reported separately, even in bands of 1000.

We are requiring the same of other companies who want to include national security process in their transparency reports.

I would be happy to discuss if you want to give me a call. Regards. Jason

```
Jason V. Herring
Deputy General Counsel
Office of the General Counsel
Federal Bureau of Investigation
     (S)
```

```
Confidentiality Statement:

This message is transmitted to you by the Office of the General Counsel of the
Federal Bureau of Investigation. The message, along with any attachments, may be
confidential and legally privileged. If you are not the intended recipient of this
message, please destroy it promptly without further retention or  dissemination
(unless otherwise required by law).  Please notify the sender of the error by a
separate e-mail or by calling      (S)
```

**From:** Aaron Altschuler [mailto:altschul@yahoo-inc.com]
**Sent:** Tuesday, September 03, 2013 3:30 PM
**To:** Weissmann, Andrew; ███████████ Herring, Jason V.
**Subject:** Yahoo Transparency Report

CONFIDENTIAL



Aaron Altschuler
VP & Associate General Counsel – Global Law Enforcement and Security
Yahoo! Inc.
Direct: 408.349.6493
Mobile:

CONFIDENTIAL



**U.S. Department of Justice**

Federal Bureau of Investigation

Office of the General Counsel                          *Washington, D.C.  20535*

June 17, 2013

Mr. Aaron Altschuler
Vice President/Associate General Counsel
Yahoo, Inc.
701 First Avenue
Sunnyvale, CA 94089

        Re: Yahoo Inc.'s Transparency Report

Dear Mr. Altschuler:

        We appreciate your discussion with us about your proposal to disclose certain information about the volume of legal process Yahoo, Inc. (Yahoo) receives.

        As we discussed during our phone call on June 17, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, in connection with the aggregate data described below, so long as Yahoo aggregates data for all of the legal process it received for intervals of six months, with the first period covering December 1, 2012, through May 31, 2013, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and which you may break down into one or both of the following two categories:  the number of requests and the number of user accounts for which data was requested.

        This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter.  Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by Yahoo that differ in any respect from the disclosures outlined in this letter.  Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter.  The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies.  For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

CONFIDENTIAL

calculus about the implications of disclosures by Yahoo.  In addition, our current determination is based on our prediction about the potential national security consequences of the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits Yahoo to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter.  If we revise our position, we will notify you.  We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us.  We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

CONFIDENTIAL

**Herring, Jason V.**

| | |
|---|---|
| **From:** | Herring, Jason V. |
| **Sent:** | Monday, June 17, 2013 5:02 PM |
| **To:** | altschul@yahoo-inc.com |
| **Cc:** | ▆▆▆▆▆ ▆ |
| **Subject:** | Transparency Agreement |
| **Attachments:** | Transparency letter_Model PDF.pdf |

Aaron,

Attached is a draft letter that lays out the terms consistent with what we discussed.  Please take a look and let me know if you have any questions or concerns.

I understand that time is of the essence.  If you'll send your proposed release to me, we'll return any comments to you asap.

Who will be the committing official on behalf of Yahoo?

I would be happy to move this along quickly.  Regards.  Jason

Jason V. Herring
Deputy General Counsel
Office of the General Counsel
Federal Bureau of Investigation
(S)

Confidentiality Statement:

This message is transmitted to you by the Office of the General Counsel of the Federal Bureau of Investigation.  The message, along with any attachments, may be confidential and legally privileged.  If you are not the intended recipient of this message, please destroy it promptly without further retention or dissemination (unless otherwise required by law).  Please notify the sender of the error by a separate e-mail or by calling (S)

CONFIDENTIAL

14CV4480TW001811

June 17, 2013

ADDRESS
ADDRESS
ADDRESS
ADDRESS

Re: X Company's  Transparency Report

Dear :

We appreciate your discussion with us about your proposal to disclose certain information about the volume of legal process X Company receives.

As we discussed during our phone call on June 17, 2013, we do not intend to seek enforcement[1] of the non-disclosure provisions associated with any legal process, including FISA orders, in connection with the aggregate data described below, so long as X Company aggregates data for all of the legal process it received for intervals of six months, beginning with the period ended December 31, 2012, from any and all government entities in the United States (including local, state, and federal, and including criminal and national security-related requests) into bands of 1000, starting at zero, and which you may break down into one or both of the following two categories:  the number of requests and the number of user accounts for which data was requested.

This position is an exercise of FBI discretion in light of current circumstances and the precise contours of this letter.   Accordingly, our decision does not reflect the FBI's position with respect to potential disclosures by X Company that differ in any respect from the disclosures outlined in this letter.  Nor is our decision a precedent for disclosures by any other company that is in receipt of such process, even if the disclosures were made in the manner that is proposed in this letter.  The national security implications of disclosures related to the receipt of such process may vary depending on the identity of the company that is making the disclosure and the overall number of disclosures by different companies.  For this reason, if other companies also seek to disclose information about the volume of such process that they receive, that may alter our calculus about the implications of disclosures by X Company.  In addition, our current

---

[1] The FBI does not have the authority to negate a court order, nor can we bind state or local authorities.

14CV4480TW001812

determination is based on our prediction about the potential national security consequences of the disclosures and as such we may in the future revise our position as circumstances change or as we evaluate the actual impact of your disclosures on national security.

This letter further commits X Company to coordinate with us before making any additional public disclosures about the volume of legal process you receive, beyond the contours outlined in this letter.  If we revise our position, we will notify you.  We would retain the right to bring an appropriate enforcement action with respect to any future disclosures you make after you receive a notification of our change in position.

Thank you again for coordinating your proposal with us.  We appreciate your efforts to reach an agreement that promotes transparency without jeopardizing our national security responsibilities to the public.

Sincerely,

Andrew Weissmann
General Counsel

CONFIDENTIAL